## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

### CASE NO.: 1:07-CV-21162-JAL

FIREMAN'S FUND INSURANCE
COMPANY, a foreign corporation a/s/o
BASIC RESOURCES INC., and GEORGE
REED, INC., a foreign corporation

        Plaintiff,

vs.

GERLING AMERICA INSURANCE
COMPANY, a foreign corporation

        Defendant.

_____/

## DEFENDANT, HDI-GERLING AMERICA INSURANCE COMPANY'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

### MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Defendant HDI-Gerling America Insurance Company moves for an order transferring this action to the United States District Court for the Northern District of California for the convenience of the parties and witnesses, and in the interest of justice.

This motion is based on the Motion to Transfer Venue, the Memorandum of Law, the Affidavit of John J. Thompson (attached hereto as Exhibit "A"), and the pleadings and other documents on file in this action.

Dated: August 23, 2007

HYMAN SPECTOR & MARS LLP

By: _____/s/ Andrew R. Spector_____
        ANDREW R. SPECTOR
        Attorneys for Defendant HDI-GERLING
        AMERICA INSURANCE COMPANY

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant HDI-Gerling America Insurance Company ("Gerling") moves the Court, pursuant to 28 U.S.C. § 1404(a), for an Order transferring venue to the United States District Court for the Northern District of California

### 1.    INTRODUCTION

This is a coverage action brought by plaintiff Fireman's Fund Insurance Company ("Fireman's Fund" or "Plaintiff"), a company headquartered in the Northern District of California, in which all critical witnesses and documents are located in California, and in which the underlying property loss also occurred in California. The facts demonstrate that Plaintiff has little cognizable interest in having this coverage action resolved in Florida and would, in fact, benefit from the convenience of transferring the case to the Northern District of California. These same facts on which this motion is based also demonstrate that the interests of justice would be served by a transfer to the Northern District of California.

Because the relevant factors are strongly in favor of transferring this action to the Northern District of California, the Court should exercise its discretion under 28 U.S.C. § 1404(a) to transfer the action to that forum.

### 2.    STATEMENT OF FACTS

Plaintiff Fireman's Fund is a Novato, California-based insurance company. Fireman's Fund's headquarters, including its corporate offices, are located in Northern California. Defendant Gerling is an insurance company that has offices in California and conducts business throughout California, including the Northern District. *See* Affidavit of John J. Thompson ("Thompson Affidavit"), ¶ 2.

On May 2, 2007, Fireman's Fund filed the present action for Declaratory Relief and Breach of Contract to determine coverage under Gerling's Commercial Lines Policy No. 4003527GLP (the "Policy") issued to Gencor Industries ("Gencor"). Service was not effected on Gerling until July 12, 2007. Thompson Affidavit, ¶ 5.

2

In the underlying case, Gencor had entered into a contract with two of Fireman
Fund's insureds, Basic Resources and George Reed, both California-based companies, to
sell parts of a Stationary Asphalt Batch Plant (the "Plant"). The Plant itself was also
located in California. After installation of the Plant in California by George Reed, the
Plant exploded following an on-site "dry run" test performed by an employee of Gencor.
Basic Resources and George Reed submitted their claim for damages to their insurer,
Fireman's Fund, which determined that coverage existed. Fireman's Fund, as subrogee,
then sued Gencor in Florida state court pursuant to a venue selection provision in the
contract between Gencor and Basic Resources/George Reed. This is the only Florida
connection in this case.[1] Gerling defended Gencor under a reservation of rights.
Following a jury trial, judgment was entered in favor of Fireman's Fund. Plaintiff then
made a claim to Gerling as a purported third-party beneficiary under the Gencor policy,
which Gerling declined. Thompson Affidavit, ¶ 5. All documents relating to the Gencor
insurance claim file and all witnesses with knowledge of facts relevant to that file are
located in California. *Id.*, ¶ 4.

3.    **ARGUMENT**

A.    **This Court Should Transfer this Action to the United States District
      Court for the Northern District of California Pursuant to 28 U.S.C. §
      1404(a)**

Pursuant to 28 U.S.C. § 1404(a), this Court has authority to transfer any civil
action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any
other district or division where it might have been brought." 28 U.S.C. § 1404(a). By
enacting this statute, Congress "intended to place discretion in the district court to
adjudicate motions for transfer according to an 'individualized, case-by-case
consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S.

---

[1] No doubt the Plaintiff will attempt to assert numerous false contacts or other Florida connections which are not
germane to the Court's inquiry; however, it is undisputed but that the critical witnesses and documents pertaining to the
evidence that will be presented in this action are located in California, and not Florida.

3

22, 29 (1988); *see also Brown v. Connecticut Gen. Life Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991). Transfer of venue is appropriate if venue is proper in the transferee district and transfer will serve the convenience of parties and witnesses and the interests of justice. These requirements are fully satisfied in the present case, and transfer of this action to the United States District Court for the Northern District of California is warranted.

(1)     **Venue is Proper in the Northern District of California**

The threshold consideration in evaluating transfer is whether this case might have been brought in the transferee district. *Garay v. BRK Electronics*, 755 F. Supp. 1010 (M.D. Fla. 1991). Fireman's Fund could have filed this case in the Northern District of California as venue is proper there pursuant to 28 U.S.C. § 1391(a). Under 28 U.S.C. § 1391(a), the general venue statute, venue is proper in a judicial district where the defendant resides. *See* 28 U.S.C. § 1391(a) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State . . . .").

Gerling resides in the Northern District of California for purposes of venue because it is subject to personal jurisdiction in that district. 28 U.S.C. § 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). Gerling conducts business throughout California, including the Northern District of California. Thompson Affidavit, ¶ 2. Venue is proper in the Northern District of California, and this action may be properly transferred there.

(2)     **Transfer of Venue to the Northern District of California Will Serve the Convenience of the Parties and Witnesses and the Interests of Justice**

The following factors should be considered in ruling on a transfer motion: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) location of relevant

4

documents; and (4) the interest of justice. *See Jewelmasters Inc. v. May Dep't Stores Co.*, 840 F. Supp. 893, 895 (S.D. Fla. 1993). Based on these criteria, this case should be transferred to the Northern District of California.

> (a)  **Fireman's Fund's Residence in the Transferee District Makes the Northern District of California the Most Convenient District for the Parties.**

The first of the venue selection factors – convenience of the parties – strongly supports transferring this case to the Northern District of California.

Fireman's Fund is a California corporation and is headquartered in Novato, California, in the heart of the Northern District of California. *See* Plaintiff's Complaint ¶ 1. For purposes of venue, a corporate plaintiff is deemed to reside at its principal place of business or, alternatively, its state of incorporation. *See, e.g., Waste Distillation Tech., Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 764 (D. Del. 1991). Accordingly, the Northern District is Fireman's Fund's home district.

In cases where the plaintiff has elected to file suit far from its home district, the Court should not presume that the chosen forum is particularly convenient to the plaintiff. "Plaintiffs' chosen venue will receive less deference because Plaintiffs have selected a forum which is not their home forum." *Thermal Techs. Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1375 (S.D. Fla. 2003). Moreover, when a defendant seeks transfer to the district that is the plaintiff's home forum, any claim by the plaintiff that this district is inconvenient should be disregarded. *See Morales v. Navieres de Puerto Rico*, 713 F. Supp., 711, 713 (S.D.N.Y. 1989).

Additionally, when evaluating a plaintiff's convenience, the convenience of the plaintiff's counsel is not entitled to any weight in the analysis. *Nolan Helmets S.p.A. v. Fulmer Helmets Inc.*, 1995 U.S. Dist. LEXIS 20159, *5 (S.D. Fla. 1995) ("Counsel's convenience is almost irrelevant to a decision to transfer.").

Applied to Fireman's Fund, which is headquartered in the proposed transfer district, all precedent on this issue strongly militates in favor of moving the case to California. For defendant Gerling, the Northern District of California would be at least as convenient as the Southern District of Florida. Gerling's principal place of business is neither California nor Florida, but it conducts business in both states.

> (b) **The Proximity of the Critical Witnesses to the Transferee District Make the Northern District of California the Most Convenient District for the Witnesses**

The second venue selection factor – convenience of the witnesses – also strongly supports transferring this case to the Northern District of California.

The convenience of witnesses is the "primary, if not the most important, factor in passing on a motion to transfer under § 1404(a)." *Moghaddam v. Dunkin' Donuts, Inc.*, 2002 U.S. Dist. LEXIS 14952, *8 (S.D. Fla. 2002) (citation omitted). All of the individuals with relevant knowledge regarding the issue of coverage under the Gerling policy are located in California. Thompson Affidavit, ¶ 4. These California witnesses have direct knowledge of the claims handling and coverage decision made by Gerling, which are the central issues in this action. *Id.* They are therefore the key Gerling party witnesses in this case, and their convenience is an especially important consideration. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 922 F. Supp. 1334, 1360 (N.D. Iowa 1996), *aff'd* 119 F.3d 688 (8th Cir. 1997) (noting that the significance of witnesses is as important a consideration as "sheer number of witnesses"); *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999) (holding that "nature and quality" of witnesses must be considered in addition to numbers when considering motion to transfer). Likewise, it is believed that Fireman's Fund's witnesses concerning the claims and coverage issues presented in this action are also located in the Northern District of California, making the transfer of venue even more appropriate.

6

(c)     **The Location of all Relevant Materials and Documents
        Make the Northern District of California the Most
        Convenient Forum**

The third venue determination factor - access to proof - also weighs heavily in favor of a transfer to the Northern District of California. Almost all of the relevant documents related to the issue of coverage and interpretation of the Gerling policy are located in California. Thompson Affidavit, ¶ 4. By contrast, there are likely few, if any, relevant Gerling documents located in Florida. *Id.* Given the cost and burden of transporting these documents to Florida, the third factor also favors transfer to the Northern District of California.

(d)     **Transferring this Case to the Northern District of
        California Would Serve the Interests of Justice**

The final venue determination factor- the interest of justice – also supports a transfer to the Northern District of California.

It is undisputed that a substantial portion of the occurrences underlying the coverage issue occurred in California:

- The Plant sold by Gencor was installed in California;
- The "dry run" test on the Plant was performed by the Gencor employee in California;
- The Plant was destroyed in California;
- All property damage occurred in California; and
- All coverage decisions were made in California.

Given these facts, California has a far greater interest than Florida in the resolution of the coverage issues for events that occurred within its borders. *See, e.g., Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 776 (1984) ("[It] is beyond dispute" that affected States have "a significant interest in redressing injuries that actually occur within the State.").

7

Furthermore, Plaintiff Fireman's Fund would not be in the least bit disadvantaged by a transfer of this case to the Northern District of California. The Declaratory Relief and Breach of Contract causes of action raise general issues of law, and no one federal district court is presumed to be any more or less familiar with the legal standards applicable to those claims. *See e.g. Cargill, Inc. v. Prudential Ins. Co. of Am.*, 920 F. Supp. 144, 148 (D. Colo. 1996).

## 4.    CONCLUSION

For the foregoing reasons, Defendant Gerling respectfully requests that the Court grant its motion to transfer venue of this action from the Southern District of Florida to the Northern District of California due to the convenience of the parties and witness, the location of relevant evidence and in the interest of justice pursuant to 28 U.S.C. § 1404(a).

**Dated: August 23, 2007**
**Miami, Florida**

Respectfully submitted,

By: /s/ Andrew R. Spector
ANDREW R. SPECTOR, ESQ.
Florida Bar No: 634093

HYMAN SPECTOR & MARS, LLP.
150 West Flagler Street
Suite 2701
Miami, Florida 33130
Telephone: (305) 371-4244
Facsimile: (305) 371-5930
*Attorneys for Defendant HDI-GERLING*
*AMERICA INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically this 23rd day of August, 2007. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system: Jon Dale

8

Derrevere, Esq., and Shirley Jean McEachern, Esq., Derrevere & Associates, (*Attorneys for Plaintiffs, Fireman's Fund Insurance Company a/s/o Basic Resources, Inc., and George Reed, Inc.*), 470 Columbia Drive, Building B, West Palm Beach, Florida 33409-1949. Parties may access this filing through the Court's system.

By: /s/ Andrew R. Spector
ANDREW R. SPECTOR, ESQ.

F:\WP51\FILES\MARC\Firemans Fund - Gerling\MT2TRANSFER VENUE.doc

9