UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21162-CIV-LENARD/TORRES

FIREMAN'S FUND INSURANCE
COMPANY, a foreign corporation a/s/o
BASIC RESOURCES INC., AND
GEORGE REED, INC., a foreign
corporation

    Plaintiff,

vs.

GERLING AMERICAN INSURANCE
COMPANY, a foreign insurance
corporation

    Defendant.
_____/

**BZ**

## ORDER GRANTING DEFENDANT'S MOTION
## FOR TRANSFER OF VENUE (D.E. 9)

**THIS CAUSE** is before the Court on Defendant's Motion to Transfer Venue ("Motion," D.E. 9), filed on August 23, 2007. On September 5, 2007 Plaintiff filed its Memorandum of Law in Opposition to Defendant's Motion. ("Response," D.E. 11.) Defendant filed its Reply to Plaintiff's Opposition on September 17, 2007. ("Reply," D.E. 18.) Having reviewed the Motion, the Response, the Reply and the record, the Court finds as follows:

**I.    Background**

On May 2, 2007, Plaintiff filed a two-count complaint against Defendant in this Court.

(D.E. 1.) Plaintiff is seeking declaratory relief and damages related to coverage under Defendant's Commercial Line Policy No. 4003527GLP issued to Gencor Industries (the "Gencor policy"). Plaintiff is incorporated in California and headquartered in the Northern District of California. Defendant is incorporated in New York and conducts business all over the country.

Gencor Industries, a Florida corporation, entered into a contract with two of Plaintiff's insureds, Basic Resources and George Reed (collectively, the "insureds"), both California corporations. Gencor Industries agreed to sell the insureds parts of a Stationary Asphalt Batch Plant (the "Plant"). George Reed assembled the Plant in California. Following a test-run of the Plant by a Gencor Industries employee, the Plant exploded. The insureds submitted their claim for damages to Plaintiff, and Plaintiff determined that coverage existed under its policy. Plaintiff, as subrogee of the insureds, then sued Gencor Industries in the 9th Judicial Circuit Court in and for Orange County, Florida, pursuant to a venue selection provision in the contract between Gencor Industries and the insureds. Defendant defended Gencor Industries under a reservation of its rights. Following a jury trial, judgment was entered in favor of Plaintiff (the "Final Judgment"). Plaintiff then sought to recover the Final Judgment as a purported third-party beneficiary under the Gencor policy.

## II. Defendant's Motion for Transfer of Venue

In its Motion, Defendant urges the Court to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Defendant argues first that venue is proper

2

in the Northern District of California. Next, Defendant argues that the Northern District of California is more convenient for the parties and the witnesses, and is the location of the relevant documents. More specifically, Defendant argues that Plaintiff is headquartered in Northern California and that all of its relevant witnesses on the issue of coverage under the Gencor policy are located in California. In support of its argument regarding the location of relevant witnesses, Defendant attaches to its Motion an affidavit from John Thompson, Defendant's Branch Claims Manager located in California. Defendant also argues that because the accident occurred in California, California has a greater interest than Florida in hosting the litigation

In its Opposition, Plaintiff disputes that any witnesses from California will be needed as only the language of the policy controls whether Defendant is liable. Further, Plaintiff argues that public policy militates in favor of letting a Florida court decide a "Florida" insurance policy.

In its Reply, Defendant argues that Plaintiff conceded that the Northern District of California is a proper venue for the litigation. Defendant also reiterates the convenience and public policy arguments made in its Motion.

### III. Standard of Review

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). The question of whether to transfer

3

venue is a two-pronged inquiry. First, the Court must determine (1) the alternative venue is one in which the action could have originally been brought by the plaintiff; and (2) transfer is justified in light of private and public factors. Mason v. Smithkline Beecham Clinical Laboratories, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).

A transfer under 28 U.S.C. § 1404(a) is discretionary, and will not be granted absent a clear cut and convincing showing by a moving defendant - who has the burden of showing that transfer is warranted - that the balance of convenience weighs strongly in favor of the transferee court. J.I. Kislak Mortgage Corp. v. Connecticut Bank and Trust Co., 604 F.Supp. 346, 347 (S.D. Fla. 1985) (citations omitted). This is because a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (citations omitted). Thus, absent a clear difference in convenience, the plaintiff's choice of forum is "determinative." J.I. Kislak, 604 F. Supp. at 347-48.

**IV. Analysis**

**A. Whether the action could have been brought in the Northern District of California**

Pursuant to 28 U.S.C. § 1391(a), venue is proper in diversity actions (1) in a judicial district where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events or omissions giving rise to the claim arose; or (3) where the defendants are subject to personal jurisdiction, if there is no district in which the action may

4

otherwise be brought. Miot v. Kechijian, 830 F.Supp. 1460, 1465-66 (S.D. Fla. 1993) (citing 28 U.S.C. § 1391(a)). For the purposes of venue, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. §1391(c).

Defendant Gerling argues that because it conducts business in the Northern District of California and thus is subject to personal jurisdiction there, the Northern District of California is a proper venue under 28 U.S.C. § 1391(a) and (c). Plaintiff does not contest this. Accordingly, we move on to the second-prong of the venue transfer analysis.

### B. Factors regarding more convenient forum

In determining whether transfer of venue is appropriate, the Court must weigh the following factors: the convenience of the parties; the convenience and availability of the witnesses, as well as the cost of obtaining their presence; the relative ease of access to documented sources of proof; and the public interest in transferring the action to the requested venue. Thermal Technologies, Inc., v. Dade Service Corporation, 282 F. Supp.2d 1373, 1376 (S.D. Fla. 2003).

#### 1. Convenience of the parties

Plaintiff is headquartered in the Northern District of California. Defendant Gerling is not headquartered in the Northern District of California and does business in both California and Florida. Defendant argues that the Northern District of California is more convenient as California is the location of the relevant witnesses and documents (see below).

5

Courts accord less weight to a Plaintiff's choice of forum when the chosen forum is not Plaintiff's home forum. See e.g., Pesin v. Goldman, Sachs & Co., 397 F. Supp. 392, 394 (S.D.N.Y. 1975) ("although a plaintiff's choice of forum is entitled to substantial weight, that weight may be diminished where, as here, suit is brought outside plaintiff's home forum"). Accordingly, the Court finds that the convenience of the parties militates in favor of transfer to the Northern District of California.

### 2. The convenience and availability of the witnesses

"The convenience of witnesses [...] is a primary, if not the most important, factor in passing on a motion to transfer under § 1404(a)." Moghaddam v. Dunkin' Donuts, Inc., 2002 U.S. Dist. LEXIS 14952, *8 (S.D. Fla. 2002) (internal citation and quotation omitted). Defendant submits an affidavit from John Thompson, Defendant's Branch Claims Manager located in California. Therein, Thompson states that he is familiar with Defendant's claims handling practices and guidelines, and that he was involved with all aspects of the investigation of the claims made by Gencor Industries in connection with the underlying Florida action. Defendant further argues that there are multiple witnesses in California that will be needed to testify regarding issues such as Defendant's interpretation of policy language and its coverage determinations. Plaintiff argues that no California witnesses will be required in the instant action because the only question before this Court is whether Defendant's policy provides coverage and a source of satisfaction for the Final Judgment entered in favor of Plaintiff. The Court disagrees with Plaintiff. Defendant's general

6

coverage policies and procedures as well as their specific coverage decisions regarding the Gencor policy will be important factual inquiries as this case proceeds. Therefore, the "primary" consideration in the venue transfer analysis leans in favor of transfer to the Northern District of California.

### 3. Ease of access of documented sources of proof

Defendant argues that all documents relevant to the issue of coverage and interpretation of the Gencor policy are located in California. Plaintiff argues that the only relevant document is the Gencor policy itself. Again, the court disagrees with Plaintiff and finds that the ease of access of documented sources of proof also leans in favor of transfer to the Northern District of California.

### 4. Public interest

In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947), the Supreme Court outlined some of the factors of public interest relevant to decisions regarding the venue of an action. Among those factors the Supreme Court listed two that are particularly relevant here:

> There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

Id. These are the arguments that Plaintiff and Defendant emphasize in their respective pleadings. Plaintiff argues that the Gencor policy is governed by Florida law, so this diversity action should be in a federal court in Florida. Defendant argues that the underlying

7

property damage and the relevant coverage decisions were all made in California, and thus California has a far greater interest than Florida in the resolution of the litigation. The Court cannot say that the Defendant's showing of public interest is any greater than Plaintiff's - accordingly, Defendant has not shown that the public interest favors transferring venue to the Northern District of California.

V. **Conclusion**

On the whole, a careful weighing of the factors impacting convenience and fairness to the Parties tips decidedly in favor of granting Defendant's Motion. Defendant has demonstrated substantial factors of convenience and ease of access to documentary proof to justify a transfer to the Northern District of California.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that Defendant Gerling's Motion to Transfer Venue (D.E. 9), filed August 23, 2007, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of December, 2007.

JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Edwin G. Torres
All Counsel of Record
**CASE NO. 07-21162-CIV-LENARD/TORRES**

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____
Deputy Clerk
Date 12/7/07

8