UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
CASE NO.: 1:07-CV-21162-JAL

FIREMAN'S FUND INSURANCE
COMPANY, a foreign corporation a/s/o
BASIC RESOURCES INC., and GEORGE
REED, INC., a foreign corporation

        Plaintiff,

vs.

GERLING AMERICA INSURANCE
COMPANY, a foreign corporation

        Defendant.

_____/

## DEFENDANT, GERLING AMERICA INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT

COMES NOW, DEFENDANT, HDI - GERLING AMERICA INSURANCE COMPANY, INC., sued as GERLING AMERICA INSURANCE COMPANY (hereinafter "GERLING") by and through its undersigned counsel and files this its Answer and Affirmative Defenses to Plaintiff's, FIREMAN'S FUND INSURANCE COMPANY ("FFIC") a/s/o BASIC RESOURCES, INC. ("BASIC RESOURCES") and GEORGE REED, INC. ("GEORGE REED"), Second Amended Complaint, and states as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1.  Gerling is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph one (1), and therefore denies those allegations.


EXHIBIT B

CASE NO.: 1:07-CV-21162-JAL
Answer and Affirmative Defenses

2.  Gerling is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph two (2), and therefore denies those allegations.

3.  Gerling is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph three (3), and therefore denies those allegations.

4.  Admitted.

5.  Admitted.

6.  Denied.

7.  Gerling is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seven (7) because the underlying contract alleged in paragraph seven (7) is not attached to the complaint, and therefore, denies those allegations.

8.  Gerling is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eight (8), and therefore denies those allegations.

9.  Gerling is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nine (9), and therefore denies those allegations.

10. Gerling is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph ten (10) with respect to the alleged entitlement of FFIC to subrogate.  Gerling expressly denies that FFIC has standing to bring the subject action seeking declaratory relief with respect to

CASE NO.: 1:07-CV-21162-JAL
Answer and Affirmative Defenses

interpretation of the policy, or recovery thereunder, as it is not a third party beneficiary of the subject policy in any regard.

11. Admitted.

12. Gerling admits that it defended its insured, Gencor; however, it did so pursuant to a reservation of rights and therefore must otherwise deny the allegations of paragraph twelve (12) to the extent the allegations do not reflect a defense under a reservation of rights.  Gerling denies the remainder of the allegations of paragraph twelve (12) insofar as the verdict returned in the State Court Action reflected that the jury determined that Plaintiff's subrogors were 40% negligent with regard to the alleged damages.

13. Denied insofar as the Amended Final Judgment was entered in favor of FFIC, but was not an *in personam* judgment against Gencor and could not be executed against Gencor.

14. Gerling denies that its policy of insurance provides coverage for FFIC's claims for damages as set forth in the Amended Final Judgment, including attorneys fees and costs.  More specifically, Gerling has denied coverage with respect to any claims and specifically states that FFIC has no standing or entitlement to pursue recovery for any claims for coverage under the Gerling policy.

15. Denied.

16. Denied.

17. Gerling is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seventeen (17) and therefore it denies those allegations.

CASE NO.: 1:07-CV-21162-JAL
Answer and Affirmative Defenses

## COUNT I – DECLARATORY RELIEF

18. Gerling repeats and realleges its responses as set forth set forth in paragraphs one (1) through seventeen (17) above.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT II – BREACH OF CONTRACT

23. Gerling realleges each and every response as set forth in paragraphs one (1) through seventeen (17) above.

24. Denied. More specifically, Gerling is under no obligation to Plaintiff in this action.

25. Denied.

26. Denied.

27. Denied.

## AFFIRMATIVE DEFENSES

### *FIRST AFFIRMATIVE DEFENSE*

1. Plaintiff lacks standing to assert a claim for coverage under the subject policy.

### *SECOND AFFIRMATIVE DEFENSE*

2. Plaintiff's Second Amended Complaint in whole or in part fails as a matter of law to state a cause of action upon which relief can be granted.

### *THIRD AFFIRMATIVE DEFENSE*

4

CASE NO.: 1:07-CV-21162-JAL
Answer and Affirmative Defenses

3. There is no coverage under the subject policy of insurance for the loss and damages claimed.

### FOURTH AFFIRMATIVE DEFENSE

4. There is no coverage for the alleged losses claimed in the underlying action as set forth in paragraph eleven (11) of the Second Amended Complaint by reason of the various terms and conditions, defenses, and exclusions contained in the policy.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff fails to meet one or more of the conditions precedent to coverage with respect to the claims alleged in the Second Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

6. Separate and apart from issues concerning the scope of coverage and applicable exclusions as more specifically addressed herein, the Amended Final Judgment set forth as Exhibit "2" to the Second Amended Complaint does not give rights to coverage, as a judgment for damages has not been entered against Gencor

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred pursuant to the doctrines of waiver and estoppel as Plaintiff has previously agreed that it would not obtain an in personam judgment against Gencor.

### EIGHT AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred in whole or in part pursuant to the doctrine of collateral estoppel and res judicata.  FFIC's rights to pursue a direct right of recovery and/or to collaterally attack issues asserted under Section 627.4136

5

CASE NO.: 1:07-CV-21162-JAL
Answer and Affirmative Defenses

have been adjudicated against Fireman's Fund and bar further litigation in this regard.

### NINTH AFFIRMATIVE DEFENSE

9.  Plaintiff's claims are barred because Gerling, under the subject insurance policy, is only obligated to pay sums for which the insured became legally obligated to pay because of "bodily injury or property damage" to which the insurance would apply. Since no in personam judgment was entered against Gencor, Gencor was never legally obligated to pay the sums in the Amended Final Judgment.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred pursuant to the contractual liability exclusion of the subject policy in that the underlying verdict obtained by FFIC as against Gencor with respect to the litigation alleged in paragraph eleven (11) is predicated upon a contractual liability allegedly deriving out of Gencor's written contract with Reed and Basic Resources.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred pursuant to the "Damage to Your Product" exclusion contained within the subject policy since the damages allegedly came from within the plant itself.

### TWELVE AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred pursuant to the "Engineers, Architects or Surveyors Professional Liability" exclusion contained in the subject policy since Gencor was allegedly obligated under the contract to provide adequate field engineering service and the damages claimed allegedly arose

6

CASE NO.: 1:07-CV-21162-JAL
Answer and Affirmative Defenses

out of these services rendered by Gencor personnel, thereby excluding coverage.

### *THIRTEENTH AFFIRMATIVE DEFENSE*

13. Plaintiff's claims are barred by the "Damage to Your Work" exclusion contained in the subject policy, since the installation of the product was completed and damages were from the product itself or from the work performed on the product.

### *FOURTEENTH AFFIRMATIVE DEFENSE*

14. In the alternative and without prejudice to defenses stated above, to the extent it would be concluded that the work was not complete at the time of the subject explosion, the exclusion for "Damage to Property" would apply, and Plaintiff's claims would therefore be barred.

### *FIFTEENTH AFFIRMATIVE DEFENSE*

15. Pursuant to the doctrine of forum non conveniens, the appropriate venue for the adjudication of the claims of the subject matter of this litigation is the Northern District of California as more specifically described in Gerling's Motion to Transfer Venue.

### *SIXTEENTH AFFIRMATIVE DEFENSE*

16. Plaintiff's claims are barred since the aggregate limits provided by the policy have been exhausted; therefore there is no available coverage left under the policy for the damages claimed.

### *SEVENTEENTH AFFIRMATIVE DEFENSE*

17. Plaintiff's claims are barred since the subject policy does not provide coverage for a breach of contract by the insured.

7

CASE NO.: 1:07-CV-21162-JAL
Answer and Affirmative Defenses

### *EIGHTEENTH AFFIRMATIVE DEFENSE*

18. As a further affirmative defense, Gerling notifies Plaintiffs of its intent to rely on the law of a jurisdiction other than Florida in the resolution of one or more of the issues in this case. Namely, Gerling asserts that California law is applicable to interpretation of the subject policy.

**WHEREFORE,** GERLING AMERICA INSURANCE COMPANY, respectfully requests that this Court dismiss this action and award GERLING its costs and attorneys fees incurred herein in defense of this action.

Dated: September 11, 2007
Miami, Florida

Respectfully submitted,

By: /s/ Andrew R. Spector
ANDREW R. SPECTOR, ESQ.
Florida Bar No: 634093

**HYMAN SPECTOR & MARS, LLP.**
150 West Flagler Street
Suite 2701
Miami, Florida 33130
Telephone: (305) 371-4244
Facsimile: (305) 371-5930
*Attorneys for Defendant HDI-GERLING
AMERICA INSURANCE COMPANY*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically this 14th day of September, 2007. Notice of this filing will be sent to the

8

CASE NO.: 1:07-CV-21162-JAL
Answer and Affirmative Defenses

following parties by operation of the Court's electronic filing system: Jon Dale Derrevere, Esq., and Shirley Jean McEachern, Esq., Derrevere & Associates, (*Attorneys for Plaintiffs, Fireman's Fund Insurance Company a/s/o Basic Resources, Inc., and George Reed, Inc.*), 470 Columbia Drive, Building B, West Palm Beach, Florida 33409-1949. Parties may access this filing through the Court's system.

By:  /s/ Andrew R. Spector
ANDREW R. SPECTOR, ESQ.

F:\WP51\FILES\ARS\Firemans Fund - Gerling\Ans and Affir Defenses 9.10.07.doc

9