Thomas R. Beer (148175), tbeer@barwol.com
Tino X. Do (221346), tdo@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
HDI-GERLING AMERICA INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO.: 3:07-cv-06302-CRB<br><br>**DEFENDANT HDI-GERLING AMERICA INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Date: April 11, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8 |

Defendant HDI-Gerling American Insurance Company ("Gerling") submits this Opposition to the request of Plaintiff Fireman Fund Insurance Company's ("FFIC") for leave to file a Third Amended Complaint to include an award of attorneys' fees and costs. This Opposition is based on the Memorandum of Points and Authorities filed herewith, the pleadings and records in this case, and such other matters as the Court may deem appropriate.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

j:\office2\29218\011\08pleadings\opp to mtn for leave.doc

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION AND RELIEF REQUESTED

This Opposition is made necessary by FFIC's request for leave to file its Third Amended Complaint to add an award of attorneys' fees and costs to the amount that FFIC claims it is entitled to recover under the Gerling Policy. It is undisputed that FFIC's current damage claim already exceeds the limit of liability of the Gerling Policy. FFIC's argument that the attorneys' fees and costs it obtained under Florida Statute § 768.79 should be covered by the "Supplementary Payments" section of the Gerling Policy fails because § 768.79 itself does not permit it. FFIC cannot recover its attorneys' fees and costs under the Gerling Policy and its request for leave to file its Third Amended Complaint should be denied as the amendment would be futile.

### 2. STATEMENT OF FACTS

On May 2, 2007, FFIC filed the present action for Declaratory Relief and Breach of Contract to determine coverage under Gerling's Commercial Lines Policy No. 4003527GLP (the "Gerling Policy") issued to Gencor Industries ("Gencor"). Specifically, this action concerns FFIC's right of recovery under the Gerling Policy to satisfy a *non in personam*[1] judgment against Gencor. FFIC filed its First Amended Complaint on June 15, 2007 to reflect the Amended Final Judgment. FFIC then filed its Second Amended Complaint on July 26, 2007 to delete a request for attorney's fees and costs pursuant to Florida Statute § 627.408.

In the matter that underlies this coverage action, Gencor had entered into a contract with two of FFIC's insureds, Basic Resources and George Reed, both California-based companies, to sell parts of a Stationary Asphalt Batch Plant (the "Plant"). The Plant itself was also located in California. After installation of the Plant in California by George Reed, the Plant exploded following an on-site "dry run" test performed by an employee of Gencor. Basic Resources and

---

[1] The Amended Final Judgment is a *non in personam* judgment and not enforceable against Gerling's insured, Gencor. Because the judgment is *non in personam*, there is no cost judgment for which Gencor was or could become legally obligated to pay. As such, there is no trigger for coverage under the Gerling Policy issued to Gencor. Accordingly, FFIC's amendment is improper on the face of the Complaint given the clear and unambiguous nature of the *non in personam* judgment. *See Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1359-60 (M.D. Fla. 2001)(finding insurer's duty to pay litigation costs was co-extensive with its duty to indemnify, and thus insurer had no duty to pay costs until insured demonstrated that insurer had duty to indemnify

George Reed submitted their claim for damages to their insurer, FFIC, which determined that coverage existed. FFIC, as subrogee, then sued Gencor in Florida state court for breach of contract and negligence. Gerling defended Gencor under a reservation of rights.

Following a trial, the jury found that Gencor was liable for damages for breach of contract in the amount of $1,193,825 and negligence in the amount of $716,194. Later, an Amended Final Judgment was entered against Gencor in the amount of $1,751,913.10, to include prejudgment interest, based solely on the breach of contract claim. FFIC then made a claim for this amount to Gerling as a purported third-party beneficiary under the Gerling Policy, which Gerling declined. The Gerling Policy has a limit of $1,000,000.

Prior to trial, FFIC filed a demand for judgment pursuant to Florida Statute § 768.79 for $900,000.00, which was rejected. Because the final judgment that FFIC obtained for its breach of contract claim, including prejudgment interest, was 25 percent greater than its statutory offer, FFIC was found to be entitled to recover costs and attorneys' fees incurred from the date of the filing of the demand under § 768.79. However, because the judgment that FFIC obtained for its negligence claim, including prejudgment interest, was less than 25 percent more than its statutory offer, FFIC could not obtain costs and attorney's fees under § 768.79 under its negligence claim.

### 3.  ARGUMENT

#### A.  FFIC's Amendment Would Be Futile Because the Attorneys' Fees Obtained under Florida Statute § 768.79 Are Not Recoverable under the Gerling Policy

The United States Supreme Court has held that courts should deny leave to amend in circumstances involving "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [or] futility of the amendment . . . ." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Any of these reasons independently warrants denying a motion to amend. Denying leave to amend is appropriate in this case because FFIC's claim for attorneys' fees and costs under the Gerling Policy would be subject to dismissal, rendering amendment futile. *See Moore v. Kayport*

_____

insured for sums insured became "legally obligated to pay").

*Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *see also Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

### (1) FFIC's Claim for Damages Already Exceeds the Policy Limit

Courts apply the "futility" test based on the notion that they should avoid "useless acts." *Van Daam v. Chrysler First Financial Services Corp. of Rhode Island*, 124 F.R.D. 32, 33 (D.R.I. 1989). Allowing FFIC's requested amendment to proceed would require the court to engage in exactly the sort of useless act that the "futility" exception attempts to avoid. In this case, FFIC's amendment seeking recovery for attorneys' fees and costs over and above the Gerling Policy's limit should fail based on the four corners of the Plaintiff's Complaint.

FFIC alleges that the Gerling Policy "provides coverage for the FFIC claim for damages . . . including FFIC's attorney's fees and costs." Plaintiff's Proposed Third Amended Complaint ("TAC"), ¶ 15. FFIC's claim for damages is the $1,751,913.10 it obtained in the Amended Final Judgment for its breach of contract claim against Gencor. *Id.*, ¶ 13. FFIC also acknowledges that the Gerling Policy has a $1 million limit. *Id.*, ¶ 28. FFIC seeks attorneys' fees and costs under the Gerling Policy's "Supplementary Payments" section. *Id.*

### (2) FFIC's Attorneys' Fees Are Not Recoverable under the Policy's Supplementary Payments Section

The Gerling Policy's "Supplementary Payments" section states that "[Gerling] will pay, with respect to any claim we investigate or settle, or any 'suit' against an insured we defend: . . . [a]ll expenses we incur [and] . . . [a]ll costs taxed against the insured in the 'suit.'" Exhibit 1 to TAC. This section further states that "[t]hese payments will not reduce the limits of insurance." *Id.*

FFIC appears to be claiming that the "all expenses" and "all costs" language in the "Supplementary Payments" section of the Policy should include attorneys' fees. However, this contention fails because Florida Statute § 768.79, the statute under which FFIC obtained the attorneys' fees and costs at issue, does not specify attorneys' fees as taxable costs.

The Florida Supreme Court has held that attorneys' fees recoverable by statute are regarded as "costs" only when specified as such by the statute which authorizes their recovery. *Spiegel, M.D.*

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

*v. Williams*, 545 So.2d 1360, 1362 (Fla. 1989) (holding that the costs of defending a suit within the meaning of a health care provider's liability policy could not be construed to cover statutory award of attorney's fees). In its holding, the *Spiegel* court noted that "[i]ndeed, there are some statutes which provide for an award of attorneys fees to be taxed as costs." *Id.*; *see e.g., Florida Statute § 713.29* ("the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, *which fee must be taxed as part of the prevailing party's costs . . . .* ") (Emphasis added). No such language exists in Florida Statute § 768.79.

Additionally, the holding in *Spiegel* has been affirmed in cases which involved supplementary payment provisions that obligated an insurance company to pay for "all expenses" and "all costs." *See Florida Patient's Compensation Fund v. Moxley*, 557 So.2d 863, 864 (Fla. 1990 (ruling that attorneys' fees were not included within the supplementary payments provision); *Smith v. Sitomer*, 550 So.2d 461, 462 (Fla. 1989) (holding that plaintiff was not entitled to attorneys' fees because the underlying statute did not specify that attorneys' fees could be taxed as costs).[2]

The attorneys' fees at issue in this case cannot be regarded as "costs" because they are not so specified by the statute that authorized their recovery. Therefore, the "all expenses" and "all costs" language in the Policy's Supplementary Payment provision does not provide coverage for FFIC's attorneys' fees. Accordingly, FFIC's proposed Third Amended Complaint is fatally flawed and would be futile as stated.

---

[2] As shown by these cases, the interpretation of the contractual terms, "all expenses" and "all costs," is not a factor in the determination of whether attorneys' fees are recoverable under supplementary payment provisions.

### 4. CONCLUSION

For the foregoing reasons, Gerling respectfully request that the Court deny FFIC's motion for leave to file a Third Amended Complaint.

Dated: March 18, 2008                    BARGER & WOLEN LLP


By: ___/s/ Tino X.Do_____
THOMAS R. BEER
TINO X. DO
Attorneys for Defendant HDI-GERLING
AMERICA INSURANCE COMPANY