1  Thomas R. Beer (148175), tbeer@barwol.com
   Tino X. Do (221346), tdo@barwol.com
2  BARGER & WOLEN LLP
   650 California Street, 9th Floor
3  San Francisco, California 94108-2713
   Telephone: (415) 434-2800
4  Facsimile: (415) 434-2533

5  Attorneys for Defendant
   HDI-GERLING AMERICA INSURANCE COMPANY
6

7           UNITED STATES DISTRICT COURT

8           NORTHERN DISTRICT OF CALIFORNIA

9

10 FIREMAN'S FUND INSURANCE          )   CASE NO.: 3:07-cv-06302-CRB
   COMPANY, a foreign corporation a/s/o )
11 BASIC RESOURCES, INC. and GEORGE  )   **COMPENDIUM OF FLORIDA CASES**
   REED, INC., a foreign corporation, )   **AND STATUTES CITED IN DEFENDANT**
12                                    )   **HDI-GERLING AMERICA INSURANCE**
             Plaintiff,               )   **COMPANY'S OPPOSITION TO**
13                                    )   **PLAINTIFF'S RENEWED MOTION FOR**
        vs.                           )   **LEAVE TO FILE THIRD AMENDED**
14                                    )   **COMPLAINT**
   GERLING AMERICA INSURANCE          )
15 COMPANY, a foreign corporation,    )   Date:      April 11, 2008
                                      )   Time:      10:00 a.m.
16           Defendant.               )   Courtroom: 8
                                      )
17 ─────────────────────────────────

18

19

20

21

22

23

24

25

26

27

28

j:\office2\29218\011\08pleadings\opp to mtn for leave - compendium of fla cases and statutes.doc

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

| | Exhibit |
|---|---|
| **FLORIDA CASES** | |
| *Spiegel, M.D. v. Williams,* 545 So.2d 1360 (Fla. 1989) | A |
| *Florida Patient's Compensation Fund v. Moxley,* 557 So.2d 863 (Fla. 1990) | B |
| *Smith v. Sitomer,* 550 So.2d 461 (Fla. 1989) | C |
| **FLORIDA STATUTES** | |
| Florida Statute § 768.79 | D |
| Florida Statute § 713.29 | E |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

# EXHIBIT A

Westlaw.

545 So.2d 1360
545 So.2d 1360, 14 Fla. L. Weekly 330
**(Cite as: 545 So.2d 1360)**

Page 1

Spiegel v. Williams
Fla.,1989.

Supreme Court of Florida.
Firth S. SPIEGEL, M.D., Petitioner,
v.
Bud Pratt WILLIAMS, Respondent.
**No. 71338.**

July 6, 1989.

Patient brought medical malpractice action against physicians and their professional association and against Patient's Compensation Fund. The Circuit Court, Dade County, Jack M. Turner, J., entered summary judgment for the fund and limited liability of physicians and their association. Patient appealed. The District Court of Appeal, 512 So.2d 1080, reversed and remanded. Application for review was brought. The Supreme Court, Grimes, J., held that "costs of defending a suit," within meaning of health care provider's liability policy, could not be construed to cover statutory award of plaintiff's attorney fees.

Opinion of District Court of Appeal quashed.

Ehrlich, C.J., dissented with an opinion in which Barkett, J., concurred.

West Headnotes

**Insurance 217 ⇌2270(1)**

217 Insurance
    217XVII Coverage--Liability Insurance
        217XVII(A) In General
            217k2267 Insurer's Duty to Indemnify in General
            217k2270 Defense Costs, Supplementary Payments and Related Expenses
                217k2270(1) k. In General. Most Cited Cases
    (Formerly 217k514.13(2), 217k514.14)

"Costs of defending a suit," within meaning of health care provider's liability policy, could not be construed to cover statutory award of plaintiff's attorney fees. F.S.1981, § 768.56.

*1361 Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for petitioner.
Larry S. Stewart of Stewart, Tilghman, Fox & Bianchi, P.A., and James C. Blecke, Miami, for respondent.
Richard A. Sherman of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, amicus curiae for Florida Medical Malpractice Joint Underwriters Ass'n.
Joe N. Unger of the Law Offices of Joe N. Unger, P.A., Miami, amicus curiae for Florida Patient's Compensation Fund.
GRIMES, Justice.
We have for review *Williams v. Spiegel,* 512 So.2d 1080 (Fla. 3d DCA 1987), which conflicts with *State ex rel. Royal Insurance Co. v. Barrs,* 87 Fla. 168, 99 So. 668 (1924), and *Prudential Insurance Co. of America v. Lamm,* 218 So.2d 219 (Fla. 3d DCA), *cert. denied,* 225 So.2d 529 (1969). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.

Respondent Williams was the prevailing party in a medical malpractice action. His posttrial judgment entered pursuant to section 768.54(2)(b), Florida Statutes (1981), limited the liability of the defendant doctors, Spiegel and Ebken, and their professional association, Spiegel and Ebken, P.A., to $300,000 ($100,000 each) which was paid to Williams by defendants' insurer, St. Paul Fire and Marine Insurance Company. Williams appealed the judgment to the district court of appeal, contending that St. Paul should also be liable for the payment of attorneys' fees in the amount of $206,000 awarded to him pursuant to section 768.56, Florida Statutes (1981). The district court of appeal concluded that the plaintiff's attorneys' fees constituted costs covered by St. Paul's policy and reversed the trial court on this point.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

545 So.2d 1360                                                          Page 2
545 So.2d 1360, 14 Fla. L. Weekly 330
(Cite as: 545 So.2d 1360)

In *Florida Patient's Compensation Fund v. Bouchoc,* 514 So.2d 52 (Fla.1987), this Court decided the question of whether attorneys' fees awarded to the plaintiff under section 768.56, Florida Statutes (1981), should be paid by the Fund or by the health care providers. We held that the Fund was obligated to pay unless the plaintiff's attorneys' fees were payable under the provisions of the health care provider's liability insurance coverage. The instant case involves the determination of whether the health care provider's liability policy covered the payment of the plaintiff's attorneys' fees.

The argument is made that the attorneys' fees are payable under the following language of St. Paul's insurance policy:
We'll pay all costs of defending a suit, including interest on that part of any judgment that doesn't exceed the limit of your coverage.

We do not see how the statutory award of *plaintiff's* attorneys' fees can be construed to be a *cost* of *defending* a suit.

While a policy could no doubt be written specifically to cover court-awarded attorneys' fees, liability insurers are normally only responsible for the payment of the plaintiff's attorneys' fees where bad faith is involved or the insured prevails in a direct action against the company. 8A J. Appleman, *Insurance Law and Practice* § 4894.65 (1981); § 627.428, Fla.Stat. (1987). On the other hand, liability insurers have usually been responsible for the payment of taxable costs over and above the policy limits. 8A J. Appleman, *Insurance Law and Practice* § 4894 (1981); 15A M. Rhodes, *Couch Cyclopedia of Insurance Law* §§ 56:10, 56:16 (rev. ed. 1983). Therefore, the result reached by the district court of appeal would be justified if the award of the plaintiff's attorneys' fees could be considered as a species of taxable *1362 costs. Yet, ever since this Court's decision in *State ex rel. Royal Insurance Co. v. Barrs,* 87 Fla. 168, 99 So. 668 (1924), attorneys' fees recoverable by statute are regarded as "costs" only when specified as such by the statute which authorizes their recovery. *Accord*

*Prudential Ins. Co. of America v. Lamm,* 218 So.2d 219 (Fla. 3d DCA), *cert. denied,* 225 So.2d 529 (1969). Indeed, there are some statutes which provide for an award of attorneys' fees to be taxed as costs. *E.g.,* § 713.29, Fla.Stat. (1987). However, section 768.56, Florida Statutes (1981), did not specify that attorneys' fees could be taxed as costs.

The dissent adopts a position that was not relied upon by the district court of appeal. We cannot accept the reasoning that because St. Paul agreed to pay the costs of defense, including interest on any judgment, and that because interest is not a cost of defense, this somehow means that St. Paul agreed to pay the *plaintiff's* attorneys' fees which is also not a cost of defense. It is beyond dispute that if a policy is reasonably susceptible to more than one meaning, it should be construed against the insurance company. However, contracts of insurance should also be construed to give effect to the intent of the parties, and the principle of strict construction should not be extended to add a meaning to language that is clear. *Rigel v. National Casualty Co.,* 76 So.2d 285 (Fla.1954). The language of this policy is clear. The dissent seems to concede that the plaintiff's attorneys' fees do not fall within the words "costs of defending a suit," standing alone. The fact that the policy mischaracterizes interest as a cost of defense does not make any less clear the obligations of the insurance company. The policy requires it to pay the costs of defending a suit as well as specified portions of interest on any judgment-nothing more, nothing less. It does not cover the payment of the *plaintiff's* attorneys' fees.

We quash the opinion of the district court of appeal.

It is so ordered.

OVERTON, McDONALD, SHAW and KOGAN, JJ., concur.
EHRLICH, C.J., dissents with an opinion, in which BARKETT, J., concurs.
EHRLICH, Chief Justice, dissenting.
The policy phrase "all costs of defending a suit" surely can not be limited to a successful defense.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

545 So.2d 1360                                                                                                  Page 3
545 So.2d 1360, 14 Fla. L. Weekly 330
**(Cite as: 545 So.2d 1360)**

From the perspective of the policyholder, he is seeking to be insulated from the costs attendant to both a successful and an unsuccessful defense. He expects the insurer to pay such costs, even if the defense undertaken by the insurer is unsuccessful. That this is the intent of the insurer also seems to be borne out by the policy language itself and by the fact that St. Paul failed to expressly limit its liability in this area.

The policy contains the following recitation of "additional benefits" which "are in addition to the limits of ... coverage" under the policy:
We'll defend any suit brought against you for damages covered under this agreement. We'll do this even if the suit is groundless or fraudulent. We have the right to investigate, negotiate and settle any suit or claim if we think that's appropriate.
We'll pay *all costs of defending a suit, including interest on that part of any judgment that doesn't exceed the limit of your coverage.* But we won't defend a suit or pay any claim after the applicable limit of your coverage has been used up paying judgments or settlements.
We'll also pay premiums for appeal bonds or to release property that's being used to secure a legal obligation. We'll pay premiums for bonds valued up to the limit of your coverage. And we'll pay all reasonable costs you incur at our request while helping us investigate or defend a claim or suit against you. This includes earnings you lose after we ask you to help us-up to $200 a day.

(Emphasis added.) The policy language at issue lends itself to a far broader construction than that urged by St. Paul. As I construe the phrase, "all costs of defending *1363 a suit" includes both traditional defense costs and all costs incurred in unsuccessfully defending a suit.

Under the policy, St. Paul agreed to pay "all costs of defending a suit, including interest on that part of the judgment which doesn't exceed the limit of your coverage." By using the words "including interest" after the phrase "we'll pay all costs of defending a suit," the policy equates judgment interest with "all costs of defending a suit." While judgment interest is an obligation of an unsuccessful defendant, it is not considered one of those traditional costs which is incurred in the defense of a suit. Judgment interest, like an award of attorneys' fees under section 768.56, is a cost or an obligation, which only arises if the defense of the suit is unsuccessful. St. Paul puts this cost of an unsuccessful defense in the same pigeon hole or category as "costs of defending a suit" for which it will be responsible. If the provision at issue had contained the word "and" or "plus" instead of "including," I could agree that under the policy judgment interest is considered something other than a cost of defending a suit.

The majority becomes an apologist for St. Paul's choice of language when it patronizingly says that "the policy mischaracterizes interest as a cost of defense." Maj. op. at 1362. We must assume that St. Paul knew what it was doing when it placed judgment interest within the umbrella of "all costs of defending a suit." By so doing St. Paul gave the phrase in question an expansive meaning. It should not be heard to say now that its liability is limited to "defense costs" normally incurred during a successful defense, plus a portion of judgment interest in the case of an unsuccessful defense. Such a construction may be well and good from the standpoint of the insurance company that drafted the policy, but it is unfair to the policyholder.

The policy expressly reserves to St. Paul the right to settle any suit if it thinks that is appropriate. If the suit is not settled and is tried unsuccessfully, there is imposed on the defendant, pursuant to section 768.56, an attorneys' fee for plaintiff's attorney. St. Paul is charged with knowledge of Florida law at the time the policy in question was issued. St. Paul cannot say that it was unaware of the fact that a successful plaintiff in a medical malpractice suit is entitled to recover from the defendant, in addition to taxable costs and the judgment plus interest, a reasonable attorneys' fee. St. Paul, as the scrivener of the policy, could have easily excluded

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

545 So.2d 1360  
545 So.2d 1360, 14 Fla. L. Weekly 330  
**(Cite as: 545 So.2d 1360)**

Page 4

plaintiff's attorneys' fees from its obligation under the policy. How easy and clear it would have been for St. Paul to have expressly stated that "in addition to our limit of liability, we will pay all defense costs we incur" or "defense costs are limited to fees charged by an attorney we designate." However, nowhere in the policy does St. Paul seek to define the provision at issue.

St. Paul has amply demonstrated that it is well versed in limiting its liability. It expressly limits its duty to defend a suit or pay any claim so long as its coverage has not been exhausted. It limits its liability for judgment interest to that portion of the judgment which doesn't exceed the limits of coverage. However, the phrase "we'll pay all costs of defending a suit" is not limited to those costs incident to a successful defense. Obviously where the prevailing plaintiff in a medical malpractice suit is entitled to a reasonable attorneys' fee, the costs of defending the suit unsuccessfully are increased. If the insurer wishes to limit its obligation for the payment of plaintiff's attorney, should it not be required to say so unambiguously? Can it come in now and say that if it is unsuccessful, it is not obligated to pay the statutory attorneys' fee? The policyholder who had no control over the language used in the policy and who had no control over whether the suit was settled or tried should not be left to swing in the wind for the payment of the statutory attorneys' fee, when the policy is susceptible to being construed to cover those costs.

As the majority concedes, "if a policy is reasonably susceptible to more than one meaning, it should be construed against the insurance company." Maj. op. at 1362. At the very least, the policy is susceptible to the construction that is quite obvious to *1364 me. The insured is entitled to the benefit of that construction. Although my reasoning may differ from that of the district court of appeal, I agree with the result reached by it. It is entirely consistent with elemental fairness and justice and should be approved.

Fla.,1989.  
Spiegel v. Williams  
545 So.2d 1360, 14 Fla. L. Weekly 330

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B



557 So.2d 863    Page 1
557 So.2d 863, 15 Fla. L. Weekly S97
**(Cite as: 557 So.2d 863)**

H
Florida Patient's Compensation Fund v. Moxley
Fla.,1990.

Supreme Court of Florida.
FLORIDA PATIENT'S COMPENSATION FUND,
Petitioner,
v.
Darryl MOXLEY, etc., et al., Respondents.
Neil J. KARLIN, M.D., et al., Petitioners,
v.
Darryl MOXLEY, etc., et al., Respondents.
**Nos. 74431, 74480.**

March 1, 1990.

In a medical malpractice action, the Circuit Court, Broward County, Barbara Bridge, J., entered judgment against the doctor and the Florida Patient's Compensation Fund, and they appealed. The District Court of Appeal, 545 So.2d 922, affirmed in part, reversed in part, and certified question. The Supreme Court, Grimes, J., held that award of attorney fee in medical malpractice action above percentage amount set out in contingency fee agreement between claimant and her counsel was not precluded, where agreement provided that fee upon recovery should be higher of percentage amount or amount awarded by court.

Approved in part; quashed in part.

West Headnotes

**[1] Costs 102** ⚷**194.20**

102 Costs
　102VIII Attorney Fees
　　102k194.20 k. Effect of Fee Agreement with Attorney. Most Cited Cases
Award of attorney fee in medical malpractice action above percentage amount set out in contingency fee agreement between claimant and her counsel was not precluded, where agreement provided that fee upon recovery should be higher of percentage amount or amount awarded by court.

**[2] Insurance 217** ⚷**2270(1)**

217 Insurance
　217XVII Coverage--Liability Insurance
　　217XVII(A) In General
　　　217k2267 Insurer's Duty to Indemnify in General
　　　　217k2270 Defense Costs, Supplementary Payments and Related Expenses
　　　　　217k2270(1) k. In General. Most Cited Cases
　(Formerly 217k512(1))

**Insurance 217** ⚷**3585**

217 Insurance
　217XXXI Civil Practice and Procedure
　　217k3584 Costs and Attorney Fees
　　　217k3585 k. In General. Most Cited Cases
　(Formerly 299k1 Physicians and Surgeons)
Attorney fees awarded to medical malpractice plaintiffs pursuant to former statute which did not specify that fees could be taxed as costs were not covered by supplementary payments provision of physician's policy which provided for payment of costs taxed against named insured, so Florida Patient's Compensation Fund would be obligated to pay attorney fees awarded to plaintiffs. F.S.1981, § 768.56.

\*863 Melanie G. May of Bunnell and Woulfe, P.A., Fort Lauderdale, and Alan D. Sackrin of Klein & Tannen, P.A., North Miami Beach, for petitioners.
Gary M. Farmer of Bary M. Farmer, P.A., Fort Lauderdale, for respondents.
GRIMES, Justice.
We review *Florida Patient's Compensation Fund v. Moxley,* 545 So.2d 922, 924 (Fla. 4th DCA 1989), in which the Fourth District Court of Appeal certified the following question:
\*864 Does the holding in *Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

557 So.2d 863 Page 2
557 So.2d 863, 15 Fla. L. Weekly S97
**(Cite as: 557 So.2d 863)**

(Fla.1985) preclude an attorney's fee in a medical malpractice action above the percentage amount set out in the contingency fee agreement between claimant and her counsel, where the agreement provides that the fee upon recovery shall be the higher of the percentage amount or an amount awarded by the court?

In addition, upon the request of petitioners Karlin, we also review the decision because of its conflict with *Spiegel v. Williams,* 545 So.2d 1360 (Fla.1989). We have jurisdiction under article V, section 3(b)(3) and (4) of the Florida Constitution.

Pursuant to a jury verdict, respondents Moxley obtained a $155,674 judgment for medical malpractice committed by Dr. Karlin. The court also entered a judgment for $150,000 attorney's fees pursuant to section 768.56, Florida Statutes (1981), directing that the Florida Patient's Compensation Fund rather than Karlin would be responsible to pay the attorney's fees. The issues on appeal concerned the amount of attorney's fees and who should pay them.

[1] The Moxleys had entered a fee agreement which provided that their attorney would be paid a percentage of the recovery or the amount of reasonable fees determined by the court, whichever was the greater. Rejecting the argument that *Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145 (Fla.1985), precluded a recovery greater than the amount of the percentages agreed upon between the Moxleys and their attorney, the district court of appeal held that under the alternative provisions of the fee agreement, the Moxleys were entitled to the higher fee awarded by the court as being reasonable. This Court reached a similar conclusion in our recent opinion in *Kaufman v. MacDonald,* 557 So.2d 572 (Fla.1990). Therefore, we answer the certified question in the negative.

[2] Turning to the other point, this Court in *Florida Patient's Compensation Fund v. Bouchoc,* 514 So.2d 52 (Fla.1987), held under similar circumstances that the Fund was obligated to pay the plaintiff's attorney's fees unless such fees were payable under the provisions of the health care provider's liability insurance coverage. Dr. Karlin's insurance policy provided $100,000 in liability coverage plus supplementary payments described as follows:

The company will pay, in addition to the applicable limit of liability:
(a) all expenses incurred by the company, all costs taxed against the named insured in any suit defended by the company....

In *Spiegel v. Williams,* 545 So.2d 1360 (Fla.1989), we ruled that a liability policy providing for payment of the costs of defending a suit does not cover the payment of attorney's fees assessed against the insured. We explained that attorney's fees recoverable by statute are regarded as costs only when specified as such by the statute which authorizes their recovery and that section 768.56, Florida Statutes (1981), did not specify that attorney's fees could be taxed as costs. More recently, in *Smith v. Sitomer,* 550 So.2d 461, 462 (Fla.1989), we construed a liability policy which provided for the payment of " 'all costs taxed against the Member in any suit defended by the Staff Fund' " as not covering attorney's fees assessed under section 768.56. It is evident that section 768.56 attorney's fees are not included within the supplementary payments provision of Karlin's policy. Therefore, the Fund will be obligated to pay the Moxleys' attorney's fees.

We approve the decision below insofar as it relates to the certified question. We quash that portion of the decision which holds that Karlin's insurer, rather than the Fund, is obligated to pay the attorney's fees.

It is so ordered.

EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
Fla.,1990.
Florida Patient's Compensation Fund v. Moxley
557 So.2d 863, 15 Fla. L. Weekly S97

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT C

Westlaw.

550 So.2d 461
550 So.2d 461, 14 Fla. L. Weekly 546
**(Cite as: 550 So.2d 461)**

Page 1

Smith v. Sitomer
Fla.,1989.

Supreme Court of Florida.
Robert B. SMITH, M.D., et al., Petitioners,
v.
Harriet R. SITOMER, et al., Respondents.
No. 72610.

Oct. 26, 1989.

Patient brought medical malpractice action against doctor and Patient's Compensation Fund. The Circuit Court, Broward County, Lewis Weissing, J., found for patient and doctor and Fund appealed. The District Court of Appeal, 524 So.2d 671, Downey, J., affirmed in part, reversed in part and remanded with directions. Application for review was granted. The Supreme Court, Grimes, J., held that provision in doctor's liability insurance policy providing for payment of all costs taxed against doctor did not include payment for attorneys' fees of prevailing party, and that payment of such fees was required to be made out of Fund.

Quashed and remanded.

West Headnotes

**Insurance 217** 2270(1)

217 Insurance
　217XVII Coverage--Liability Insurance
　　217XVII(A) In General
　　　217k2267 Insurer's Duty to Indemnify in General
　　　　217k2270 Defense Costs, Supplementary Payments and Related Expenses
　　　　　217k2270(1) k. In General. Most Cited Cases
　(Formerly 217k514.13(2), 299k1 Physicians and Surgeons, 217k514.14)

**Insurance 217** 3585

217 Insurance
　217XXXI Civil Practice and Procedure
　　217k3584 Costs and Attorney Fees
　　　217k3585 k. In General. Most Cited Cases
　(Formerly 299k1 Physicians and Surgeons)
Insurer under medical malpractice liability policy calling for payment of all "costs" taxed against insured in suit covered by policy was not obligated to pay prevailing party's attorneys' fees, and consequently all of such fees were required by statute to be paid from Patient's Compensation Fund. F.S.1981, § 768.56.

*461 Melanie G. May of Bunnell and Woulfe, P.A., Fort Lauderdale, for petitioners.
Edward A. Perse of Horton, Perse & Ginsberg, and Hoppe, Backmeyer & Nelson, Miami, for Sitomer.
Marguerite H. Davis of Katz, Kutter, Haigler, Alderman, Eaton, Davis & Marks, P.A., Tallahassee, for Florida Patient's Compensation Fund, respondents.
GRIMES, Justice.
We have for review *Florida Patient's Compensation Fund v. Sitomer,* 524 So.2d 671 (Fla. 4th DCA 1988). We accepted jurisdiction based on conflict with *State ex rel. Royal Insurance Co. v. Barrs,* 87 Fla. 168, 99 So. 668 (1924), and *Prudential Insurance Co. of America v. Lamm,* 218 So.2d 219 (Fla. 3d DCA), *cert. denied,* 225 So.2d 529 (Fla.1969). Art. V, § 3(b)(3), Fla.Const. In light of our recent decision in *Spiegel v. Williams,* 545 So.2d 1360 (Fla.1989), we quash the opinion below.

Respondent, Sitomer, obtained a judgment for $1,250,000 in a medical malpractice action. As the prevailing party, she *462 became entitled to an award of attorney's fees under section 768.56, Florida Statutes (1981). A dispute arose with respect to whether Sitomer's attorney's fees should be paid by Dr. Smith or the Florida Patient's Compensation Fund. In passing on this issue, the Fourth District Court of Appeal referred to the rule of *Florida Patient's Compensation Fund v. Bouchoc,* 514 So.2d 52 (Fla.1987), that the Fund shall be liable for pre-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

550 So.2d 461 
550 So.2d 461, 14 Fla. L. Weekly 546 
**(Cite as: 550 So.2d 461)**

Page 2

vailing party attorney's fees that are part of the plaintiff's claims against a health care provider which exceed $100,000, except to the extent that the plaintiff's attorney's fees are payable under the provisions of the health care provider's liability coverage. The court then focused upon Dr. Smith's liability insurance policy which stated:

The Staff Fund will pay, in addition to the applicable limits of liability: (a) all expenses incurred by the Staff Fund, all costs taxed against the Member in any suit defended by the Staff fund and all interest on the entire amount of any judgment....

Relying upon the Third District Court of Appeal's decision in *Williams v. Spiegel,* 512 So.2d 1080 (Fla. 3d DCA 1987), the court held that the plaintiff's attorney's fees were part of the taxable costs covered by Dr. Smith's policy. *Sitomer,* 524 So.2d at 676. As noted, this Court has since quashed the opinion of the Third District Court of Appeal in *Williams,* 545 So.2d at 1360.

In *Williams,* this Court relied upon *Barrs* and *Lamm* for the proposition that "attorneys' fees recoverable by statute are regarded as 'costs' only when specified as such by the statute which authorizes their recovery." *Williams,* 545 So.2d at 1362. We held that section 768.56, Florida Statutes (1981), did not specify that attorney's fees could be taxed as costs. *Id.* Therefore, the policy provision in the instant case cannot be construed to include prevailing party attorney's fees as taxable costs covered by the policy.[FN*]

> FN* By separating taxable costs from the obligation to pay judgment interest, the policy language in this case is not even susceptible to the argument for ambiguity advanced by Chief Justice Ehrlich in his dissent in *Spiegel v. Williams,* 545 So.2d 1360, 1362 (Fla.1989).

Accordingly, we quash the opinion of the Fourth District Court of Appeal and remand for proceedings consistent with this opinion.

It is so ordered.

EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur. 
Fla.,1989. 
Smith v. Sitomer 
550 So.2d 461, 14 Fla. L. Weekly 546

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT D

Westlaw.

West's F.S.A. § 768.79                                                                                          Page 1

▷
**Effective:[See Text Amendments]**

West's Florida Statutes Annotated Currentness
  Title XLV. Torts (Chapters 766-774) (Refs & Annos)
    Chapter 768. Negligence (Refs & Annos)
      Part II. Damages
        → **768.79. Offer of judgment and demand for judgment**

(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this sec- tion.

(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:

(a) Be in writing and state that it is being made pursuant to this section.

(b) Name the party making it and the party to whom it is being made.

(c) State with particularity the amount offered to settle a claim for punitive damages, if any.

(d) State its total amount.

The offer shall be construed as including all damages which may be awarded in a final judgment.

(3) The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section.

(4) An offer shall be accepted by filing a written acceptance with the court within 30 days after service. Upon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement.

(5) An offer may be withdrawn in writing which is served before the date a written acceptance is filed. Once withdrawn, an offer is void.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:

(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.

(b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.

For purposes of the determination required by paragraph (a), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced. For purposes of the determination required by paragraph (b), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer settlement amounts by which the verdict was reduced.

(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.

(b) When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:

1. The then apparent merit or lack of merit in the claim.

2. The number and nature of offers made by the parties.

3. The closeness of questions of fact and law at issue.

4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.

5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.

6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

(8) Evidence of an offer is admissible only in proceedings to enforce an accepted offer or to determine the imposition of sanctions under this section.

CREDIT(S)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

West's F.S.A. § 768.79                                                                                              Page 3

Laws 1986, c. 86-160, § 58; Laws 1990, c. 90-119, § 48. Amended by Laws 1997, c. 97-102, § 1175, eff. July 1, 1997.

Current through Chapter 339 and S.J.R. 2D (End) of the 2007 Special D Session of the Twentieth Legislature

(C) 2007 Thomson/West
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT E

Westlaw.

West's F.S.A. § 713.29

Page 1

**Effective:[See Text Amendments]**

West's Florida Statutes Annotated Currentness
  Title XL. Real and Personal Property (Chapters 689-724)
    Chapter 713. Liens, Generally (Refs & Annos)
      Part I. Construction Liens (Refs & Annos)
→ **713.29. Attorney's fees**

In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party's costs, as allowed in equitable actions.

CREDIT(S)

Laws 1963, c. 63-135, § 1; Fla.St.1965, § 84.291; Laws 1967, c. 67-254, § 35; Laws 1977, c. 77-353, § 11. Amended by Laws 1990, c. 90-109, § 14, eff. Jan. 1, 1991; Laws 1992, c. 92-286, § 7, eff. Oct. 1, 1992; Laws 1997, c. 97-102, § 816, eff. July 1, 1997.

Current through Chapter 2 of the 2008 Second Regular Session of the Twentieth Legislature

(C) 2007 Thomson/West
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.