1  Jon D. Derrevere, Esquire (FBN: 330132)
   Derrevere, Hawkes & Black
2  470 Columbia Drive, Bldg B
   West Palm Beach, FL 33409
3  561-684-3222

4

   Attorneys for Plaintiff
5  FIREMAN'S FUND INSURANCE COMPANY,
   a foreign corporation a/s/o BASIC RESOURCES, INC.
6  and GEORGE REED, INC., a foreign corporation

7
                    IN THE UNITED STATES DISTRICT COURT
8
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10
    FIREMAN'S FUND INSURANCE              )   CASE NO. C 07 06302 CRB
11  COMPANY, a foreign corporation        )
    a/s/o BASIC RESOURCES, INC.           )
12  and GEORGE REED, INC., a foreign      )
    corporation,                          )
13                                        )
              Plaintiff,                  )
14                                        )
         vs.                              )
15                                        )
    GERLING AMERICA INSURANCE             )
16  COMPANY, a foreign corporation,       )
                                          )
17            Defendant.                  )
                                          )
18                                        )

19
                        CASE MANAGEMENT STATEMENT
20
         Pursuant to the Court's scheduling of the initial Case Management Conference and requiring
21
    the filing of a Joint Case Management State in compliance with F.R.Civ.P. Rule 16 and Civil Local
22
    Rule 16, the parties have agreed to the following:
23

24 | **DEADLINE OR EVENT** | **AGREED DATE** |
   |---|---|
25 | The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1). [Court recommends 30 days after CMR meeting] | 5/12/08 |
26 | Any motion to amend or supplement the pleadings filed pursuant to Fed.R.Civ.P. 15(a) or 15(d) shall comport with S.D.Fla.L.R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required. | 6/13/08 |
27
28

                              CASE MANAGEMENT STATEMENT

| | | |
|---|---|---|
| 1 | Fact discovery completed, subject to any further Court order. | 12/1/08 |
| 2 | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. | 9/9/08 |
| 3 | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. | 9/21/08 |
| 4 | The parties shall comply with L. R. 16 concerning the exchange of expert witness summaries and reports. This date shall supersede any other date in local rule 16.1 K. | 10/16/08 |
| 5 | Any rebuttal expert reports will be filed | 11/11/08 |
| 6 | All expert discovery shall be completed, subject to any further Court order. | 12/1/08 |
| 7 | Any additional discovery permitted by Court. | 12/15/08 |
| 8 | All dispositive pretrial motions and memoranda of law must be filed. **If any party moves to strike an expert affidavit filed in support of a motion for summary judgment** [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc*, 509 U.S. 579, 125 L.Ed. 2d 469, 113 S.Ct. 2786 (1993) and *Kumho Tire Company, Ltd. v. Carmichael,*_-U.S._, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)], **the motion to strike shall be filed with that party's responsive memorandum.** | 1/13/09 |
| 9 | Mediation shall be completed by | 12/15/08 |
| 10 | **Pretrial Stipulation and *Motions in Limine*.** The joint pretrial stipulation shall be filed pursuant to L.R. 16. In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine. | To be filed (5) days prior to the call of the calendar. |
| 11 | All Parties Consent to Proceed Before Magistrate Judge | To be determined |
| 12 | Trial | 3/1/09 |

a.   <u>LIKELIHOOD OF SETTLEMENT</u>

   The likelihood of settlement is unknown at this time.

b.   <u>THE LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES</u>

   The Parties agree that it is unlikely that additional parties will appear.

c.   <u>PROPOSED LIMITS ON TIME</u>

   i.   to join other parties and to amend the pleadings,

ii. to file and hear motions,

iii. to complete fact discovery, See chart above.

d. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment. Counsel will meet in good faith to resolve such issues without court intervention.

e. the necessary or desirability of amendments to the pleadings; none anticipated at this time.

f. the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents and the need for advance rulings from the Court on admissibility of evidence; Counsel will confer in good faith to resolve such issues without court intervention.

g. suggestions for the avoidance of unnecessary proof and cumulative evidence; Counsel will confer in good faith to resolve such issues without court intervention.

h. Suggestions on the advisability of referring matters to a magistrate judge or master; the parties agree that substantive issues are to be determined by the court.

i. a preliminary estimate of the time required for trial; depending upon the factual issues that remain outstanding after determination of Summary Judgment Motions, the parties anticipate at this time that three (3) days are necessary for trial.

j. requested date or dates for conferences before trial, a final pretrial conference, and trial; The parties request that a pretrial conference take place within (2) months of the trial date.

k. any other information that might be helpful to the court in setting the case for status or pretrial conference. None at this time.

I. CASE MANAGEMENT TRACK

Track (b), Standard, this is a case requiring between 3 and 10 days of trial in which discovery shall be completed within the period of 180 to 269 days from the Scheduling Order, as set forth in the proposed Chart above.

II.   LIMITS ON DISCOVERY

Absent leave of Court, the parties may take no more than ten depositions per side. Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including subparts. Fed. R. Civ. P. 33(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The Parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.   Depositions.

(a)   Time permitted for each deposition. Each deposition, in accordance with Fed. R. Civ. P. 30(d) is limited to one day of seven hours unless extended by agreement of the parties or order of Court.

(b)   The parties' present intention is to depose all relevant fact witnesses, expert trial witnesses, and all witnesses listed by each party.

2.   Interrogatories.

Parties plan to propound Interrogatories related to all matters raised by the Complaint, claims and answers and affirmative defenses. Parties also intend to propound Interrogatories to any expert trial witness retained by the parties herein, if any.

Number of Interrogatories. Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party; at one time or cumulatively, more than twenty-

five (25) written interrogatories pursuant to Rule 33 Fed. R. Civ. P., including all parts and subparts. Any requests by parties to exceed this limit must be presented by motion.

    3.    *Document Requests*. Parties plan to serve requests for production related to all matters raised by the complaint, claims, answers, and affirmative defenses. Parties also intend to request documents related to the work or reports related to the opinions or conclusions of any expert trial witness obtained by any party herein, if any.

    4.    *Requests to Admit*. Parties plan to serve Requests for Admission related to all matters raised by the complaint, claims, answers, and affirmative defenses.

    5.    *Supplementation of Discovery*. Parties agree that each party's supplementation will be provided in accordance with Rule 26(e)(1) and (2).

### III.    PENDING AND ANTICIPATED MOTIONS

The Plaintiff currently has pending a Motion for Leave to Amend to File Third Amended Complaint and the Defendant currently has pending their Objection to same.

### IV.    DISCOVERY DEADLINE

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: *All parties will commence all discovery in time for it to be completed on or before December 1, 2008.*

### V.    DISCLOSURE OF EXPERT TESTIMONY

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

### VI.    CONFIDENTIALITY AGREEMENTS

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See:* *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain public record.

The parties may reach their own agreement regarding the designation or materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements.

VII. **MEDIATION**

The parties are willing to participate in Court Ordered meditation.

DATED: 25th DAY OF March 2008.

By: /s/ Jon D. Derrevere
JON D. DERREVERE
Fla. Bar No.: 330132
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
jdd@derreverelaw.com

*Admitted Pro Hac Vice*
*Attorneys for Plaintiff*

By: CHARLES K. BRUNN
CBN: 28021
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354
CBrunn@Brunn-Flynn.com

*Co-Counsel for Plaintiff*

By: /s/ Tino X. Do
TINO X. DO
CBN: 221346
Barger & Wolen, LLP
650 California Street
9th Floor
San Francisco, CA 94108
tdo@barwol.com

*Attorneys for Defendant*

-6-
CASE MANAGEMENT STATEMENT

# PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On 3-25, 2008, I served the foregoing document(s) described as:

## CASE MANAGEMENT STATEMENT

On the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

**[] BY REGULAR MAIL:**

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

**[X] BY ECF:**

I HEREBY CERTIFY that on this 25th day of March, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on 3-25, 2008.

NAME: Deanna N. Menendez           Signature: Deanna N. Menendez