1  Jon D. Derrevere, Esquire (FBN: 330132)
   Derrevere, Hawkes & Black
2  470 Columbia Drive, Bldg B
   West Palm Beach, FL 33409
3  561-684-3222

4

   Attorneys for Plaintiff
5  FIREMAN'S FUND INSURANCE COMPANY,
   a foreign corporation a/s/o BASIC RESOURCES, INC.
6  and GEORGE REED, INC., a foreign corporation

7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
   FIREMAN'S FUND INSURANCE           )  CASE NO. C 07 06302 CRB
12 COMPANY, a foreign corporation     )
   a/s/o BASIC RESOURCES, INC.        )  PLAINTIFF'S REPLY MEMORANDUM
13 and GEORGE REED, INC., a foreign   )  OF LAW TO DEFENDANT'S OPPOSITION
   corporation,                       )  MEMORANDUM TO PLAINTIFF'S
14                                    )  RENEWED MOTION FOR LEAVE TO
              Plaintiff,              )  FILE THIRD AMENDED COMPLAINT
15                                    )
       vs.                            )
16                                    )
   GERLING AMERICA INSURANCE          )
17 COMPANY, a foreign corporation,    )
                                      )
18            Defendant.              )
                                      )
19 _____)

20
          **COMES NOW**, Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC
21
   RESOURCES, INC. and GEORGE REED, INC., ("FFIC") by and through undersigned counsel and
22
   pursuant to Fed.R.Civ.P. 15, as well as to the additional legal authorities cited herein files/serves
23
   this Reply Memorandum of Law, as described above, and so, replies:
24
   1. Defendant challenges FFIC's Renewed Motion seeking Leave to Amend to File the Third
25
   Amended Complaint. FFIC seeks leave in order to specify the basis for its damage claim with
26
   respect to the Final Judgment Awarding Attorney's Fees ($42,000.00) and Costs ($42,000.00) to
27

28

FFIC, executed by Judge Roche on September 9, 2007, in the Underlying Florida State Court Action (the "State Court Action"), which tried and determined liability and damages. See: Amended Final Judgment (D.E. 16, P. 77-79).

2.  The original Final Judgment in favor of FFIC was entered in the State Court Action on April 17, 2007 (D.E. 1, Par. 13), making FFIC, a Judgment Creditor of the Defendant, Gencor Industries, Inc. Immediately thereafter, on May 2, 2007, FFIC filed this diversity action, originally in the Florida Federal District Court, seeking Declaratory Relief and damages for Breach of Contract against GERLING AMERICAN INSURANCE COMPANY ("GERLING"), the liability carrier for Gencor Industries, Inc. ("Gencor").[1] The initial Complaint against GERLING was filed but not served. FFIC filed an Amended Complaint to reflect the Amended Final Judgment entered on June 11, 2007 in the State Court Action. FFIC filed this Amended Complaint on June 15, 2007 in the Florida Federal District Court. (D.E. 2). Thereafter, on July 26, 2007, FFIC filed its Second Amended Complaint (D.E. 4), in the Florida Federal District Court, to delete a request for attorney's fees and costs mistakenly stating such was pursuant to § 627.408, Fla.Stats. (sic. § 627.428, Fla.Stats.).

3.  Next, in the Underlying Florida State Court Action, on September 9, 2007, Judge Roche executed the Final Judgment Awarding Attorney's Fees and Costs, which forms the basis for the pending Renewed Motion for Leave to File Third Amended Complaint (D.E. 16, P. 81-82)[2].

---

[1] Although FFIC contends that Florida law is the applicable controlling law in this matter, since the insurance policy at issue is a Florida policy insuring a Florida insured, it is compelling here that in California, FFIC is a statutory third party beneficiary under the GERLING policy with the legal right to sue GERLING to recover the judgment amounts since FFIC is a Judgment Creditor of GERLING's Insured, the Discharged Bankrupt Gencor. See: Cal. Ins. Code §11580. GERLING is not, as a matter of law, released from the payment of damages by the bankruptcy of its insured, where the damages have been occasioned during the life of the policy. See: Cal Ins. Code § 11580.

[2] In the Florida Federal Court Action, FFIC moved for leave to file the Third Amended Complaint to reflect the Final Judgment Awarding Attorney's Fees and Costs. Subsequently, this case was removed to this California Federal Court. FFIC then renewed its Motion.

1   FFIC has appropriately amended the Complaint to incorporate specific ruling amendments, which
2   have occurred in the State Court Action and reflect the removal to this California Federal Court.

3       4.    GERLING challenges FFIC's Motion to Amend claiming that the attempt to seek
4   recovery for Attorney's Fees ($42,000.00) and Costs ($42,000.00) is futile because the GERLING
5   insurance Policy provides no such coverage. At this stage of the proceedings, consideration of a
6   Motion for Leave to Amend should not serve as a substitute for Summary Judgment or trial.
7   Further, FFIC is legally entitled to recover attorney fees/costs under the policy so amendment is
8   anything but futile. Again, FFIC submits that California law, although not controlling, is of the
9   same "mindset" as Florida. In San Diego Housing Commission v. Industrial Indemnity Co., 95
10  Cal.App. 4th 669; 116 Cal.Rptr. 2d 103; App. LEXIS 722, the Court joined other leading authorities
11  that hold that attorney's fee awards are recoverable as costs and so, quoted:

> "…a CGL policy also obligates a liability insurer to pay 'with respect to any claim or suit' WE DEFEND:…5. All costs taxed against the insured in the "suit"…[P.] attorney fee awards authorized 'by contract, statute or law' are recoverable as costs of suit [citation] [P.] Therefore, fee awards against the insured fall within the insurer's defense obligation. Pritchard v. Liberty Mutual Ins. Co., 84 Cal.App. 4th 890 at 912;…Ins. Co. of North America v. National American Ins. Co. of Calif. [supra] 37 [Cal. 4th 195, 206-207…] [P.] Comment: Insurers complain that forcing them to pay attorney fee awards against an Insured is unfair because the amount awarded often bears no relation to the damages involved (e.g., because of 'lodestar' multipliers). However, if insurers want to exclude coverage for fee awards, they should revise the CGL form. [See: Pritchard v. Liberty Mutual Ins. Co., supra, [84 Cal.App. 4th] at 912…,fn. 22] (Croskey, et al, Cal. Practice Guide: Insurance Litigation, supra, PP. 7:160, 7:160.1, 7:160.2, P. 7A-52…

    5.    Clearly, "costs" of $42,000.00 awarded to FFIC in the underlying case are recoverable under the GERLING Florida Policy "Supplemental Payments" language. See: Employers Ins. Co. v. Hofrichter, P.A., 670 So.2d 1023 (Fla. 3rd DCA 1996) (holding that supplemental payments are recoverable regardless of coverage). The GERLING Policy makes clear "costs" taxed against the insured are a supplemental payment and do not reduce the policy limit but are in addition to that limit. FFIC is prepared to demonstrate that the term "costs" as used in the

"**Supplementary Payments-Coverages A and B**" provisions of the GERLING Policy also includes the award of $42,000.00 in "Attorney's Fees" to FFIC. The GERLING Policy <u>does not</u> define **"expenses we incur"**, nor does the GERLING Policy define **"costs"** and therefore, both must be construed as ambiguous. <u>See</u>: <u>Montura Trading Post v. Century Sur. Co.</u>, 2006 U.S. Dist. Lexis 45968 (MD. Fla. 2006) (holding that if the policy language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage, the insurance policy is considered ambiguous and as such, must be construed in favor of the insured and strictly against the insurer); <u>Union Am. Ins. Co. v. Maynard</u>, 752 So.2d 1266 (Fla. 4th DCA 2000) (holding insuring coverage clauses are construed in broadest possible manner to effect the greatest extent of coverage). As ambiguous, the terms, ("costs" and/or "expenses we incur"), must be construed in favor of coverage and therefore, harmonious with the obvious intent and purpose of the Policy section (to increase insurance benefits beyond policy limit), entitled "**Supplementary Payments-Coverages A and B**". (D.E. 16, See: GERLING policy, attached as Ex 1, P. 15-75, to Plaintiff's Renewed Amended Complaint which is an Exhibit to Plaintiff's Renewed Motion for Leave to File Third Amended Complaint (D.E. 16). <u>See</u>: <u>Florida Insurance Guaranty Ass'n v. Johnson</u>, 654 So.2d 239 (Fla. 4th DCA 1995); Compare: <u>Steele v. Kinsey</u>, 801 So.2d 297 (Fla. 2nd DCA 2001), (addressing distinctively different language in a supplementary payment provision); <u>Jones v. FLGA, Inc.</u>, 908 So.2d 435 (Fla. 2005).

    6.    In material part, the GERLING Florida Policy (Exhibit 1 to the proposed Third Amended Complaint D.E. 16 and Exhibit 1 to Second Amended Complaint Florida D.E. 4.) states:

> Supplementary Payments-Coverages A and B
>
> We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
>
> 1.    All expenses we incur…

4.  All reasonable expenses incurred by the insured at our request to assist us in the investigations or defense of the claim or "suit", including actual loss of earnings up to $250.00 a day because of time off from work.

5.  All costs taxed against the insured in the suit...

6.  All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

7.  As defined by the Policy, the $42,000.00 in costs awarded to FFIC, in the State Court Action, (Exhibit 3 to D.E. 25-2) is a "Supplementary Payment" which does not reduce the limits of the Policy. Therefore, the Third Amended Complaint is not futile, as a matter of fact and law. FFIC is entitled to this award regardless of coverage for the other judgment awards. See: FIGA v. Johnson, 654 So.2d 239 (Fla. 4th DCA 1995); Employers Ins. Co. v. Hofrichter, P.A., 670 So.2d 1023 (Fla. 3rd DCA 1996). Additionally, the attorney fee award is arguably covered as well.

8.  Federal Rule 15(a) establishes that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Butler v. Crosby, 2006 U.S. Dist. Lexis 26029, 19 FLWD 466 (M.D. Fla. 2006). In Butler, the Court stated that, thereafter, a party may amend its pleading only upon leave of court or by obtaining written consent of the opposing party; that leave shall be freely given when justice so requires. As a result, "there must be substantial reason to deny a motion to amend". The Court in Butler ruled that:

> Substantial reasons justifying a court's denial of a request for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment...

Butler, 19 FLWD 466

9.  Defendant's objection fails to establish that any of the above legally recognized "substantial reasons" to deny the amendment are present. Plaintiff has not abused the privilege to

amend. The proposed amended pleading does not present a vexatious or futile claim. Rather, Plaintiff has proceeded with due diligence, in good faith, and without any prejudice to Defendant. As a matter of fact and of law, Justice requires the amendment be permitted. See: <u>Cousins Rest. Assoc. v. TGI Friday's, Inc.</u>, 843 So.2d 980 (Fla. 4th DCA 2003); <u>State Farm Fire & Cas. Co. v. Fleet Fin. Corp.</u>, 724 So.2d 1218 (Fla. 5th DCA 1998).

**WHEREFORE**, Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., by and through undersigned counsel, respectfully request this Court to enter an Order which grants the Renewed Motion for Leave to File Third Amended Complaint, orders that the Amended pleading be deemed filed/served as of the date of the Order, and order Defendant to Answer within ten (10) days or other time frame set by the Court.

By: /s/ Jon D. Derrevere
JON D. DERREVERE
Fla. Bar No.: 330132
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
jdd@derreverelaw.com

*Admitted Pro Hac Vice*
Counsel for Plaintiff

By: Charles K. Brunn
CHARLES K. BRUNN
CBN: 28021
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354
Email: CBrunn@Brunn-Flynn.com

Co-counsel for Plaintiff

## PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On March 25, 2008, I served the foregoing document(s) described as:

**PLAINTIFF'S REPLY MEMORANDUM OF LAW TO DEFENDANT'S OPPOSITION MEMORANDUM TO PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

On the interested parties in this action by placing [ ] the original [ ] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

**[ ] BY REGULAR MAIL:**

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

**[X] BY ECF:**

I HEREBY CERTIFY that on this 25th day of March, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on March 25, 2008.

NAME: Deanna N. Menendez                    Signature: *Deanna N. Menendez*