Jon D. Derrevere, Esquire (FBN: 330132)
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
561-684-3222

Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY,
a foreign corporation a/s/o BASIC RESOURCES, INC.
and GEORGE REED, INC., a foreign corporation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C 07 06302 CRB<br><br>PLAINTIFF'S BRIEF, PURSUANT TO ORDER DATED MARCH 28, 2008, WHICH ADDRESSES APPLICABLE LAW IN THIS DIVERSITY JURISDICTION MATTER TRANSFERRED PURSUANT TO 28 U.S.C.S. § 1404 (a) |

**COMES NOW**, Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., ("FFIC") by and through undersigned counsel and pursuant to the Court's March 28, 2008, Order directing preparation of this Brief, respectfully files/serves this Brief asserts that Florida law applies in resolving this lawsuit.

## BACKGROUND

1. This case was removed to this Court from its original filing in the United States District Court, Southern District of Florida, Miami Division, Case No.: 07-21162-Lenard.

2. Defendant, GERLING AMERICAN INSURANCE COMPANY ("GERLING"), transferred this case to this forum, pursuant to 28 U.S.C.S. § 1404(a), based upon a Forum Non Conveniens argument.

3. Plaintiff brings this action seeking declaratory relief and damages for GERLING's refusal to pay insurance benefits to Plaintiff, a Judgment Creditor of GERLING's insured, Gencor Industries, Inc., pursuant to GERLING's Policy No.: 4003527GLP. Said Policy is a standard commercial general liability policy with Florida endorsements, which FFIC submits was issued to and delivered to Gencor at its principal place of business in Orlando, Florida. Gencor is not, however, incorporated in Florida or in California but is headquartered at 5201 N. Orange Blossom Trail, Orlando, Florida 32810. Gencor designs and manufactures facilities for producing highway construction materials, including hot asphalt plants. The underlying case arose out of the purchase of parts used to construct a plant by FFIC's Insureds (Basic Resources and George Reed) who are California highway construction contractors. The assembled Asphalt plant makes hot asphalt. The FFIC Insureds entered into a contract for the purchase of parts for the unassembled Plant which Gencor sold and shipped to California. FFIC's Insureds then built the Asphalt Plant. Pursuant to the purchase contract, Gencor sent its technician, Calvin Dixon, from Orlando, Florida to the California site in order to assist in the Calibration of the computer-operated Asphalt Plant. Mr. Dixon accidentally blew up the Asphalt Plant owned and constructed by FFIC's Insureds, causing property and business loss damages. FFIC investigated the claim of its insureds, determined it was "covered" under their policy, paid them and thereby became subrogated to its insured's' claims against Gencor. Ultimately, FFIC sued Gencor in Florida State Court in the Circuit Court of the 9th Judicial Circuit in and for Orange County, Florida, pursuant to a "venue selection" provision in the purchase contract. FFIC recovered the Final Judgment in its favor on the liability/damages issues and a separate Final Judgment awarding FFIC attorney's fees and costs, pursuant to Florida's Proposal for

Settlement procedure set forth in Fla.R.Civ.P. 1.442 and § 768.79, Fla.Stats. GERLING defended Gencor, under a reservation of rights and at all times material, Genor was discharged in bankruptcy resulting in FFIC's agreement to limit its claims to available insurance coverage. GERLING has refused to satisfy the Judgment in accordance with the terms of its policy. Accordingly, FFIC seeks payment as a Judgment holder against GERLING's insured.

## MEMORANDUM OF LAW

4. In Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 116 Ed.2d 945, (1964), the United States Supreme Court held that "following a transfer under § 1404(a), initiated by a defendant, the transferee Court must follow the choice-of-law rules that prevailed in the transferor Court." The Van Dusen policy and has since been held applicable regardless of which party initiates a transfer for the convenience of the parties under 28 U.S.C.S. § 1404(a). See: Ferens v. John Deere Co., 494 U.S. 516, 110 S.Ct. 1274; 108 L.Ed 2d 443 (1990).

5. As the State of the transferor Court, Florida law applies. Florida is also the state where the GERLING insurance policy was delivered and issued. When resolving choice of law issues in contract actions, the Florida Supreme Court unambiguously has indicated its intent to adhere to the traditional rule of *lex loci contractus*. Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988); Goodman v. Olsen, 305 So.2d 753 (Fla. 1974); Pastor v. The Union Central Life Ins. Co., 184 F.Supp. 2d 1301 (M.D. Fla. 2002); See also: Bloch v. Berkshire Ins. Co., 585 So.2d 1137 (Fla. 3d DCA 1991); La Torre v. Conn. Mut. Life Ins. Co., 38 F.3d 538 (11th Cir. 1994) ("Florida adheres to the traditional rule that the legal effects of terms of the insurance policy and rights and obligations of persons insured thereunder are to be determined by the law of the state where the policy was issued").

## CONCLUSION

6. Clearly, Florida law applies in construing application of the GERLING insurance policy. Florida is the state of the transferor court and so, Florida choice of law rules apply. With respect to determining rights and obligations under a policy of insurance, Florida choice of law rules apply the doctrine of *lex loci contractus* and such is determined by where the policy was delivered/issued. The policy was delivered and issued to Gencor in Florida. Notwithstanding the foregoing, because the GERLING policy is a Standard Comprehensive Liability Form, case law from other jurisdictions, including California, should be considered persuasive though not binding on this Court.

**WHEREFORE**, Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., by and through undersigned counsel, respectfully request that this Court apply Florida law in determining the parties' rights and obligations under the policy, including the "Supplemental Payments Provision."

By: /s/ Jon D. Derrevere
JON D. DERREVERE
Fla. Bar No.: 330132
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
jdd@derreverelaw.com

*Admitted Pro Hac Vice*
Counsel for Plaintiff

By: _____
CHARLES K. BRUNN
CBN: 28021
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354
Email: CBrunn@Brunn-Flynn.com

Co-counsel for Plaintiff

## PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On  April 1st  , 2008, I served the foregoing document(s) described as:

**PLAINTIFF'S BRIEF, PURSUANT TO ORDER DATED MARCH 28, 2008, WHICH ADDRESSES APPLICABLE LAW IN THIS DIVERSITY JURISDICTION MATTER TRANSFERRED PURSUANT TO 28 U.S.C.S. § 1404 (a)**

On the interested parties in this action by placing [ ] the original [ ] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

**[ ] BY REGULAR MAIL:**

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

**[X] BY ECF:**

I HEREBY CERTIFY that on this  1st  day of  April  , 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on  April 1st  , 2008.

NAME: Deanna N. Menendez                Signature: *Deanna N. Menendez*