Thomas R. Beer (148175), tbeer@barwol.com
Tino X. Do (221346), tdo@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California  94108-2713
Telephone:  (415) 434-2800
Facsimile:  (415) 434-2533

Attorneys for Defendant
HDI-GERLING AMERICA INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GERLING AMERICA INSURANCE COMPANY, a foreign corporation, <br><br> Defendant. | CASE NO.: 3:07-cv-06302-CRB <br><br> **DEFENDANT HDI-GERLING AMERICA INSURANCE COMPANY'S BRIEF ON CHOICE OF LAW PURSUANT TO MARCH 28, 2008 BRIEFING ORDER** |

    Defendant HDI-Gerling American Insurance Company ("Gerling") submits this Brief on which state's substantive law governs the interpretation of the terms of the Gerling insurance policy pursuant to this Court's Briefing Order dated March 28, 2008.

j:\office2\29218\011\08pleadings\choice of law brief v1.doc

MEMORANDUM OF POINTS AND AUTHORITIES

## 1. **INTRODUCTION**

Pursuant to the choice of law rules of Florida, the original forum state of this action, the law of the State of Florida should govern the interpretation of terms of the Gerling policy.

## 2. **FACTUAL BACKGROUND**

Gerling is an insurance company that conducts business throughout the United States. Gerling insures Gencor Industries, Inc. ("Gencor") under a Commercial Lines Policy, policy number 4003-527-GLP, with applicable effective dates of 6/30/2000 through 6/30/2001. This policy, issued by Gerling in New York, was negotiated for Gencor, a Florida-based company, by Sedgwick of Florida, Inc., a Florida-based broker.

On or about February 2000, Gencor manufactured and sold a 12,000 lb. stationary batch asphalt plant ("plant") to Basic Resources and George Reed, California-based companies. The plant was shipped and assembled in California. On April 18, 2001, a Gencor service technician arrived at the site to perform a "dry run" test of the plant. An explosion ensued which destroyed a significant portion of the plant. Fireman's Fund Insurance Company ("FFIC"), as insurer for Basic Resources and George Reed, investigated and eventually paid approximately $1.3 million to its insureds.

On or about September 2004, FFIC, as subrogee of Basic Resources and George Reed, sued Gencor for breach of contract and negligence for the damages to the plant. This action was held in a Florida state court pursuant to a venue selection provision in the contract between Gencor and Basic Resources/George Reed. Gerling defended Gencor under a reservation of rights. Following trial, a jury found for FFIC and a "*non in personam*" judgment was entered on behalf of FFIC in the amount of $1,751,913.10 solely on the breach of contract cause of action.

Gerling has declined coverage for FFIC's claims against Gencor pursuant to express policy provisions and exclusions. The "*non in personam*" judgment obtained by FFIC does not trigger Gerling's obligation to indemnify as this type of judgment does not legally obligate its insured to pay damages as required under the policy. Additionally, the Gerling policy does not provide coverage for FFIC's breach of contract damages, the only damages that were entered as final judgment, pursuant to an express "Contractual Liability" exclusion. Other applicable policy

exclusions include the "Damage to Your Product Exclusion," "Engineers, Architects, Or Surveyors Professional Liability Exclusion," "Damage to Your Work Exclusion" and "Damage to Property Exclusion."

On May 2, 2007, FFIC filed this diversity action for Declaratory Relief and Breach of Contract in the United States District Court for the Southern District of Florida. On December 6, 2007, the Southern District of Florida granted Gerling's motion to transfer venue pursuant to 28 U.S.C. § 1404(a). The action was then transferred to this Court on December 7, 2007.

### 3. **DISCUSSION**

A. The Law of the State of Florida Governs Interpretation of the Gerling Policy

As stated in FFIC's Second Amended Complaint, this action is in federal court due to diversity jurisdiction pursuant to 28 U.S.C. § 1332. Second Amended Complaint ("SAC"), ¶ 5. A district court, having obtained jurisdiction through diversity of citizenship, is bound to apply the substantive law of the state in which it is located. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). This principle applies to a state's law regarding choice of laws. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). With regard to transfer of venue, the transferee court must continue to apply the law of the transferor state in a diversity action. *Van Dusen v. Barrack*, 376 U.S. 612, 637-639 (1964). As such, the State of Florida's law regarding choice of law applies in this action.

(1) Florida's Choice of Law Rules Governing the Interpretation of Insurance Contracts

In Florida, the rights and obligations of the parties under an insurance policy are governed by contract law, because they arise out of an insurance contract. *Lumbermens Mut. Cas. Co. v. August*, 530 So.2d 293, 295 (Fla. 1988). In determining which state's laws applies to contracts, Florida adheres to the rule of *lex loci contractus*. *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So.2d 1160, 1163 (Fla. 2006). That rule, as applied to insurance contracts, provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage. *Id.*; *see also Goodman v. Olsen*, 305 So.2d 753, 755 (Fla. 1974) (stating that Florida courts, when confronted with questions regarding the interpretation of a contract, have applied the law of the state where the contract was made or to have been

performed); *Jemco, Inc. v. United Parcel Service, Inc.*, 400 So.2d 499, 500 (Fla.Dist.Ct.App. 1981), *rev. denied* 412 So.2d 466 (Fla. 1982) ("Under the law of Florida, . . . , a contract is made at the place where the last act necessary to complete the contract is done.").

    (2)   Application of Florida's Choice of Law Rules

Under the choice of law rules of Florida, the substantive law of Florida should govern the interpretation of the Gerling policy in this case. The Gerling policy was negotiated by a Florida-based broker for a Florida insured. Additionally, the Gerling policy contains an endorsement entitled "Florida Changes – Cancellation and Nonrenewal" because Florida was the state of contracting for the policy. While the plant was purchased by California-based companies, assembled in California and exploded in California, causing the damage at issue in this action, these factors would not be considered in this choice of law determination.[1] Florida is the state in which the Gerling policy was executed and Florida's substantive laws should govern the interpretation of the policy.

In the event that Florida law has not addressed or its jurisprudence is incomplete with regard to specific issues related to the interpretation of Gerling policy, this Court should consider relevant California law given California's contacts to this action.

    4.    **CONCLUSION**

For the foregoing reasons, Gerling respectfully submits that the substantive law of the State of Florida governs the interpretation of the terms of the Gerling policy.

Dated: April 1, 2008        BARGER & WOLEN LLP


By:   /s/ Tino X. Do
      THOMAS R. BEER
      TINO X. DO
      Attorneys for Defendant HDI-GERLING
      AMERICA INSURANCE COMPANY

---

[1] The Florida Supreme Court has noted that it has considered and rejected the significant relationship test for use with respect to "issue[s] of insurance coverage." *Roach*, 945 So.2d at 1163 (citing *Sturiano v. Brooks*, 523 So.2d 1126, 1129 (Fla. 1988)).