**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INS.,<br><br>    Plaintiff,<br><br>v.<br><br>GERLING AMERICAN INS.,<br><br>    Defendant. | No. C 07-06302 CRB<br><br>**ORDER RE: MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

Now pending before the Court is Plaintiff Fireman's Fund Insurance Company's ("FFIC") motion for leave to file a third amended complaint. In short, Plaintiff seeks to amend its complaint to add an award of attorney's fees and costs to the amount that it is entitled to recover under Defendant Gerling's Commercial Lines Policy No. 4003527GLP ("Gerling Policy"). For the reasons set forth below, the motion is GRANTED IN PART, and DENIED IN PART. The hearing scheduled for Friday, April 11, 2008 is VACATED.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In reviewing a motion for leave to amend, this Court considers: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Id.

Following a trial in the District Court for the Southern District of Florida, a jury found

1 that Gencor Industries was liable to FFIC for damages for breach of contract and negligence
2 in the amount of $1,751,913.10. The suit was then transferred to this Court pursuant to 28
3 U.S.C. § 1404(a), so that FFIC could seek to recover the judgment from Gerling – Gencor's
4 insurer – in a more convenient forum.

5 Prior to trial, FFIC filed a demand for judgment pursuant to Florida Statute § 768.79
6 for $900,000, which was rejected. Because the final judgment that FFIC obtained for its
7 breach of contract claim exceeded the offer by twenty-five percent, FFIC was found to be
8 entitled to recover costs and attorney's fees incurred from the date of the § 768.79 demand.
9 Thus, the Florida court awarded FFIC $42,000 in attorney's fees and $42,000 in costs to be
10 paid by Gencor. FFIC now seeks leave to file an amended complaint to reflect the fact that it
11 intends to recover the awarded fees and costs from Gerling.

12 Both parties recognize that the Gerling Policy has an aggregate limit on commercial
13 general liability of $1,000,000. Because the underlying judgment of more than $1.75 million
14 exceeds the policy's general liability provision, FFIC can only recover attorney's fees and
15 costs if recoverable pursuant to the policy's "Supplemental Payments" section. See Third
16 Amended Complaint ¶ 28. In relevant part, the Supplemental Payments section provides:
17 "We will pay, with respect to any . . . 'suit' against an insured we defend: All costs taxed
18 against the insured in the 'suit.'" Whether attorney's fees and costs are recoverable pursuant
19 to the Supplemental Payments section therefore turns on the meaning of "costs" as used in
20 the Gerling Policy.

21 The parties agree that the meaning of language used in the policy must be interpreted
22 according to Florida law. That is so because following a transfer under § 1404(a), "the
23 transferee Court must follow the choice-of-law rules that prevailed in the transferor Court."
24 Ferens v. John Deere Co., 494 U.S. 516, 519 (1990). If this matter were resolved in Florida,
25 Florida law would apply because the Gerling Policy was delivered and executed in that state.
26 See State Farm Mut. Auto. Ins. Co. v. Roach, 945 So.2d 1160, 1163 (Fla. 2006) ("[I]n
27 determining which state's law applies to contracts, we have long adhered to the rule of lex
28 loci contractus. That rule, as applied to insurance contracts, provides that the law of the

2

jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage.").

Defendant Gerling has pointed to no Florida authority that would undermine the sensible conclusion that "costs" – as used in its policy – covers the $42,000 in costs awarded to FFIC in the underlying action. Indeed, Florida case law holds that the kind of language at issue here mandates that the insurer satisfy a judgment for costs. See Pac. Employers Ins. Co. v. Alex Hofrichter, P.A., 670 So.2d 1023, 1025 (Fla. Dist. Ct. App. 1996). Therefore, FFIC must be permitted to amend its complaint to seek recovery of the award of costs, and the motion for leave to amend is GRANTED IN PART.

However, the award of attorney's fees is not recoverable under the Gerling Policy's Supplementary Payments section. The Florida Supreme Court has made clear that "attorneys' fees recoverable by statute are regarded as 'costs' only when specified as such by the statute which authorizes their recovery." Spiegal v. Williams, 545 So.2d 1360, 1362 (Fla. 1989). Thus, when an insurance policy obligates an insurer to pay "costs" taxed against the insured in a lawsuit, the insurer is not obligated to satisfy a judgment of attorney's fees unless the statute authorizing the fees award equates fees with costs. See Florida Patient's Compensation Fund v. Moxley, 557 So.2d 863, 864 (Fla. 1990). A cursory examination of Florida Statute § 768.79 makes plain that attorney's fees are not specified as costs. As a matter of law, FFIC cannot recover the $42,000 in attorney's fees awarded by the Florida court from Gerling, and therefore an amendment seeking to recover fees would be futile. Accordingly, FFIC's motion for leave to amend is DENIED IN PART as to attorney's fees.

**IT IS SO ORDERED.**

Dated: April 3, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE