Jon D. Derrevere, Esquire (FBN: 330132)
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
561-684-3222

Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY,
a California corporation a/s/o BASIC RESOURCES,
INC. and GEORGE REED, INC., California
corporations

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., California corporations,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C 07 06302 CRB<br><br>**FOURTH AMENDED COMPLAINT** |

Plaintiff, FIREMAN'S FUND INSURANCE COMPANY ("FFIC") a/s/o BASIC RESOURCES, INC. ("BASIC RESOURCES") and GEORGE REED, INC. ("GEORGE REED") by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, as well as the additional legal authorities cited herein, respectfully sue the defendant, GERLING AMERICA INSURANCE COMPANY ("GERLING") and so alleges:

## PARTIES

1. At all times material, FFIC was and remains a California insurance corporation, existing under the laws of the State of California, and registered throughout the numerous States and is thereby authorized to conduct business in the State of California.

2. At all times material, FFIC insured BASIC RESOURCES, a California corporation, existing under the laws of the State of California, with its principal place of business at 928 12th Street, Modesto, CA 95354 and GEORGE REED, a California corporation, existing under the laws of the State of California, with its principal place of business at 928 12th Street, Modesto, CA 95354, under a policy of insurance numbered S08MZX80757126 ("the FFIC Insurance Policy").

3. FFIC is subrogated, both legally and equitably, to the interests of its insureds, BASIC RESOURCES and GEORGE REED to the extent of certain insurance payments made by FFIC to these insured's pursuant to the policy with respect to the insured's claim for property damages incurred as a direct result of an explosion of a 12,000 pound Stationary Asphalt Batch Plant (the "Plant").

4. At all times material, GERLING was and remains a foreign insurance company, existing under the laws of the State of New York. Upon information and belief, GERLING was also, at all times material, and remains registered with the State of California, Department of Insurance; GERLING is thereby authorized to do business and is doing business in the State of California. At all times material, GERLING insured GENCOR INDUSTRIES, INC. ("GENCOR") a Delaware corporation whose principal place of business and corporate headquarters are located at 5201 N. Orange Blossom Trail, Orlando, Florida 32810, per the Policy of Insurance attached hereto as Exhibit 1.

## STATEMENT OF JURISDICTION

5.    This Court has original diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332 in that this matter is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00.

## STATEMENT OF VENUE

6.    Venue is proper in the San Francisco Division of the Northern District of California because GERLING does business in the State of California including the Northern District of California and because the Northern District was chosen by GERLING as the most convenient venue for this case.

## GENERAL ALLEGATIONS

7.    On or about February 8, 2000, BASIC RESOURCES and GEORGE REED entered into a written contract with GERLING's insured, GENCOR, for the purchase of the parts comprising the Plant which was constructed by GEORGE REED. FFIC is not suing on the underlying contract and therefore does not attach a copy of the GENCOR Contract.

8.    GENCOR sold the parts to BASIC RESOURCES and GEORGE REED for $1,989,679.00, and thereafter provided technical services including "start-up" for operation of the Plant.

9.    On or about April 18, 2001, the Plant exploded, causing significant and extensive property damage and causing additional damages, including but not limited to out-of-pocket expenses, replacement costs, repair and reimbursement costs, property damages, loss of profits, and business interruption damages.

10.    Thereafter, BASIC RESOURCES and GEORGE REED timely presented their claim for damages to FFIC. FFIC responded by conducting an investigation of the cause of the explosion and resulting damages and determined that the claim was "covered" under the FFIC policy issued to

BASIC RESOURCES. Accordingly and pursuant to the terms of the policy, FFIC paid the claim of its insured, less the deductible. By so doing, and as a matter of law and of fact, FFIC was and remains subrogated to all of the rights, demands, and claims of its insured against any and all third parties whose acts or omissions caused or contributed to the explosion and resulting damages.

11. Thereafter, FFIC sued GENCOR in an action entitled "Fireman's Fund Insurance Company, a foreign corporation, as Subrogee of (a/s/o) Basic Resources, Inc., and George Reed, Inc., a foreign corporation v. Gencor Industries, Inc., a foreign corporation" in the 9th Judicial Circuit Court in and for Orange County, Florida, Case No.: 04-CA-7746, Division 32; Complex Business litigation Court, (the "State Court Action").

12. GERLING defended its insured, GENCOR, in the State Court Action up to and including a trial by jury. On January 26, 2007, the jury returned its verdict in favor of FFIC determining that GENCOR breached the Contract with BASIC RESOURCES/GEORGE REED and that GENCOR was negligent.

13. On June 11 2007, the Amended Final Judgment in the State Court Action was entered against GENCOR in the sum of $1,751,913.10 (exclusive of attorneys' fees and costs). A copy of the Amended Final Judgment is attached as Exhibit 2.

14. On September 7, 2007, A Final Judgment awarding Costs was entered in the State Court Action in the sum of $42,000.00. A copy of the Final Judgment awarding Costs is attached as Exhibit 3.

15. GERLING's Policy of Insurance, pursuant to which GERLING defended GENCOR in the State Court Action, provides coverage for the FFIC claim for damages as particularly set forth in the Amended Final Judgment, including FFIC's $42,000.00 in costs. GERLING, however, has denied FFIC's claims for such coverage.

16. In its capacity as a Judgment Creditor in the State Court Action, FFIC is an intended third-party beneficiary under GERLING's Policy of Insurance.

17. GERLING's Policy of Insurance was delivered to GENCOR in the State of Florida and includes applicable Florida coverage endorsements because GENCOR's principal place of business was and remains in the State of Florida. The law of the State of Florida governs in determining the rights and obligations of the parties pursuant to that policy and in adjudging any breach thereunder by GERLING.

18. FFIC has performed all conditions precedent to bringing this action or such performance of conditions precedent have been waived. .

## COUNT I: DECLARATORY RELIEF

19. FFIC realleges Paragraphs 1-18 as if fully set forth herein.

20. This is a cause of action for Declaratory Relief brought pursuant to Sec. 86.04, Fla.Stat., with respect to GERLING's Policy of Commercial General Liability Insurance, pursuant to which GERLING provided GENCOR a defense in the State Court Action, and under which GERLING has failed and refused to satisfy the Amended Final Judgment and the Judgment for $42,000.00 in Costs entered in favor of FFIC.

21. This cause of action presents no question/issues of fact to be resolved but rather seeks the Court's interpretations/construction of GERLING's Policy of Commercial General Liability Insurance insuring GENCOR on the date of the Plant explosion.

22. As the Judgment Creditor of GERLING's insured, GENCOR, FFIC brings this action as an intended third-party beneficiary to the insurance benefits and proceeds under the GERLING Policy. However, FFIC is in doubt as to its rights, powers, and/or privileges and in doubt as to GERLING's obligations, duties, liabilities and powers under such Policy, and so, seeks declaratory relief.

23. FFIC respectfully requests that this Court grant relief in the form of a Declaratory Judgment which clarifies, declares, and adjudicates the parties' respective rights and obligations with respect to FFIC's demand for satisfaction of the State Court Amended Final Judgment and Judgment for $42,000.00 in Costs entered in FFIC's favor and against GERLING's insured, GENCOR, and for all other relief deemed just and legally proper under the circumstances including an order requiring GERLING to satisfy the State Court Judgment and FFIC's costs, incurred in this action.

**WHEREFORE**, FFIC demands entry of a Declaratory Judgment against GERLING, declaring GERLING contractually liable to provide insurance benefits to FFIC and to enter said Judgment against GERLING in the total amount of the State Court Amended Final Judgment together with the award of $42,000.00 in Costs in favor of FFIC in the State Court Action, together with applicable Pre-Judgment interest and for all other relief deemed just and legally proper under the circumstances, including Post-Judgment interest and FFIC's costs, incurred in this action.

### **COUNT II: BREACH OF CONTRACT**

24. FFIC realleges Paragraphs 1-18 as if fully set forth herein.

25. This is a cause of action for Breach of the GERLING Commercial General Liability Insurance Policy insuring GENCOR, pursuant to which GERLING provided GENCOR with a defense in the State Court Action, and under which, GERLING has failed and refused to honor its contractual obligations to satisfy the Amended Final Judgment, together with the additional $42,000.00 in Costs entered in favor of FFIC in the State Court Action.

26. FFIC is an intended third-party beneficiary of the GERLING Policy of Insurance.

27. GERLING is in material breach of the contractual duty owed to FFIC by failing and refusing to satisfy the Amended Final Judgment together with the Award of $42,000.00 in Costs.

28.    FFIC is entitled to recover the full amount of the Judgment up to the GERLING policy limit of One Million Dollars ($1,000,000.00) and additional sums in excess of the policy limit of One Million Dollars for supplementary payments including "all costs taxed against the insured", pre-judgment interest and all interest on the full amount of the State Court Judgment.

**WHEREFORE,** FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC., and GEORGE REED, INC., a foreign corporation, respectfully requests this Court to enter Judgment in favor of FFIC and against Defendant, GERLING AMERICA INSURANCE COMPANY, a foreign corporation, in an amount exceeding $75,000.00 and for all other relief deemed just and proper under the circumstances, including the costs in bringing this action.

DATED: __10th__ DAY OF __April__ 2008.

By:    /s/ Jon D. Derrevere
JON D. DERREVERE
Fla. Bar No.: 330132
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
jdd@derreverelaw.com

*Admitted Pro Hac Vice*
Counsel for Plaintiff

CHARLES K. BRUNN
CBN: 28021
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354
Email: CBrunn@Brunn-Flynn.com

Co-counsel for Plaintiff

## PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

-7-
FOURTH AMENDED COMPLAINT

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On this 10th day of April, 2008, I served the foregoing document(s) described as:

**FOURTH AMENDED COMPLAINT**

On the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

**[ ] BY REGULAR MAIL:**

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

**[X] BY ECF:**

I HEREBY CERTIFY that on this 10th day of April, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on this 10th day of April, 2008.

NAME: Deanna N. Menendez         Signature: *Deanna N. Menendez*

-8-
FOURTH AMENDED COMPLAINT