Thomas R. Beer (148175), tbeer@barwol.com
Tino X. Do (221346), tdo@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
HDI-GERLING AMERICA INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO.: 3:07-cv-06302-CRB<br><br>**DEFENDANT HDI-GERLING AMERICA INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS [F.R.C.P 12(c)]**<br><br>Date: May 30, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8 |

TO THE HONORABLE COURT AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTE THAT, on May 30, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 before the Honorable Judge Charles R. Breyer at the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94012, Defendant HDI-Gerling America Insurance Company will and hereby do move this Court as follows:

For an entry of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) in favor of HDI-Gerling.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

j:\office2\29218\011\08pleadings\mtn for judgment on the pleadings v3.doc

Defendant HDI-Gerling's Motion for Judgment on the Pleadings

1  This motion is based on the Notice of Motion, Memorandum of Points and Authorities filed
2  herewith, the pleadings and papers filed herein, the pleadings and records in this case, and such
3  other matters as the Court may deem appropriate.

4

5  Dated: April 24, 2008                                    BARGER & WOLEN LLP

6

7                                                By:        /s/ Tino Do
                                                       THOMAS R. BEER
8                                                      TINO X. DO
                                                       Attorneys for Defendant HDI-GERLING
9                                                      AMERICA INSURANCE COMPANY

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-2-
Defendant HDI-Gerling's Motion for Judgment on the Pleadings

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and for the reasons stated herein, Defendant HDI-Gerling America Insurance Company ("HDI-Gerling") moves this Court for entry of judgment on the pleadings in favor of HDI-Gerling. Plaintiff Fireman's Fund Insurance Company's ("FFIC") Complaint alleges that FFIC is entitled to seek coverage under a HDI-Gerling insurance policy solely because FFIC has obtained an Amended Final Judgment ("Judgment") against HDI-Gerling's insured in a state court action. However, this Judgment states that it is "not an in personam Judgment" against the insured and cannot be personally executed against the insured. As this Judgment does not legally obligate the insured to pay any damages from the state court action, it does not trigger HDI-Gerling's duty to provide coverage under the plain terms of the HDI-Gerling policy. Thus, FFIC's Complaint fails to state a claim for coverage under the HDI-Gerling policy, and HDI-Gerling is entitled to judgment on the pleadings.

### 2. STATEMENT OF FACTS

The following facts are alleged in the Complaint, including the various documents FFIC has appended to and incorporated by reference into the Complaint:

HDI-Gerling insures Gencor Industries, Inc. ("Gencor") under a Commercial Lines Policy, policy number 4003-527-GLP. Complaint, ¶ 4; Exhibit 1 ("HDI-Gerling Policy"). The "Insuring Agreement," of the HDI-Gerling Policy at Section I, paragraph 1(a) provides that:

> [HDI-Gerling] will pay those sums that the insured becomes *legally obligated to pay as damages* because of 'bodily injury' or 'property damages' to which this insurance applies.

*Id.* (Emphasis added).

On or about February 2000, Gencor manufactured and sold a 12,000 lb. stationary batch asphalt plant ("Plant") to Basic Resources and George Reed, California-based companies. Complaint, ¶ 7. On April 18, 2001, a Gencor service technician arrived at the site to provide "start-up" technical services. *Id.*, ¶ 8. An explosion ensued which destroyed a significant portion of the Plant. *Id.*, ¶ 8. FFIC, as insurer for Basic Resources and George Reed, investigated and eventually paid approximately $1.3 million to its insureds. *Id.*, ¶ 10.

-3-
Defendant HDI-Gerling's Motion for Judgment on the Pleadings

In September 2004, FFIC, as subrogee of Basic Resources and George Reed, sued Gencor in Florida state court for breach of contract and negligence for the damages to the Plant. Complaint, ¶ 11. HDI-Gerling defended Gencor under a reservation of rights in the state court action. *Id.*, ¶ 12. Following trial, a jury found for FFIC and a *non in personam* Amended Final Judgment was entered on behalf of FFIC in the amount of $1,751,913.10 solely on the breach of contract cause of action. *Id.*, ¶ 13; Exhibit 2. Additionally, a Final Judgment Awarding Fees and Costs that was also not *in personam* against Gencor was later entered in favor or FFIC. *Id.*, ¶ 14; Exhibit 3.

On May 2, 2007, FFIC filed its initial Complaint for Declaratory Relief and Breach of Contract against HDI-Gerling pursuant to its alleged rights under the Amended Final Judgment against Gencor. Complaint, ¶¶ 20, 25.

### 3. ARGUMENT

#### A. Standard for Judgment on the Pleadings

A motion for judgment on the pleadings is the equivalent of a motion to dismiss for failure to state a claim as both challenge the legal sufficiency of a party's allegations. The motion may be granted if, treating all well-pleaded factual allegations as true, the moving party is entitled to judgment. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure par. 1368 (2d ed. 1990). Documents attached to the complaint and incorporated by reference are treated as part of the complaint, and thus are properly considered on a Rule 12(c) motion. *See, e.g.*, Fed. R. Civ. P. 10(c); James W. Moore *et al.*, Moore's Federal Practice par. 10.06, at 10-28 (2d 1995) (also noting: "In case of conflict between the exhibit and the pleading, the exhibit controls"); *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n. 4 (5th Cir. 1998).

#### B. FFIC Has No Claim Under the HDI-Gerling Policy Because the *Non In Personam* Judgment It Obtained Against Gerling's Insured Does Not Trigger HDI-Gerling's Duty to Provide Coverage

A party seeking to recover under an insurance policy has the burden of demonstrating a claim is covered under the terms of the policy. *U.S. Liability Ins. Co. v. Bove*, 347 So.2d 678, 680 (Fla. 3rd DCA 1977). FFIC's claim for coverage under the HDI-Gerling Policy relies solely upon the Judgment that FFIC obtained against HDI-Gerling's insured, Gencor. However, this Judgment

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

specifically provides that Gencor is not legally obligated to pay any damages. Pursuant to the plain language of the Policy, this *non in personam* Judgment does not trigger[1] HDI-Gerling's duty to provide coverage and FFIC cannot show that it has any claim under the Policy.

      (1)    <u>The plain and ordinary meaning of the terms of the HDI-Gerling Policy show that HDI-Gerling's duty to indemnify has not been triggered by FFIC's Judgment against Gencor</u>

Under Florida law, the scope and extent of insurance coverage is determined by the language and terms of the policy. *Roberts v. Fla. Lawyers Mut. Ins. Co.*, 839 So.2d 843, 845 (Fla. 4th DCA 2003); *see also Auto-Owners Ins. Co. v. Anderson*, 756 So.2d 29, 34 (Fla. 2000) ("Florida law provides that insurance contracts are construed in accordance with the plain language of the policies . . . ."). Furthermore, the words used in an insurance policy are to be given their plain and ordinary meaning. *Rigby v. Underwriters At Lloyd's, London*, 907 So.2d 1187, 1188 n.1 (Fla. 3d DCA 2005).

As it relates to the duty to indemnify, the "Insuring Agreement" provision of the HDI-Gerling Policy provides that Gerling "will pay those sums that the insured becomes legally obligated to pay as damages . . . ." Complaint, Exh. 1. The plain meaning of this provision is HDI-Gerling's duty to indemnify is triggered when its insured has an obligation or duty under the law to pay an amount of money as damages. *See State Farm Fire & Cas. Co. v. Castillo*, 829 So.2d 242, 244 (Fla. 3d DCA 2002) ("[T]erms utilized in an insurance policy should be given their plain and unambiguous meaning as understood by the 'man-on-the-street.'"); *see also Lindheimer v. St. Paul Fire & Marine Ins. Co.*, 643 So.2d 636, 638 (Fla. 3d DCA 1994) ("[T]he terms of the contract must be given their everyday meaning and read in light of the skill and experience of ordinary people."). In this case, HDI-Gerling's duty to indemnify has not been triggered by FFIC's Judgment against Gencor as Gencor does not have any obligation or duty under the law to pay any amount under that Judgment.

---

[1] The term "trigger" is not a term utilized or defined in the insurance policy itself, but rather is a term of art used to define the event or condition that determines whether or not a policy responds to a specific claim.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

(2) <u>FFIC's Judgment against Gencor does not legally obligate HDI-Gencor to pay damages</u>

The Judgment that is the sole basis for FFIC's claims for coverage under the HDI-Gerling Policy states that it "is not an in personam Judgment against Gencor and shall not be subject to execution against Gencor. Complaint, Exh. 1.

(a) FFIC's Judgment is not an *in personam* judgment against Gencor

Judgments are generally classified as judgments *in personam*, judgments *in rem*, and judgments *quasi in rem*. 46 Am. Jur. 2d Judgments § 171. An *in personam* judgment imposes personal liability or obligation on one person in favor of another, and which can result only from some personal obligation following the person wherever he or she may be and which may be enforced anywhere that person is. *Id.*; *see also* Black's Law Dictionary 861 (8th ed. 1999) (defining *in personam* judgment as one "that imposes personal liability on a defendant and that may therefore be satisfied out of any of the defendant's property within judicial reach"). *In personam* judgments are distinguished from *in rem* and *quasi in rem* judgments which are judgments affecting specific property only. 46 Am. Jur. 2d Judgments § 171.

In the underlying state court action, FFIC sought to impose personal liability against Gencor for the explosion of the Plant, not to adjudicate the status of specific property. However, the Judgment that FFIC obtained against Gencor plainly states that it is "not an in personam Judgment against Gencor . . . ." As Gencor is not legally obligated to pay this Judgment, HDI-Gerling's duty to indemnify under the terms of the Policy has not been triggered.

(b) FFIC's Judgment against Gencor is a defective attempt by FFIC to reach Gencor's insurance policy while releasing Gencor personally

FFIC's *non in personam* Judgment against Gencor appears to be a novel, albeit defective, attempt to reach Gencor's insurance coverage while releasing Gencor for any personal liability. Gerling has not been able to locate any cases in which a *non in personam* judgment was the focal point in a determination of whether an insurance policy was required to respond to a specific claim. *But see, State Farm Lloyds, Inc. v. Williams*, 791 S.W.2d 542, 548-550 (1990) (finding that judgment rendered against wife's estate in underlying lawsuit was *in rem* judgment imposing

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

liability on community property in wife's estate, and did not impose personal liability on wife or wife's estate, and thus, insurer was not liable to estate under terms of insurance policy); *Sexton v. Harleysville Mut. Cas. Co.*, 130 S.E. 475, 478-79 (1963) (finding that insured did not become legally obligated to pay as damages the amount of an *in rem* judgment obtained against his automobile by the damaged property owners).

FFIC may argue that the Court should consider the holding of cases such as *Auto-Owners Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 547 So.2d 148 (1989) that addressed whether insurance carriers had a duty to provide coverage in similar situations. In *Auto-Owners*, a Florida appellate court held that a covenant not to execute on a judgment against an insured does not negate insurance coverage. *Id.* at 152. In reaching this decision, the court focused on the intent of the parties in entering into the settlement agreements that contained the covenant not to execute and stated that:

> to allow [the carrier] to be exonerated based on a document it never signed and agreed to by parties with no intention to releasing it would run counter to the prevailing public policies of [Florida].

*Id.* at 152.

The holding of *Auto-Owners* and other similar cases have no application in this case as HDI-Gerling is not arguing that an agreement outside the Policy somehow negates its duty to provide coverage. The plain language of the Judgment obtained by FFIC shows that FFIC has no claim under the HDI-Gerling Policy as HDI-Gerling's duty to indemnify has not been triggered. Instead of obtaining a standard judgment against Gencor combined with a covenant not to execute, such as in the *Auto-Owners* case, FFIC accepted a judgment that specifically stated that it was "not an in personam Judgment against Gencor and shall not be subject to execution against Gencor." Complaint, Exh. 1. As this Judgment does not legally obligate Gencor to pay any damages, Gerling has no duty to provide coverage under the Policy.

### 4. CONCLUSION

The HDI-Gerling Policy plainly states that an insured must be legally obligated to pay damages before HDI-Gerling's duty to provide coverage is triggered. The Judgment upon which FFIC bases its claims for coverage under the HDI-Gerling Policy is *non in personam* against the insured and does not legally obligate the insured to pay any damages. As such, FFIC fails to state a

-7-
Defendant HDI-Gerling's Motion for Judgment on the Pleadings

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1  claim for coverage under the HDI-Gerling Policy.  For the foregoing reasons, HDI-Gerling
2  respectfully request that the Court enter judgment on the pleadings in favor of HDI-Gerling.

5  Dated: April 24, 2008                               BARGER & WOLEN LLP

7                                                      By:    /s/ Tino X. Do
                                                              THOMAS R. BEER
8                                                             TINO X. DO
                                                              Attorneys for Defendant HDI-GERLING
9                                                             AMERICA INSURANCE COMPANY

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800