1  Jon D. Derrevere, Esquire (FBN: 330132)
   Derrevere, Hawkes & Black
2  470 Columbia Drive, Bldg B
   West Palm Beach, FL 33409
3  561-684-3222
   *Pro Hac Vice*
4
   CHARLES K. BRUNN (CBN: 28021)
5  BRUNN & FLYNN
   928 12th Street, Suite 200
6  P.O. Box 3366 (95353)
   Modesto, California 95354
7
8  Attorneys for Plaintiff
   FIREMAN'S FUND INSURANCE COMPANY,
9  a foreign corporation a/s/o BASIC RESOURCES, INC.
   and GEORGE REED, INC., a foreign corporation
10

11              IN THE UNITED STATES DISTRICT COURT

12             FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C 07 06302 CRB<br><br>**PLAINTIFF'S RESPONSE WITH CROSS-MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (D.E. 33) [F.R.C.P. 12 (c)]**<br><br>Hearing Date:  May 30, 2008<br>Time:         10:00 a.m.<br>Courtroom:    8 |

**TO: THE HONORABLE COURT AND TO DEFENDANT AND COUNSEL OF RECORD:**

### MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(c), Civil L.R. 7-1 through 7.5, inclusive, as well as additional legal authorities cited herein, Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC. ("FFIC") respectfully

1 | files/serves this Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to
2 | Defendant's Motion for Judgment on the Pleadings.

2

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

# TABLE OF CONTENTS

|  |  | Page(s) |
|---|---|---|
| 1. | Table of Contents | 3 |
| 2. | Table of Citations | 4-5 |
| 2. | Introduction | 6 |
|  | a) Relief Requested | 6 |
|  | b) Summary of Issue Answered | 6-8 |
| 3. | Statement of Facts | 8-11 |
| 4. | Argument | 11-14 |
| 5. | Conclusion | 14-15 |
| 6. | Proof of Service | 16 |

3

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

# TABLE OF CITATIONS

| | Cases | Page(s) |
|---|---|---|
| 1. | In re Jet Florida Systems, Inc. v. Jet Florida Systems, Inc. 883 F.2d 970 (11th Cir. 1989) | 6, 7, 12, 13, 14 |
| 2. | Wimmer v. Mann, 58 Bankrupt 953 (Bankr. W.D. Va., 1986) | 7, 12, 14 |
| 3. | Bowers v. American Surety Co., 30 F.2d 244, 7 A.F.T.R. (P-H) 8430 (2d, Cir.), cert. Denied, 279 U.S. 865 [49 S.Ct. 480, 73 L.Ed. 1003] (1929) | 7, 12 |
| 4. | Underhill v. Royal, 769 F.2d 1426 (9th Cir. 1985) | 8, 12 |
| 5. | Pettibone Corp. v. Hawxhurst, 163 B.R. 989 1994 U.S. Dist. LEXIS 858 (N.D. Ill. 1994) | 7, 8, 12, 13 |
| 6. | Allstate Ins. Co. v. Stanley, 282 F. Supp. 1342 (M.D. Fla. 2007) | 9 |
| 7. | Van Bibber v. Hartford Acc. and Indemn. Ins. Co. 439 So.2d 880 (Fla. 1983) | 9 |
| 8. | Camp v. St. Paul Fire & Marine Ins. Co. 616 So.2d 12 (Fla. 1993) | 6 |
| 9. | Caprece v. Depository Trust and Clearing Corp. 2005 U.S. LEXIS 42039 (S.D. Fla. 2005) | 9 |
| 10. | Omega Patents, LLC v. Lear Corp., 2008 U.S. Dist. LEXIS 21990 (M.D. Fla. 2008) | 11 |
| 11. | Horsley v. Rivera, 292 F.3d 695, 701 (11th Cir. 2002) | 11 |
| 12. | Thunderwave, Inc. v. Carnival Corp. 954 F. Supp. 1562, 1564 (S.D.Fla. 1997) | 11 |
| 13. | Castro v. Sec'y of Homeland Sec. 472 F.3d 1334, 1336 (11th Cir.2006) | 11 |
| 14. | Bell Atl. Corp v. Twombly, U.S. 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) | 11 |
| 15. | Bryan Ashley Int'l, Inc. v. Shelby Williams Indus, Inc. 932 F.Supp. 290, 291 (S.D. Fla. 1996) (citing 5A Charles A. Wright & Arthur R. Miller Federal Practice and Procedure § 1368 at 222 (2004)) | 11 |

4

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

| | | |
|---|---|---|
| 16. | Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) | 11 |
| 17. | Adamson v. Poorter, 2007 U.S. App. LEXIS 23577<br>2007 WL 2900576 *2 (11th Cir. 2007) | 12 |
| 18. | Citibank, N.A. v. White Motor Corp.<br>(In re: White Motor Credit), 761 F.2d 270 (6th Cir. 1985) | 13 |
| 19. | In re: Honosky 6 Bankr.<br>667, 670 [Bkrtcy] (S.D.W. Va. 1980) | 14 |

**Statutes, Rules, Codes**

| | | |
|---|---|---|
| 1.  | Fed.R.Civ.P. 12 (c) | 1, 11, 14, 15 |
| 2.  | Fla.Stat. § 55.145 | 7 |
| 3.  | Fed.R.Civ.P. 10 (c) | 6 |
| 4.  | 11 U.S.C.S. § 524 | 7, 13, 14 |
| 5.  | 11 U.S.C.S. § 524 (a) (2) | 7, 10, 14 |
| 6.  | Fla.Stat. § 627.4136 | 9 |
| 7.  | Federal Rules of Evidence 201 | 9 |
| 8.  | 11 U.S.C.S. § 524 (e) | 10, 13, 14 |
| 9.  | Fed.R.Civ.P. (b) (6) | 11 |
| 10. | Fed.R.Civ.P. 56 | 11 |
| 11. | Fed.R.Civ.P. 12 (b) (6) | 11 |
| 12. | 11 U.S.C.S. § 524 (a) | 12, 13 |

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

#### a. Relief Requested:

Defendant's Motion for Judgment on the Pleadings should be denied. FFIC's Response in Opposition includes a Cross-Motion for Partial Judgment on the Pleadings, which addresses the same issue, and should be Granted, as a matter of law.

#### b. Summary of Issue Answered:

FFIC respectfully submits that, as a matter of law, GERLING cannot escape liability to FFIC for recovery of the underlying Final Judgments entered against GERLING's insured, GENCOR INDUSTRIES, INC. ("GENCOR") simply because the Final Judgments are not "in personam" due to GENCOR's status as a Debtor Discharged in Bankruptcy. Preliminarily, GERLING has waived this argument in fact and in law by virtue of its execution of that certain "Bankruptcy Stipulation" referenced in the Final Judgments (that GERLING has raised this argument is frankly disingenuous). Further, because a bankrupt's estate does not extend to insurance benefits available for the satisfaction of third party claims the fact that GENCOR is not technically (but still legally) responsible to satisfy the Judgments is irrelevant to GERLING's obligation to pay an otherwise "covered" claim. See: In re Jet Florida Systems, Inc. v. Jet Florida Systems, Inc., 883 F.2d 970 (11th Cir. 1989). See also: Camp v. St. Paul Fire & Marine Ins. Co., 616 So.2d 12 (Fla. 1993) (holding that a liability insurer for a discharged debtor-insured is liable in bad faith for an excess judgment rendered against the insured discharged debtor notwithstanding cancellation of the Judgment per F.S. § 55.145).

Attached to the Fourth Amended Complaint is the GERLING Policy, (D.E. 29-1) as well as true copies of the Underlying Amended Final Judgment (D.E. 29-3) entered against GENCOR in

6

the amount of $1,751,913.10 (Pursuant to Fed.R.Civ.P. 10 (c) an exhibit attached to a pleading is a part of the pleading for all purposes). The Underlying Amended Final Judgment (D.E. 29-3) entered in favor of FFIC and against GENCOR specifically states:

> In accordance with the Stipulation of record executed by and between the parties and GENCOR's insurer, GERLING AMERICA INSURANCE COMPANY ("GERLING"), and pursuant to the terms and requirements of the GENCOR bankruptcy proceeding in United States Bankruptcy Court for the Middle District of Florida, Orlando Division, Case No.: 00-3597-6J1, this is not an in personam Judgment against GENCOR and shall not be subject to execution against GENCOR.

See: D.E. 29, Exhibit 29-3

Although the parties do not dispute that Florida substantive law applies to interpretation/construction of the GERLING Policy language itself, the impact of a "not in personam" Judgment, due to a defendant's discharge in bankruptcy, is controlled by the Federal Bankruptcy Code (11 U.S.C.S. § 524 et seq.) and the decisional law interpreting/applying that law. GERLING's Motion D.E. 33, fails to cite to any legal authorities regarding application of an insured's bankruptcy status as affecting execution of an otherwise covered claim as against a liability insurer and is therefore inapposite.

As a matter law, when a liability insurer is obliged pursuant to its policy to pay a third-party for damages caused by the acts or omissions of its insured who is a discharged debtor, the debtor's liability is regarded as "personal" within the meaning of 11 U.S.C.S. § 524 (a) (2) to the extent necessary to obtain recovery against the insurer. In re: Jet Florida Systems, Inc. v. Jet Florida Systems, Inc., 883 F.2d 970 (11th Cir. 1989) (insurer not shielded by insured's bankruptcy); Pettibone Corp. v. Hawxhurst, 163 B.R. 989; 1994 U.S. Dist. LEXIS 858 (N.D. Ill. 1994) (insurer not shielded by bankruptcy of insured); Wimmer-Mann, 58 Bankrupt 953 (Bankr. W.D. Va., 1986); Bowers v. American Surety Co., 30 F.2d 244, 7 A.F.T.R. (P-H) 8430 (2d, Cir.), cert. Denied, 279 U.S. 865 [49 S.Ct. 480, 73 L.Ed. 1003] (1929) (surety not shielded by obligor's bankruptcy);

7

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

Underhill v. Royal, 769 F.2d 1426 (9th Cir. 1985) (surety not shielded by obligor's bankruptcy). In addition to the foregoing, GERLING's Argument contravenes (and if approved, renders meaningless) the following language in the GERLING Policy: **"1. Bankruptcy. Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part"**. See: D.E. 29-1, Section V, P. 8 of 13. GERLING's Motion should be denied and the Court should enter Partial Judgment on the Pleadings in favor of FFIC on this issue.

## 2. STATEMENT OF FACTS
### (Pleadings, Exhibits to Pleadings, Facts for Which Judicial Notice is Required)

At all times material, FFIC insured BASIC RESOURCES, INC. and GEORGE REED, INC. ("FFIC INSUREDS"), both California corporations, under a certain FFIC Insurance Policy, No. S08MZX80757126, D.E. 29, Paragraph 1. On February 8, 2001, the FFIC Insureds entered into a written contract ("the Contract") with GENCOR INDUSTRIES, INC. ("GENCOR"), a Delaware corporation with a principal place of business in Orlando, Florida. D.E. 29, Paragraph 4 and 7. Pursuant to the contract, the FFIC Insureds purchased parts for the construction (by the FFIC Insureds) of a 12,000 pound Stationary Asphalt Batch Plant (the "Plant") for the total sum of $1,989,679.00. D.E. 29, Paragraph 3, 7 and 8. At all material times, GERLING insured GENCOR pursuant to a post-1986 ISO standard form commercial general liability (CGL) policy of insurance which is attached as Exhibit 1 to the Fourth Amended Complaint (D.E. 29-1). Pursuant to The Contract, GENCOR provided technical services including "start-up" for the Plant operation. D.E. 29, Paragraph 8. On April 18, 2001, the Plant exploded causing extensive property damage as defined in the GERLING Policy. D.E. 29, Paragraph 9; 29-1, SECTION V-DEFINITIONS, 15.a., P. 13 of 13. The FFIC Insureds timely presented their claim for damages to FFIC, which investigated the cause of the explosion and resulting damages and determined the claim was covered under its policy, made payment to its insureds, and became subrogated to its insureds' rights, claims and

8

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

demands against GENCOR whose acts or omissions caused the explosion. Thereafter, FFIC filed the Underlying Action as described in the Fourth Amended Complaint, D.E. 29, Paragraph 10, 11 and 12. GERLING defended GENCOR in the Underlying Action. D. E. 29, P. 12. Following a trial by jury, a verdict was returned in favor of FFIC, against GENCOR, and an Amended Final Judgment for Breach of Contract (awarding property and other damages) and a Final Judgment awarding costs ("the Judgments") were entered in favor of FFIC and against GENCOR, specifically stating that the Judgments are "not in personam" due to GENCOR's status as a discharged debtor in accordance with the Stipulation executed by the parties (the "Bankruptcy Stipulation"), **The Bankruptcy Stipulation was executed by GENCOR, FFIC and GERLING in its capacity as insurer for GENCOR.** D.E. 29, 29-2, 29-3; See: Notice of Filing Declaration of Jon D. Derrevere, with attached certified copies of Bankruptcy documents of Record. FFIC initiated this declaratory relief and breach of contract action against GERLING, as an intended third-party beneficiary under the GERLING Policy seeking recovery on the Judgments in accordance with the terms of the policy. D.E. 29, Paragraph 16, 29-1, SECTION IV, 3 b "Legal Action Against Us", P. 9 of 13. See also: § 627.4136, Fla.Stat. (2001); Allstate Ins. Co. v. Stanley, 282 F. Supp. 1342 (M.D. Fla. 2007); Van Bibber v. Hartford Acc. and Indemn. Ins. Co., 439 So.2d 880 (Fla. 1983).

Pursuant to Rule 201 of the Federal Rules of Evidence as well as Caprece v. Depository Trust and Clearing Corp., 2005 U.S. LEXIS 42039 (S.D. Fla. 2005), Plaintiff requests that the Court take judicial notice of the Bankruptcy Stipulation referenced in the Amended Final Judgment D.E. 29-3, which is of record in the Underlying Action as well as the following certified copies from the Court record "In re: GENCOR INDUSTRIES, INC., et al., Debtors, Chapter 11, Case No.: 00-3597-6J1, In the United States Bankruptcy Court Middle District of Florida, Orlando Division":

1. FFIC's "Amended Motion to Reopen" (D.E. 944)
2. GENCOR's "Opposition of Gencor Industries, Inc. to Amended Motion to Reopen" (D.E. 945)

9

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

    3.    FFIC's "Notice of Withdrawal of Amended Motion to Reopen of Fireman's Fund Insurance Company" with Bankruptcy Stipulation attached (D.E. 946)

    4.    Notice of Filing Declaration of Jon D. Derrevere, Esquire, with documents attached.

The Bankruptcy Stipulation is also of record in the Underlying Action, and establishes GERLING's participation and Stipulation that, inter alia:

### Recitals

\* \* \*

WHEREAS, Gencor has alleged in this action that Fireman's Fund is precluded from pursuing this action by the discharge injunction of section 524(a)(2) of the Bankruptcy Code resulting from the confirmation of Gencor's Fourth Amended Plan of Reorganization in the Gencor Bankruptcy;

WHEREAS, section 524(e) of the Bankruptcy Code provides that a discharge does not affect the liability of any other entity on the Claim, and Fireman's has filed the attached Amended Motion to Reopen the Gencor Bankruptcy;

WHEREAS, the parties hereto have now agreed that the discharge injunction does not preclude Fireman's Fund from continuing this action against Gencor solely for the purpose of obtaining any and all available insurance proceeds which cover the Claim: provided; however, that the discharge injunction does prohibit Fireman's Fund from enforcing any judgment obtained in this action *in personam* against Gencor.

### Agreement

NOW THEREFORE, in consideration of the premises set forth above, and for such other valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the parties to this Stipulation hereby expressly agree as follows:

1. The Recitals set forth above are true and correct.

2. Fireman's Fund, Gencor and American Gerling doe hereby stipulate and agree that the discharge injunction resulting from the confirmation of Gencor's Fourth Amended Plan of Reorganization in the Gencor Bankruptcy does not prohibit Fireman's Fund from pursuing this action against Gencor solely for the purpose of recovering any and all available insurance proceeds which cover the Claim; provided, however, that any judgment obtained against Gencor in this action may not be collected by Fireman's Fund *in personam* against Gencor.

3. Gencor and American Gerling hereby stipulate and agree to immediately withdraw any bankruptcy defense in this action.

10

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

4.   Fireman's Fund hereby stipulates and agrees to an Order in this action vacating the clerk's default entered against Gencor in this action.

5.   Fireman's Fund hereby stipulates and agrees to withdraw its Motion to Reopen in the Gencor Bankruptcy.

### 3. ARGUMENT

#### A. Standard for Judgment on the Pleadings

In Omega Patents, LLC v. Lear Corp., 2008 U.S. Dist. LEXIS 21990 (M.D. Fla. 2008), the Court summarized the established standard of review with respect to a Rule 12(c) Motion as follows:

> Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings **and any** judicially noticed facts. Horsley v. Rivera, 292 F.3d 695, 701 (11th Cir. 2002).
>
> The standard applied to a Rule 12(c) motion is essentially if not entirely identical to the standard applied to a Rule 12(b)(6) motion. See Thunderwave, Inc. v. Carnival Corp., 954 F. Supp. 1562, 1564 (S.D.Fla. 1997) (citing cases). In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the court must accept all allegations in the complaint as true and construe them in the light most favorable to the plaintiff Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir.2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, --U.S. --, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation marks, citations, and brackets omitted). Furthermore, the plaintiff's factual allegations, when assumed to be true, "must be enough to raise a right to relief above the speculative level." Id. at 1965. District courts apply a fairly restrictive standard in ruling on motions for judgment on the pleadings. Bryan Ashley Int'l, Inc. v. Shelby Williams Indus., Inc., 932 F.Supp. 290, 291 (S.D.Fla. 1996) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 at 222 (2004)).
>
> The standard for converting a Rule 12(c) motion to a motion for summary judgment is the same as the standard for conversion of a Rule 12(b)(6) motion. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). There are three exceptions to the rule

11

that considering material outside of the pleadings converts a motion to dismiss into a motion for summary judgment. "First, conversion will not occur if the court properly takes judicial notice of attached exhibits. Second, a document attached to the pleadings as an exhibit may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. Third, the conversion is harmless and does not require notice if the parties, inter alia, made all arguments and submitted all the documents they would have even with sufficient notice." *Adamson v. Poorter,* 2007 U.S. App. LEXIS 23577, 2007 WL 2900576 *2 (11th Cir. 2007) (internal citations omitted).

### B. A Final Judgment in a Civil Action for Damages against an Insured-Debtor that states it is not "in personam" due to the insured-debtor's Discharge in Bankruptcy is by Operation of Law "personal" to the extent the victorious Plaintiff may pursue Recovery of Insurance Benefits from the Debtor's Liability Insurer

Pursuant to the terms of the GERLING Policy, GERLING agrees to "pay those sums that the insured becomes legally obligated to pay as damages because of…'property damage' to which this insurance applies" (D.E. 29-1). Additionally, GERLING's obligations are not affected in the event of its insured's bankruptcy. D.E. 29-1, Section V., P. 8 of 13. Because a discharged debtor's personal accounts/assets are not subject to attachment and execution, both the Bankruptcy Code and decisional law thereunder recognize that civil actions for damages against an insured-debtor can proceed to allow a claimant to establish the insured-debtor's liability and thereafter recovery against the debtor's liability insurer. For such purposes only, the debtor's liability is "personal" and the insurer cannot escape liability because the debtor is not subject to an "in personam" Judgment. See: *Wimmer v. Mann,* 58 Bankrupt 953 (Bankr. W. D. Va. 1986); *In re: Jet Florida Systems, Inc. v. Jet Florida Systems, Inc.,* 883 F.2d 970 (11th Cir. 1989); *Bowers v. American Surety Co.,* 30 F.2d 244, 7 A.F.T.R. (P-H) 8430 (2d Cir.), cert. Denied, 279 U.S. 865 [49 S.Ct. 480, 73 L.Ed. 1002] (1929); *Underhill v. Royal,* 769 F.2d 1426 (9th Cir. 1985); *Pettibone Corp. v. Hawxhurst,* 163 B.R. 989; 1994 U.S. Dist. LEXIS 858 (N.D. Ill. 1994).

At the time the Underlying Action was commenced, GENCOR was a debtor discharged in bankruptcy. See: Notice of Filing Declaration of Jon D. Derrevere. Title 11 U.S.C.S. § 524(a)

12

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

operates as a permanent injunction against actions against a debtor subsequent to discharge. See: In re: Jet Florida Systems (holding that bankruptcy discharge and concomitant injunction against subsequent actions are designed to give the debtor a financial "fresh start" preventing "abuse by harassing creditors"), [(quoting H.R. Rep. No. 1502, 91st Cong.2d Sess. At 1-2 (1970) (U.S. Code Cong. and Admin. NEXIS 1970, P. 4156)]. As a result, in order for a creditor to pursue a claim against a bankrupt, the creditor must generally file a notice of claim during the bankruptcy proceeding; when no such claim is filed, the creditor typically waives any right against the bankrupt to which it may have been entitled. However, a discharge does not act to enjoin a creditor from taking action against another, such as a surety, who also might be liable to the creditor. Id at 973.

In Jet Florida, the Court rejected application of the 6th Circuit Court of Appeals Decision In Re White Motor, 761 Fl.d 270 (6th Cir. 1985), reasoning that the goals of 11 U.S.C.S. § 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor for the purpose of establishing the pre-requisite for recovery from a liability insurer; to hold otherwise, not only prevents an otherwise deserving third party from receiving compensation but also allows insurers to escape their agreed upon liability resulting in unjust enrichment and a benefit that was never intended nor in anyway computed within the rate charged for issuing the Policy. Similarly, in Pettibone Corp. v. Hawxhurst, 163 B.R. 989; 1994 U.S. Dist. LEXIS 858 (N.D. Ill. 1994) the Court held that a discharge injunction under 11 U.S.C.S. § 524(e) only prevents suits with respect to the personal liability of the debtor (i.e. personal assets) and does not bar a determination of the liability of the debtor for purposes of accessing insurance coverage; the fresh-start policy of the statutory injunction does not allow an insurer to escape its obligations merely because of the financial misfortunes of the insured. The plain language of 11 U.S.C.S. § 524 of the Bankruptcy Code provides that the statutory injunction does not preclude a determination of a debtor's liability in order to allow a plaintiff to access indemnification from a third party because the discharge serves

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

only as an injunction against actions commenced to recover a debt as a personal liability of the debtor. Clearly, the discharge does not affect the liability of third parties in regard to a debt from which the debtor is discharged.

In <u>Jet Florida</u>, the Court adopted the holdings of <u>In re: Mann</u>, 58 B.R. at 958, stating "when an insurer is liable for the debtor's torts, the liability is 'personal' within the meaning of Sec. 524(a)(2) but only to the extent necessary to sustain recovery against the debtor-insured." <u>See also</u>: 11 U.S.C.S. § 524(e) (holding that except as provided in subsection (a)(3), discharge does not affect the liability of any other entity on, or the property of any other entity for such debt). In other words, a "non in personam" Judgment drafted in that manner because of the debtor's status as a discharged bankrupt means only that "no property of the debtor will put in jeopardy. If there is liability of the debtor, it is 'personal' only to the extent necessary to sustain recovery against the insurer." <u>In re: Honosky</u> 6 Bankr. 667, 670 [Bkrtcy] (S.D.W. Va. 1980).

## **CONCLUSION**

Based upon the foregoing authorities, the liability of GENCOR, the insured discharged debtor, with respect to the underlying non in personam final Judgments is, by operation of law, deemed a "personal" liability for purposes of obtaining coverage and prevents GERLING from escaping liability based solely on GENCOR's status as a discharged debtor. That result is wholly consistent with the terms of GERLING's Policy which clearly indicates that an insured's bankruptcy does not relieve GERLING of its coverage obligations. <u>See</u>: D.E. 29-1. Accordingly, the Underlying Final Judgments, by operation of law, "trigger" GERLING's duty to provide coverage. Notwithstanding GERLING's "waiver" of this issue based upon the Stipulation executed by FFIC, GERLING, and GENCOR, FFIC's Fourth Amended Complaint states a cause of action upon which Relief may be granted and FFIC is entitled to Partial Judgment on the Pleadings affirming that coverage is not affected by the "non in personam" Judgments or GENCOR's bankruptcy.

14

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

**WHEREFORE**, Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., by and through undersigned counsel, respectfully request this Court to enter an Order which denies Defendant's Rule 12(c) Motion, which grants Plaintiff's Rule 12(c) Cross-Motion for Partial Judgment on Pleadings and determines that as a matter of law, GERLING's coverage duty is triggered by the Final Judgments because GERLING's discharged debtor-insured, GENCOR, is personally liable, as a matter of law, with respect to the Underlying Final Judgments but only to the extent that FFIC may recover amounts "covered" under the GERLING Policy.

Respectfully submitted,

By: _____
JON D. DERREVERE
Fla. Bar No.: 330132
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
jdd@derreverelaw.com

*Admitted Pro Hac Vice*
Counsel for Plaintiff

By:
CHARLES K. BRUNN
CBN: 28021
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354
Email: CBrunn@Brunn-Flynn.com

Co-counsel for Plaintiff

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings

## PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On  May 1st , 2008, I served the foregoing document(s) described as:

**PLAINTIFF'S RESPONSE WITH CROSS-MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (D.E. 33) [F.R.C.P. 12 (c)]**

On the interested parties in this action by placing [ ] the original [ ] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

**[ ] BY REGULAR MAIL:**

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

**[X] BY ECF:**

I HEREBY CERTIFY that on this  1st  day of  May , 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on  May 1st , 2008.

NAME: Deanna N. Menendez          Signature: *Deanna N. Menendez*

16

Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings