Jon D. Derrevere, Esquire (FBN: 330132)
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
561-684-3222
*Pro Hac Vice*

CHARLES K. BRUNN (CBN: 28021)
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354

Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY,
a foreign corporation a/s/o BASIC RESOURCES, INC.
and GEORGE REED, INC., a foreign corporation

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

FIREMAN'S FUND INSURANCE
COMPANY, a foreign corporation
a/s/o BASIC RESOURCES, INC.
and GEORGE REED, INC., a foreign
corporation,

        Plaintiff,

  vs.

GERLING AMERICA INSURANCE
COMPANY, a foreign corporation,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.  C 07 06302 CRB

**DECLARATION OF JON D. DERREVERE
IN SUPPORT OF PLAINTIFF'S
RESPONSE WITH CROSS-MOTION FOR
PARTIAL JUDGMENT ON THE
PLEADINGS TO DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS
(D.E. 33) AND FOR ALL OTHER
PURPOSES [F.R.C.P. 12(c)]**

**Hearing Date: May 30, 2008
Time: 10:00 a.m.
Courtroom: 8**

**TO:  THE HONORABLE COURT AND TO DEFENDANT AND COUNSEL OF
RECORD:**

I, JON D. DERREVERE, declare as follows:

1.    I am an attorney at law duly admitted to practice in the State of Florida, and have
been granted the privilege to appear before this Court pro hac vice on behalf of the Plaintiff,

FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEOREGE

REED, INC. ("FFIC").

2.    I am a principal in the law firm of Derrevere, Hawkes & Black.

3.    I am over the age of twenty-one. I am otherwise sui juris. I have personal knowledge

of the facts contained herein and if called upon to do so, I could and would testify competently

thereto.

4.    At all times material, I have acted as lead counsel for Plaintiff FFIC in the

"Underlying Action", entitled "FIREMAN'S FUND INSURANCE COMPANY, a foreign

corporation as Subrogee of (a/s/o) BASIC RESOURCES, INC. and GEOREGE REED, INC.,

foreign corporations vs. GENCOR INDUSTRIES, INC., a foreign corporation, Case No.: 2004-CA-

7746, In the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida". I

litigated this case through a jury trial which resulted in a Verdict for FFIC. Based on the Verdict, an

Amended Final Judgment was entered in favor of FFIC as well as a Final Judgment awarding costs.

True and correct copies of The Judgments are attached to the Fourth Amended Complaint in this

action (D.E. 29, 29-2 and 29-3). Herein, FFIC has sued Defendant GERLING AMERICAN

INSURANCE COMPANY ("GERLING"), which at all times material, was the liability carrier for

the Defendant, in the Underlying Action, "GENCOR". GERLING defended GENCOR in the

Underlying Action. A Pretrial Statement was filed by Counsel for GENCOR and FFIC in the

Underlying Action. A true and correct copy of the Pretrial Statement attached as Exhibit 1.

5.    FFIC filed the Underlying (subrogation) Action against GENCOR on September 22,

2004; however, as of July 11, 2001 GENCOR, was a Debtor in Bankruptcy. GENCOR's Chapter 11

Plan was approved and pursuant to 11 U.S.C.S. § 524 a permanent injunction for a discharged

debtor was issued "In re: Gencor Industries, Inc., et al, Case No.: 00-03597-6J1 of the United States

Bankruptcy Court Middle District of Florida, Orlando Division." Attached as Exhibit 2 is a

2

certified copy of FFIC's Motion to Reopen the Bankruptcy Matter (docket entry 944), with an attachment referenced "Fireman's Fund Insurance Company's Motion to Modify Discharge Injunction." Although I did not represent FFIC in the Bankruptcy matter, I did confer with FFIC's counsel, Michael A Paasch, Esquire regarding his effort to modify GENCOR's Discharge Injunction to allow FFIC to proceed against GENCOR in the Underlying Action solely for the purpose of pursuing a recovery from GENCOR's liability insurer, the Defendant herein, GERLING.

6.     In the Bankruptcy matter, GENCOR objected to FFIC's Motion to Reopen. Exhibit 3 is a certified copy of "Opposition of Gencor Industries, Inc.'s to Amended Motion to Reopen." (D.E. 945 in Bankruptcy Case).

7.     As a result thereof, FFIC filed a "Notice of Withdrawal of Amended Motion to Reopen of Fireman's Fund Insurance Company" (D.E. 946 in Bankruptcy case) which references and attaches a "Stipulation" which was entered of record in the Underlying Action as well as the Bankruptcy Action. The Stipulation was executed by GENCOR's defense counsel (hired by GERLING) and by separate corporate counsel for GERLING (Exhibit 4).

8.     These Exhibits are all true and correct copies of documents that are "of record" in the court files for the respective cases identified herein and are public records.

9.     FFIC has requested that this Court take judicial notice of these public court records, pursuant to Federal Rules of Evidence 201. See: FFIC's Resposne with Cross-Motion for Judgment on the Pleadings as to Defendant's Motion for Judgment on the Pleadings (D.E. 33).

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States. Executed on this ___1st___ day of ___May___ 2008 in West Palm Beach, Florida.

3

1

2

3

4
　　　　　　　　　　　　　　　　　　　　JON D. DERREVERE

5   STATE OF FLORIDA:

6   COUNTY OF PALM BEACH:

7

8   　　　The foregoing instrument was acknowledged before me this ___ day of
_____, 2008, by _Jon D. Derrevere_ who is personally known to me and/or who is

9   personally known to me._____. He did not take an oath.

10

11   (Signature of Notary Public)

12

13   FRANCES E. MINCHEW
(Typed name of Notary Public)

14   Notary Public, State of :
Commission No. _____

15   My Commission expires:

16

17   FRANCES E. MINCHEW
MY COMMISSION # DD 693099

18   EXPIRES: July 19, 2011
Bonded Thru Notary Public Underwriters

19

20

21

22

23

24

25

26

27

28

4

Declaration of Jon D. Derrevere in Support of Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings to
Defendant's Motion for Judgment on the Pleadings and for all other Purposes.

## PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On _May 1st_____, 2008, I served the foregoing document(s) described as:

**DECLARATION OF JON D. DERREVERE IN SUPPORT OF PLAINTIFF'S RESPONSE WITH CROSS-MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (D.E. 33) AND FOR ALL OTHER PURPOSES [F.R.C.P. 12(c)]**

On the interested parties in this action by placing [  ] the original [  ] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

## [  ] BY REGULAR MAIL:

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

## [X] BY ECF:

I HEREBY CERTIFY that on this _1st_ day of _May_____, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on _May 1st_____, 2008.

NAME: Deanna N. Menendez          Signature: _deanna N menendez_

Declaration of Jon D. Derrevere in Support of Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings to Defendant's Motion for Judgment on the Pleadings and for all other Purposes.

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.:    04-CA-007746
DIVISION:    32
COMPLEX BUSINESS
LITIGATION COURT

FIREMAN'S FUND INSURANCE COMPANY, a
Foreign corporation a/s/o BASIC RESOURCES, INC.
and GEORGE REED, INC., a foreign corporation,

        Plaintiff,

vs.

GENCOR INDUSTRIES, INC., a foreign corporation,

        Defendant.

_____/

## PRE-TRIAL STATEMENT

The Parties, by and through undersigned counsel and pursuant to the Amended Case Management Order hereby files this Pre-Trial Statement with respect to the trial docket beginning January 9, 2007. And states:

1.   **The Parties:**

**Plaintiff:**   FIREMAN'S FUND INSURANCE COMPANY
             a/s/o BASIC RESOURCES, INC. and GEORGE
             REED, INC.

**Counsel:**   JON D. DERREVERE, Esquire
             DERREVERE & HAWKES
             470 Columbia Drive, Bldg. "B"
             West Palm Beach, FL 33409-1949
             561-684-3222; Fax: 561-640-3050
             FBN: 330132

**Defendant:**   GENCOR INDUSTRIES, INC.

**Counsel:**   PATRICK J. MURPHY, Esquire
             MURPHY & NEALE, P.A.
             550 Fairway Drive, Suite 203



EXHIBIT 1

FFIC v. Gencor
Pretrial Statement
Case No.: 04-CA-7746
Page 2 of 5
_____/

Deerfield Beach, Florida 33441
954-525-5509; Fax: 954-525-4509
FBN: 562475

2.    **Stipulated Statement of the Facts:**

This action arises out of an explosion at the Basic Resources/George Reed asphalt plant located near Lodi, California which occurred on April 18, 2001. The plant consisted of equipment including a cold feed system, stationary dryer, batch tower, stationary bag house, stationary silos, salt conveyer with cleanout, and other miscellaneous materials sold by Gencor at a total cost to Basic Resources/George Reed of $1,989,679.00. At the time of the explosion, Gencor had delivered all of the equipment called for in the contract, Basic Resources/George Reed personnel had completed erection and installation of the equipment and service tests of the electrical system were being performed by Gencor employee, Calvin Dixon, and Basis Resources/George Reed employees Larry Tipton, Bill Johnson, and one other individual. During the start-up process, the plant exploded. Fireman's Fund alleges negligence on behalf of the Defendant's employee, Mr. Dixon, in causing the explosion. Gencor denies all allegations of negligence.

As a result of the explosion and the property damage it caused, Basic Resources incurred losses for damage to the facility. Basic Resources/George Reed made a claim for those damages with their insurance company, FFIC which made payments in the sum of $1,324,475.00. FFIC seeks reimbursement from Gencor for the amounts paid to settle the claim. Gencor has denied liability for the loss and asserts that George Reed/Basic Resources is responsible in whole or in part for causing the loss.

2

_____/

3.     **Pending Motions:**

A.)     Plaintiff's Motion to Compel Better Answers to Interrogatories & Request for Production.

B.)     Plaintiff's Motion to add Expert Witness to Testify at Trial, Motion to Strike Defendant's Experts and Certain Fact Witnesses, and Motion In Limine as to prior Unrelated Claims.

C.)     Defendant's Motion to Compel Deposition of Mr. Franco of Craig Insurance.

4.     **Agreed Rules and Stipulated Facts:**

**Rules of Law:**

Florida Standard Jury Instructions (and/or as revised), Florida Rules of Evidence, Florida Rules of Civil Procedure. Florida Case Law, Florida Statutes Annotated.

**Stipulated Facts:**

A.)     Fireman's Fund Insurance Company ("FFIC") is a foreign insurer authorized to transact business in the State of Florida.

B.)     At all times material hereto, FFIC insured Basic Resources, Inc. ("BASIC") and George Reed, Inc. ("REED") pursuant to a policy of insurance which included coverage for property damage to the real property owned by BASIC and Reed.

C.)     Gencor Industries, Inc. is a Florida corporation authorized to transact business and transacting business in Florida.

D.)     Florida Law controls the rights and obligations of the parties.

FFIC v. Gencor
Pretrial Statement
Case No.: 04-CA-7746
Page 4 of 5
_____/

5.    **Issues of Law and Fact to be Determined at Trial:**

A.)    Whether Gencor breached its contract with George Reed and if so, the amount of damages caused thereby.

B.)    Whether Gencor was negligent, if so, whether such negligence was a legal cause of loss, injury, or damage to George Reed and/or Basic Resources and the amount thereof.

C.)    Whether FFIC is entitled to interest on the sums paid, and if so, the amount thereof.

D.)    Whether there was negligence or fault on the part of Basic Resources or George Reed which contributed to causing the loss and if so, the percentage thereof.

E.)    Whether the damages asserted by Fireman's Fund are reasonable, necessary, and/or related to the event described in the lawsuit.

6.    **Estimated Time for Trial:**

It is estimated that seven (7) days will be required for trial.

7.    **Discovery Cut-Off:**

January 4, 2007.

8.    **Parties Trial Exhibits:**

See Exhibit "A" for Plaintiff's Exhibits.

See Exhibit "B" for Defendant's Exhibits.

9.    **Trial Witnesses:**

See Exhibit "A" for Plaintiff's Witnesses.

See Exhibit "B" for Defendant's Witnesses.

**Dated** this ____ day of _____, 2006.

FFIC v. Gencor
Pretrial Statement
Case No.: 04-CA-7746
Page 5 of 5

_____ /

10.  **Attorneys Trying the Case:**

JON D. DERREVERE, Esquire
DERREVERE & HAWKES
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
561-684-3222; Fax: 561-640-3050

PATRICK J. MURPHY, Esquire
MURPHY & NEALE, P.A.
550 Fairway Drive, Suite 203
Deerfield Beach, Florida 33441
954-525-5509; Fax: 954-525-4509

BY: _____
     JON D. DERREVERE
     Fla. Bar No: 330132

BY: _____
     PATRICK J. MURPHY
     Fla. Bar No: 562475

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.:   04-CA-007746
DIVISION: 32
COMPLEX BUSINESS
LITIGATION COURT

FIREMAN'S FUND INSURANCE COMPANY, a
Foreign corporation a/s/o BASIC RESOURCES, INC.
and GEORGE REED, INC., a foreign corporation,

   Plaintiff,

vs.

GENCOR INDUSTRIES, INC., a foreign corporation,

   Defendant.

_____/

## PLAINTIFF'S AMENDED TRIAL EXPERT WITNESS LIST

  **COMES NOW**, the Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC. by and through undersigned counsel, and pursuant to the Amended Case Management Order dated February 6, 2006, files its Amended Trial Expert Witness List and states as follows:

### I. Introduction

Pursuant to the Amended Case Management Order dated February 6, 2006, and in accordance with the Fla.R.Civ.P., Rule 1.280, the Plaintiff hereby discloses the name and addresses of its potential Expert Witnesses it intends to call to testify during the trial of this matter.

Plaintiff reserves the right to supplement its Expert Witness List and/or to withdraw the disclosure of any such testifying expert witness disclosed herein at any time up through trial as permitted by the applicable rules and orders of the Court.



EXHIBIT
A

Additionally, Plaintiff reserves the right to supplement this Expert Witness List and/or to add witnesses. Finally, Plaintiff expressly reserves the right to call any expert witness, either presently or subsequently identified by the parties to this action, to testify at the trial of this matter.

## II: Expert Witness List

1.    Tom Pettibone, P.E.
      TLP Systems
      P.O. Box 955
      Shingle Springs, CA 95682-0955

      Mr. Pettibone is expected to testify to all issues relating to electrical installation, electrical failure, electrical operation, and electrical repair of the batch plant.

2.    Frank Hsu, Ph.D., P.E.
      Thermal Science & Technology
      1209 Portland Avenue
      Albany, California 94706-1323

      Mr. Hsu is expected to testify to all issues relating to the cause and origin of the explosion giving rise to the incident as generally set forth in his report dated December 12, 2003.

3.    Tom Porter
      Cimarron Gas Systems, Inc.
      4831 Marlborough Way
      Carmichael, CA 95608

      Mr. Porter is expected to testify to all issues relating to the gas installation of the batch plant, operation of the gas system.

4.    Kevin Brown, MS, CFI
      Fire Investigator
      Fire Cause Analysis
      213 West Cutting Blvd.
      Point Richmond, CA 94804-2015

*FFIC v. Gencor*
*Plaintiff's Amended Trial Expert Witness List*
*Case No.: 04CA007746*
*Page 3 of 3*

Mr. Brown is expected to testify to all issues relating to the cause and origin of the explosion giving rise to the incident as generally set forth in his report dated December 15, 2003.

5.     Donald J. Perkins, CFI
        Quality Review
        Fire Cause Analysis
        213 West Cutting Blvd.
        Point Richmond, CA 94804-2015

Mr. Perkins is expected to testify to all issues relating to the cause and origin of the explosion giving rise to the incident as generally set forth in his report dated December 15, 2003.

6.     S. Shawn McGuire, CPA
        McGuire, LLC
        301 Clematis Street, Suite 3000
        West Palm Beach, FL 33401

Mr. McGuire is a forensic accountant who has been retained by the plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail to: Patrick J. Murphy, Esquire, Murphy & Neale, P.A., 550 Fairway Drive, Suite 203, Deerfield Beach, Florida 33441 this 7th day of June , 2006.

DERREVERE & HAWKES
470 Columbia Drive, Building "B"
West Palm Beach, Florida 33409
(561) 684-3222; Fax: (561) 640-3050
Email: jdd@derreverelaw.com

By: _____
        Jon D. Derrevere, Esquire
        FBN: 330132

3

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.:   04-CA-007746
DIVISION: 32
COMPLEX BUSINESS
LITIGATION COURT

FIREMAN'S FUND INSURANCE COMPANY, a
Foreign corporation a/s/o BASIC RESOURCES, INC.
and GEORGE REED, INC., a foreign corporation,

       Plaintiff,

vs.

GENCOR INDUSTRIES, INC., a foreign corporation,

       Defendant.

_____/

### PLAINTIFF'S WITNESS & EXHIBIT LIST

     **COMES NOW**, the Plaintiff, FIREMAN'S FUND INSURANCE
COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC. by and
through undersigned counsel, and pursuant to the Amended Case Management Order
dated February 6, 2006, files it's Witness & Exhibit List and states as follows:

### I. Introduction

Pursuant to the Amended Case Management Order, dated February 6, 2006, and in
accordance with the Fla.R.Civ.P., Rule 1.280, the Plaintiff hereby discloses the name
and addresses of its potential witnesses it intends to call to testify during the trial of this
matter.

Plaintiff reserves the right to supplement its Witness/Exhibit List and/or to withdraw
the disclosure of any such testifying witness disclosed herein at any time up through
trial as permitted by the applicable rules and orders of the Court. Additionally,
Plaintiff reserves the right to supplement this Witness/Exhibit List and/or to add
witnesses/exhibits. Finally, Plaintiff expressly reserves the right to call any witness,
either presently or subsequently identified by the parties to this action, to testify at the
trial of this matter.



## Fact Witness List

1.      Richard Reimche
        3900 Pelandale Avenue
        Suite 420, PMB 360
        Modesto, CA 95356

        Former FFIC adjuster

2.      Tom Walsh
        1100 East Orange Thorpe Avenue, # 200
        Anaheim, CA 92801

        Former Risk Manager

3.      Tom Pettibone, P.E.
        TLP Systems
        P.O. Box 955
        Shingle Springs, CA 95682

4.      Larry Tipton
        425 Mount Sinai Road
        Clever, Missouri 65631

        Former George Reed employee

5.      Marc Elliott, President
        Gencor Industries, Inc.
        5201 N. Orange Blossom Trail
        Orlando, FL 32810

6.      Mitchell Clark, Director of Customer Service
        Gencor Industries, Inc.

7.      Stephen E. Schroeder, CPA, CFE
        2865 Sunrise Blvd., Suite 106
        Rancho Cordova, CA 95742

        George Reed CPA

8.      Ron Souza, Executive Vice President
        Basic Resources, Inc.
        928 12th Street, Ste 700
        Modesto, CA 95354

2

9.      Wendell G. Reed, President
George Reed, Inc.
928 12th Street, Ste 700
Modesto, CA 95354

10.     Calvin Dixon
6102 Maple Rock Way
District Heights, Maryland

        Former Gencor employee

11.     John E. Elliott, Executive Vice President
Gencor Industries, Inc.
5201 N. Orange Blossom Trial
Orlando, FL 32810

12.     William A. Johnson

        Former George Reed employee

13.     Frank Hsu, Ph.D., P.E.
Thermal Science & Technology
1209 Portland Avenue
Albany, CA 94706

14.     Tom Porter
Cimarron Gas Systems, Inc.
4831 Marlborough Way
Carmichael, CA 95608

15.     Donald J. Perkins, CFI
Fire Cause Analysis
213 West Cutting Blvd.
Point Richmond, CA 94804

16.     S. Shawn McGuire, CPA
McGuire, LLC
301 Clematis Street, Suite 3000
West Palm Beach, FL 33401

17.     John Leahy
Northern California District Office
Mining & Tunneling Unit
2211 Park Towne Circle, Suite 2
Sacramento, CA 95825

18.    Witness who has knowledge regarding claim.

19.    Any party to this action.

20.    Any person whose name appears in Answers to Interrogatories.

21.    Any person whose deposition has been taken.

22.    All witnesses listed on Defendant's Witness List.

23.    Any person named in any depositions taken in this case.

24.    Any and all new witnesses discovered through further discovery.

## Exhibit List

25.    The FFIC claims file attached as an exhibit to Mr. Reimche's deposition.

26.    The FFIC Policy, which covered the loss.

27.    Any and all documents/reports prepared by Stephen Schroeder and attached to Mr. Schroeder's deposition.

28.    Any and all documents/reports prepared by Tom Pettibone and attached to Mr. Pettibone's deposition.

29.    Any and all documents/reports prepared by Frank Hsu and attached to Dr. Hsu's deposition.

30.    Any and all documents/reports prepared by Tom Porter and attached to Mr. Porter's deposition.

31.    Any and all documents/reports prepared by Donald Perkins and attached to Mr. Perkins' deposition.

32.    Any and all documents/reports prepared by Shawn McGuire.

33.    Letters from John Leahy attached as exhibits to Ron Souza's deposition.

34.    Any and all contracts between Basic Resources/George Reed & Gencor.

35.    Deposition transcript of Calvin Dixon.

36.    Deposition transcript of Ron Souza.

37.     Deposition transcript of Wendell Reed.

38.     Deposition transcript of Frank Hsu.

39.     Deposition transcript of Tom Porter.

40.     Deposition transcript of Tom Pettibone.

41.     Deposition transcript of Stephen Schroeder.

42.     Deposition transcript of Tom Walsh.

43.     Deposition transcript of Richard Reimche.

44.     Deposition transcript of Donald Perkins.

45.     Deposition transcript of Gencor's Corporate Representative.

46.     Deposition transcript of Shawn McGuire.

47.     Any and all photographs taken of the site attached to depositions.

48.     Curriculum Vitae for all experts to testify at trial.

49.     Any and all reports filed by any additional experts hired by Plaintiff & Defendant to investigate the subject claim.

50.     All Answers to Interrogatories filed by Defendant & Plaintiff.

51.     All Answers to Request for Production filed by Defendant & Plaintiff.

52.     All deposition transcripts and the attached exhibits.

53.     All documents produced by either party.

54.     All exhibits listed by Defendant.

55.     Copies of any and all correspondence between any parties in this action.

56.     All copies of videotapes of depositions and their attached exhibits.

57.     All affidavits filed by any party to this action.

58.     All new exhibits disclosed through discovery.

5

59.   All documents subpoenaed or produced through discovery.

60.   Any and all exhibits listed on the Defendant's Disclosure of Witness & Disclosure of Exhibits.

61.   All exhibits identified between now and start of trial.

62.   All documents produced in response to any Notice of Production or Subpoena Duces Tecum served in this action by all parties.

63.   Any and all future depositions and exhibits to future depositions including expert witness depositions.

64.   All pleadings filed in this action.

65.   Florida Statutes/Case law.

66.   Any impeachment or rebuttal exhibits.

67.   Any and all recorded/transcribed statements of parties and/or witnesses.

68.   Plaintiff reserves the right to supplement its Exhibit List with exhibits as they become known; upon proper notice to all parties to this action.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by Facsimile & U.S. Mail to: Patrick J. Murphy, Esquire, Murphy & Neale, P.A., 550 Fairway Drive, Suite 203, Deerfield Beach, Florida 33441 this 20th day of January/2006.

> DERREVERE & HAWKES
> 470 Columbia Drive, Building "B"
> West Palm Beach, Florida 33409
> (561) 684-3222; Fax: (561) 640-3050
> Email: jdd@derreverelaw.com
>
> By: _____
>        Jon D. Derrevere, Esquire
>        FBN: 330132

6

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.: 04-CA-007746
DIVISION: 32
COMPLEX BUSINESS
LITIGATION COURT

FIREMAN'S FUND INSURANCE COMPANY, a
Foreign corporation a/s/o BASIC RESOURCES, INC.,
and GEORGE REED, INC., a foreign corporation,

       Plaintiff,

vs.

GENCOR INDUSTRIES, INC., a foreign corporation,

       Defendant.

_____/

## DEFENDANT'S SECOND AMENDED TRIAL EXPERT WITNESS LIST

    **COMES NOW**, the Defendant, GENCOR INDUSTRIES, INC. by and through undersigned counsel, and files its Second Amended Trial Expert Witness List and states as follows:

### I.    Introduction

    Pursuant to Fla.R.Civ.P., Rule 1.280, the Defendant hereby discloses the name and addresses of its potential expert witnesses it intends to call to testify during the trial of this matter.

    Defendant reserves the right to supplement its Expert Witness List and/or to withdraw the disclosure of any such testifying expert witness disclosed herein at any time up through trial as permitted by the applicable rules and orders of the


EXHIBIT
B

Court.    Additionally, Defendant reserves the right to supplement this Expert Witness List and/or to add witnesses.    Finally, Defendant expressly reserves the right to call any expert witness, either presently or subsequently identified by the parties to this action, to testify at the trial of this matter.

## II.    Expert Witness List

1.    Boyd. T. Cochrane, P.E.
Engineering Assessments, Inc.
6434 First Avenue North
St. Petersburg, FL  33710

Mr. Cochrane is expected to testify to all issues relating to the cause and origin of the explosion giving rise to the incident.

2.    Richard P. Harris, P.I., C.F.E.I.
Robson Lapina, Inc.
6107-C Memorial Highway
Tampa, FL  33615

Mr. Harris is expected to testify to all issues relating to the cause and origin of the explosion giving rise to the incident.

3.    Andrew Lawyer, II
ALRSI
P.O. Box 14017
Tallahassee, FL  32317-4107

Mr. Lawyer is expected to testify to all issues relating to the electrical installation and failure; and the cause and origin of the explosion giving rise to the incident.

*FFIC a/s/o Basic Resources & George Reed v. Gencor Industries*
*Case No.: 04-CA-007746; Division: 32*
*Defendant's Amended Trial Expert Witness List*

4.    James E. Widdon, III
      6499 N.W. 9th Avenue (Powerline Road)
      Suite 202
      Ft. Lauderdale, FL 33309

      Mr. Widdon is a certified public accountant who is expected to testify to
      all issues relating to the economic damages of the incident.

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a true and correct copy of the foregoing has been
furnished by U.S. Mail to: Jon D. Derrevere, Esquire, Derrevere & Hawkes, 470
Columbia Drive, Building "B", West Palm Beach, Florida 33409 this 5th day of
December, 2006.

                              MURPHY & NEALE, P.A.
                              Attorney for Defendant
                              550 Fairway Drive, Suite 203
                              Deerfield Beach, FL 33441
                              (954) 525-5509
                              (954) 525-4509 Fax


                              BY: _____
                                  PATRICK J. MURPHY, ESQ.
                                  Florida Bar No. 562475

/psc
3177

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

)
)        Chapter 11
GENCOR INDUSTRIES, INC., et al.      )        Case No.: 00-03597-6J1
)
Debtors        )
)
)

## AMENDED MOTION TO REOPEN

COMES NOW, Fireman's Fund Insurance Company ("Fireman's"), by and through its undersigned attorneys and pursuant to §350 of the Bankruptcy Code, files this its Amended Motion to Reopen, as follows:

1.      This is a Chapter 11 Case, the Order for Relief having been entered on September 14, 2000. On July 1, 2005, this case was administratively closed by the Court.

2.      On or about April 18, 2001, after the Order for Relief, an asphalt plant recently purchased by Basic Resources, Inc. from the Debtor exploded on a Basic Resources' job site while being tested by a Gencor technician causing damages to Basic Resources, Inc. and George Reed, Inc. of approximately $960,457.22.

3.      As a result of payments made by Fireman's to its insured, it acquired a post-petition subrogation claim against the Debtor and formally notified the Debtor in writing of its subrogation claim in July of 2001, August of 2002 and February of 2004, and requested that the Debtor respond to Fireman's subrogation demands.


EXHIBIT **2**

1

4.    The Debtor did not respond to Fireman's subrogation demands nor inform Fireman's of this bankruptcy case. Accordingly, Fireman's filed suit against the Debtor in late 2004 as subrogee of Basic Resources, Inc. and George Reed, Inc. At the time of filing suit, neither Fireman's nor its counsel, James P. Gainey, had any knowledge of the Gencor bankruptcy. See attached Motion for Modification of Discharge Injunction.

5.    In early 2005, Mr. Gainey was contacted by John Elliot of the Debtor informing Fireman's for the first time that Gencor had filed bankruptcy and that Fireman's insured, George Reed, Inc. had been previously notified of the bankruptcy.

6.    After receiving this notice, Mr. Gainey informed the State Court that Fireman's would take no further action in that proceeding until the effect of the Debtor's bankruptcy proceeding on the State Court action was determined.

7.    Article XIII of the Debtor's Fourth Amended Plan of Reorganization confirmed by this Court on December 20, 2001 titled "Retention of Jurisdiction" provides, in pertinent part:

> Notwithstanding entry of the Confirmation Order or the Plan Effective Date having occurred, the Chapter 11 Cases having been closed, or Final Decrees having been entered, the Bankruptcy Court shall have jurisdiction of matters arising out of, and related to the Chapter 11 Cases and the Plan under, and for the purposes of, Sections 105(a), 1127, 1142 and 1144 of the Bankruptcy Code and for, among other things, the following purposes...
>
> V. to interpret and enforce the injunctions contained in the Confirmation Order.

8.    Although some bankruptcy courts have ruled that the reopening of a case in these circumstances is unnecessary because the law is clear that a creditor does not

2

violate the discharge injunction by proceeding with a lawsuit against a debtor in order to determine liability for purposes of collecting from a third party insurance carrier, Fireman's respectfully contends that "cause" exists under §350 of the Bankruptcy Code for this Court to reopen this case for purposes of considering and ruling upon Fireman's motion for modification of discharge injunction. See e.g. In re Patterson, 297 B.R. 110 (Bankr. E.D. Tenn., 2003) (motion to reopen should be granted for purposes of ruling on Motion to Modify Discharge Injunction because court's ruling would serve as clarification of injunction and avoid a conflict between the courts); In re Doar, 234 B.R. 203, 207 (Bankr. N.D. Ga. 1999) (same)

9.     Fireman's submits that "cause" exists for this Court to reopen this case for the purpose of determining Fireman's attached Motion for Modification of the Discharge Injunction because, among other reasons: (1) this Court has expressly retained jurisdiction for this purpose; (2) the Debtor did not notify Fireman's of this case in response to Fireman's demands, nor has it disclosed the extent of its insurance coverage; (3) Fireman's and its counsel request the security of an Order of this Court before taking any action which would have any possibility of violating this Court's injunction; and (4) the State Court has expressed its desire to defer to this Court's expertise concerning the interpretation of bankruptcy law.

10.     No prejudice would inure to the Debtor if this case were reopened and it would be in the interest of justice for this Court to reopen this case for purposes of ruling on Fireman's Motion for Modification of Discharge Injunction.

WHEREFORE, Fireman's respectfully requests that this Court enter its Order Reopening this case for purposes of ruling on Fireman's Motion to Modify Discharge Injunction and for such other and further relief as this Court deems just and proper.

                                        /s/ Michael A. Paasch
                                    MICHAEL A. PAASCH
                                    Florida Bar Number 852805
                                    Mateer & Harbert, P.A.
                                    225 East Robinson Street, Suite 600
                                    Post Office Box 2854
                                    Orlando, Florida  32802-2854
                                    Telephone: (407) 425-9044
                                    Facsimile:  (407) 423-2016

                                    Attorneys for Fireman's Fund
                                    Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail or electronic filing to Gencor Industries, Inc., 5201 N. Orange Blossom Trail, Orlando, Florida 32810; Paul S. Singerman, 200 S. Biscayne Boulevard, Suite 2950, Miami, Florida 33131; Jules S. Cohen, Post Office Box 231, Orlando, Florida 32802-0231; Brad R. Godshall, 10100 Santa Monica Boulevard, Los Angeles, California 90067; Denise Dell-Powell, 255 S. Orange Avenue, Floor 17, Orlando, Florida 32801; Patrick Murphy, Murphy & Neal, P.A., 550 Fairway Drive, Suite 203, Deerfield Beach, Florida 33441 and U.S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801, this 27th day of September, 2005.

I CERTIFY THE FOREGOING TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL ON FILE
UNITED STATES BANKRUPTCY COURT
CLERK OF THE COURT

DEPUTY CLERK  9-27-2007

                                        /s/ Michael A. Paasch
                                    MICHAEL A. PAASCH

4

H:\Paasch M\CRAIG-is, Ltd\Gencor Industries, Inc-Bankruptcy of\Amended Motion to Reopen.doc

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

                          )
                          )    Chapter 11
GENCOR INDUSTRIES, INC., et al.  )    Case No.: 00-03597-6J1
                          )
    Debtors              )
                          )
_____)

## FIREMAN'S FUND INSURANCE COMPANY'S
## MOTION TO MODIFY DISCHARGE INJUNCTION

COMES NOW, Fireman's Fund Insurance Company, as subrogee of Basic Resources, Inc. and George Reed, Inc. ("Fireman's Fund"), by and through its undersigned attorneys, and pursuant to §524(e) of the Bankruptcy Code, and files this its Motion to Modify Discharge Injunction, as follows:

1.     This Court has jurisdiction over the parties and subject matter and pursuant to 28 U.S. C. §§1334 and 157(a) and the standing order of reference entered by the District Court.

2.     This is a Chapter 11 case, the Order for Relief having been entered on September 14, 2000.

3.     This Court confirmed the Debtor's Chapter 11 Plan on or about July 11, 2001 and thereby imposed a permanent injunction against acts to collect debts of the Debtor arising before confirmation.

4.     On or about April 18, 2001, after the Order for Relief, an asphalt plant recently purchased by Basic Resources, Inc. from the Debtor exploded on a Basic

Resources job site while being tested by a Gencor technician causing damages to Basic Resources, Inc. and George Reed, Inc. of approximately $960,457.22.

5.      In July of 2001, American Insurance Company, Fireman's predecessor-in-interest, formally notified the Debtor of Fireman's subrogation claim and requested the Debtor to contact it. The Debtor did not respond to the July 2001 subrogation demand.

6.      In August of 2002 and February of 2004, Fireman's, through its subrogation agent CRAIG/IS Ltd., again contacted the Debtor in writing and demanded payment of its subrogation lien. The Debtor did not respond to the demand letters.

7.      After the Debtor failed to respond to these demands, Fireman's forwarded the file to James P. Gainey of Kelley, Kronenberg, Gilmartin, Fichtel and Wander, P.A. to file suit against the Debtor.

8.      On or about September 24, 2004, Gencor was served with process in case no. 2004-CA-7746, in the Circuit Court for Orange County Florida, the Honorable Renee Roche presiding (the "Orange County action"). At the time of filing the Orange County action, neither Fireman's nor its counsel, James P. Gainey, had any knowledge of the Gencor bankruptcy.

9.      On January 10, 2005, after a default had been entered against the Debtor in the Orange County action, Mr. Gainey received a letter from John Elliot of the Debtor which informed Fireman's, for the first time, that Gencor had filed bankruptcy and also advised Mr. Gainey that George Reed, Inc. had been previously notified of the bankruptcy.

10.    The undersigned has diligently reviewed the proceedings in this case and has determined that George Reed, Inc. was added as a creditor by the Debtor on or about May 16, 2001, and that on June 12, 2001 a certification was filed by the Debtor's counsel stating that the confirmation package had been mailed by counsel to George Reed, Inc.

11.    Although Fireman's post-petition subrogation claim against the Debtor may be discharged by the failure of Fireman's to file a request for administrative expense in this proceeding, Fireman seeks modification of the discharge injunction for the purposes of pursuing the Debtor in the Orange County Action, as a nominal Defendant only, in order to recover from the Debtor's insurance carriers.

12.    This Court has granted the same relief requested herein previously by order and memorandum opinion dated November 20, 2002, documents 906 and 907.

WHEREFORE, Fireman's Fund respectfully requests that this Court modify the discharge injunction to permit Fireman's Fund to pursue the Orange County action against the Debtor only as a nominal Defendant for purposes of recovering against available insurance proceeds and for such other and further relief as this Court deems

just and proper.

<div align="right">

/s/Michael A. Paasch

MICHAEL A. PAASCH
Florida Bar Number 852805
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida 32802-2854
Telephone: (407) 425-9044
Facsimile: (407) 423-2016
Attorneys for Fireman's Fund
Insurance Company

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished

by U.S. mail or electronic filing to Gencor Industries, Inc., 5201 N. Orange Blossom

Trail, Orlando, Florida 32810; Paul S. Singerman, 200 S. Biscayne Boulevard, Suite

2950, Miami, Florida 33131; Jules S. Cohen, Post Office Box 231, Orlando, Florida

32802-0231; Brad R. Godshall, 10100 Santa Monica Boulevard, Los Angeles, California

90067; Denise Dell-Powell, 255 S. Orange Avenue, Floor 17, Orlando, Florida 32801;

Patrick Murphy, Murphy & Neal, P.A., 550 Fairway Drive, Suite 203, Deerfield Beach,

Florida 33441; and U.S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida

32801, this 27th day of September, 2005.

<div align="right">

/s/Michael A. Paasch

MICHAEL A. PAASCH

</div>

H:\Paasch M\CRAIG-is, Ltd\Gencor Industries, Inc-Bankruptcy of\Motion to Modify Discharge.doc

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FILED**

**OCT 2 1 2005**

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

In re:

GENCOR INDUSTRIES, INC., et al.,

Debtors.

Chapter 11
Case No.: 00-3597-6J1

Substantively Consolidated with
Case No.: 00-03598-6J1
Case No.: 00-03599-6J1
Case No.: 00-03601-6J1
Case No.: 00-03602-6J1
Case No.: 00-03604-6J1

Jointly Administered with
Case No.: 00-03600-6J1
Case No.: 00-03603-6J1

## OPPOSITION OF GENCOR INDUSTRIES, INC.

## TO AMENDED MOTION TO REOPEN

Comes now Gencor Industries, Inc. ("Gencor"), by and through its undersigned attorneys,

opposing the motion of Fireman's Fund Insurance Company ("Fireman's") to reopen Gencor's

closed chapter 11 case.  Gencor, in response thereto, respectfully submits as follows:

1.      This case was closed on July 1, 2005, following Gencor's successful

reorganization.

2.      By its motion, Fireman's seeks to reopen this case.  Fireman's stated purpose for

such reopening is to seek an order from this Court to the effect that this Court's discharge

injunction does not apply to Fireman's.

**EXHIBIT 3**

3.    Fireman's asserts that "no prejudice would inure to the Debtor if this case was reopened."

4.    Gencor respectfully submits that Fireman's motion should be denied, as the motion is wholly unnecessary, and Gencor will obviously be prejudiced thereby.

5.    Specifically, if Fireman's believes that Gencor owes Fireman's money, and that the discharge does not apply to Gencor, Fireman's is free to take that position in any court of appropriate jurisdiction. Fireman's does not need to reopen Gencor's chapter 11 case to litigate that issue.

6.    The authority cited by Fireman's in support of its motion – In re Patterson, 297 B.R. 110 (Bankr. E.D. Tenn. 2003) and In re Doar, 234 B.R. 203 (Bankr. N.D. Ga. 1999) – both stand for the proposition that a case might be reopened for the purpose of modifying a discharge injunction to permit creditors to nominally sue a former debtor for the purpose of reaching the debtor's insurance carrier. Fireman's seeks no such modification here. Rather, Fireman's is simply seeking a singular judicial determination that the discharge does not apply to Fireman's. Moreover, unlike in its cited precedent, Fireman's acknowledges that it intends to proceed against Gencor directly (as opposed to limiting any recovery against Genor's insurance carrier). Fireman's cited authority is therefore inapposite.

7.    Fireman's is also incorrect in asserting that no prejudice will come to Gencor by reopening Gencor's chapter 11 case. Most obviously, Gencor will again be subject to fees owing to the Office of the United States Trustee while the discharge issue is litigated in this court. More fundamentally, Gencor should not become subject to a perpetual chapter 11 case simply because creditors from time to time question the scope of the discharge injunction. Again, this Court did not retain exclusive jurisdiction to adjudicate discharge injunction issues. Those issues can be resolved by the appropriate courts.

8.    Gencor therefore respectfully requests that Fireman's motion be denied.

2

Dated: October *12*, 2005

                                      PACHULSKI, STANG, ZIEHL, YOUNG, JONES
                                        & WEINTRAUB P.C.

                                        Brad R. Godshall (CA Bar No. 105438) (pro hac vice)
                                        Alan J. Kornfeld (CA Bar No. 130063) (pro hac vice)
                                        Gillian N. Brown (CA Bar No. 205132) (pro hac vice)
                                        10100 Santa Monica Blvd., 11th Floor
                                        Los Angeles, CA 90067
                                        Telephone:  (310) 277-6910
                                        Facsimile:  (310) 201-0760
                                        Counsel to Gencor Industries, Inc.

                                        BERGER & SINGERMAN, P.A.
                                        200 South Biscayne Boulevard
                                        Suite 2950
                                        Miami, Florida 33131
                                        Telephone: (305) 755-9500
                                        Facsimile: (305) 714-4340

                                        Paul Steven Singerman
                                        Florida Bar No.: 378850
                                        email: psingerman@bergersingerman.com
                                        James H. Fierberg
                                        Florida Bar No.: 0050970
                                        email: jfierberg@bergersingerman.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S.

mail or electronic filing to Michael A. Paasch, Mateer & Harbert, 225 East Robinson Street,

Suite 600, P.O. Box 2854, Orlando, Florida 32802-2854; Paul S. Singerman, Berger &

Singerman, 200 S. Biscayne boulevard, Suite 2950, Miami, Florida 33131; Jules S. Cohen,

Akerman Senterfitt, P.O. Box 231, Orlando, Florida, 32802-0231; Denise Dell-Powell, Akerman

<div align="center">3</div>

I CERTIFY THE FOREGOING TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL ON FILE
UNITED STATES BANKRUPTCY COURT
CLERK OF THE COURT

DEPUTY CLERK
9-27-2007

30460-001\DOCS_LA:144983.1

Senterfitt, 255 S. Orange Avenue, Floor 17, Orlando, Florida 32801; Patrick Murphy, Murphy &

Neal, 550 Fairway Drive, Suite 203, Deerfield Beach, Florida 33441 and the U.S. Trustee, 135

W. Central Boulevard, Suite 620, Orlando, Florida 32801, this 12th day of October, 2005.

BRAD R. GODSHALL

4

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE:

                              )
                              )     Chapter 11

GENCOR INDUSTRIES, INC., et al.  )     Case No.: 00-03597-6J1
                              )

       Debtors               )
                              )
_____)

## NOTICE OF WITHDRAWAL OF AMENDED MOTION
## TO REOPEN OF FIREMAN'S FUND INSURANCE COMPANY

    COMES NOW, Fireman's Fund Insurance Company, by and through its undersigned attorneys, and hereby withdraws its Amended Motion to Reopen (Document Number 944). For reason, the parties have agreed to the attached Stipulation.

    WHEREFORE, Fireman's Fund Insurance Company respectfully withdraws its Amended Motion to Reopen.

                           /s/ Michael A. Paasch
                          MICHAEL A. PAASCH
                          Florida Bar Number 852805
                          Mateer & Harbert, P.A.
                          225 East Robinson Street, Suite 600
                          Post Office Box 2854
                          Orlando, Florida 32802-2854
                          Telephone: (407) 425-9044
                          Facsimile: (407) 423-2016

                          Attorneys for Fireman's Fund
                          Insurance Company



**EXHIBIT 4**

1

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE UNITED STATES BANKRUPTCY COURT CLERK OF THE COURT

DEPUTY CLERK

9-27-2007

H:\Paasch M\CRAIG-1s, Ltd\Gencor Industries, Inc-Bankruptcy of\Withdrawal of Amended Motion to Reopen.doc

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

FIREMAN'S FUND INSURANCE COMPANY,
a foreign corporation as Subrogee of (a/s/o)
BASIC RESOURCES, INC., and GEORGE REED, INC.,
foreign corporations,

    CASE NO.: 2004-CA-7746

       Plaintiff,

vs.

GENCOR INDUSTRIES, INC., a foreign corporation,

       Defendant.

_____/

## STIPULATION

THIS STIPULATION is made this 8th day of November, 2005 by and among Plaintiff, FIREMAN'S FUND INSURANCE COMPANY ("Fireman's Fund"), Defendant, GENCOR INDUSTRIES, INC. ("Gencor") and AMERICAN GERLING INSURANCE COMPANY ("American Gerling"), as follows:

### RECITALS

WHEREAS, an Order for Relief was entered on September 14, 2000, in the Chapter 11 bankruptcy proceeding of Gencor filed in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, case no. 00-03597-6J1 (the "Gencor Bankruptcy");

WHEREAS, Fireman's Fund alleges in this action that Basic Resources, Inc./George Reed, Inc. acquired a post-petition claim against Gencor as a result of an explosion to an asphalt plant recently purchased from Gencor occurring on a Basic Resources Inc. job site on or about April 18, 2001 (the "Claim");

WHEREAS, Fireman's Fund alleges that it obtained a subrogation claim as a result of payments made to Basic Resources, Inc. and/or George Reed, Inc., its insured, as a result of the Claim:

WHEREAS, Fireman's Fund filed this subrogation action against Gencor on September 22, 2004 without notice of the Gencor Bankruptcy;

WHEREAS, Fireman's Fund obtained a clerk's default against Gencor in this action on November 8, 2004;

WHEREAS, Gencor filed a Motion to set aside the clerk's default in this action on Feruary 24, 2005 and American Gerling has submitted an Affidavit in support of the Motion to set aside the clerk's default;

WHEREAS, Gencor has alleged in this action that Fireman's Fund is precluded from pursuing this action by the discharge injunction of section 524(a)(2) of the Bankruptcy Code resulting from the confirmation of Gencor's Fourth Amended Plan of Reorganization in the Gencor Bankruptcy;

WHEREAS, section 524(e) of the Bankruptcy Code provides that a discharge not affect the liability of any other entity on the Claim, and Fireman's has filed the attached Amended Motion to Reopen the Gencor Bankruptcy;

WHEREAS, the parties hereto have now agreed that the discharge injunction does not preclude Fireman's Fund from continuing this action against Gencor solely for the purpose of obtaining any and all available insurance proceeds which cover the Claim: provided; however, that the discharge injunction does prohibit Fireman's Fund from enforcing any judgment obtained in this action *in personam* against Gencor.

## AGREEMENT

NOW THEREFORE, in consideration of the premises set forth above, and for such other valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the parties to this Stipulation hereby expressly agree as follows:

1.      The Recitals set forth above are true and correct.

2.      Fireman's Fund, Gencor and American Gerling do hereby stipulate and agree that the discharge injunction resulting from the confirmation of Gencor's Fourth Amended Plan of Reorganization in the Gencor Bankruptcy does not prohibit Fireman's Fund from pursuing this action against Gencor solely for the purpose of recovering any and all available insurance proceeds which cover the Claim; provided, however, that any judgment obtained against Gencor in this action may not be collected by Fireman's Fund *in personam* against Gencor.

3.      Gencor and American Gerling hereby stipulate and agree to immediately withdraw any bankruptcy defense in this action.

4.      Fireman's Fund hereby stipulates and agrees to an Order in this action vacating the clerk's default entered against Gencor in this action.

5.      Fireman's Fund hereby stipulates and agrees to withdraw its Motion to Reopen in the Gencor Bankruptcy.

6.      This Stipulation constitutes the entire agreement among the parties relating to the subject matter of this Stipulation and there are no agreements, understandings, warranties or representations among the parties except as set forth herein.

7.      This Stipulation may be executed in counterparts, via facsimile, and each of which will be deemed an original document, but all of which will constitute a single document. This Stipulation will not be binding on or constitute evidence of a contract among the parties, until such time as a counterpart of this Stipulation had been executed by each party and a copy thereof delivered to the other parties to this Stipulation.

8.      This Stipulation is the product of negotiations among the parties hereto, all of which were represented by counsel. Therefore, the parties hereto hereby acknowledge and agree that they have read and understood the various provisions of this Stipulation and that no ambiguities or future dispute regarding the Stipulation shall be interpreted against any party hereto solely because that party hereto was the scrivener of this Stipulation or any section hereof.

9.      Each counsel or other person executing this Stipulation on behalf of any party hereto hereby warrants that he or she has the authority to do so and to bind the appropriate party hereto.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail or electronic filing to Gencor Industries, Inc., 5201 N. Orange Blossom Trail, Orlando, Florida 32810; Paul S. Singerman, 200 S. Biscayne Boulevard, Suite 2950, Miami, Florida 33131; Jules S. Cohen, Post Office Box 231, Orlando, Florida 32802-0231; Brad R. Godshall, 10100 Santa Monica Boulevard, Los Angeles, California 90067; Denise Dell-Powell, 255 S. Orange Avenue, Floor 17, Orlando, Florida 32801; Patrick Murphy, Murphy & Neal, P.A., 550 Fairway Drive, Suite 203, Deerfield Beach, Florida 33441 and U.S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801, this 8th day of November, 2005.

_____/s/ Michael A. Paasch_____
MICHAEL A. PAASCH

H:\Paasch M\CRAIG-is, Ltd\Gencor Industries, Inc-Bankruptcy of\Withdrawal of Amended Motion to Reopen.doc

IN WITNESS WHEREOF, the parties have executed this Stipulation as of the date and year first above written.

FIREMAN'S FUND INSURANCE
COMPANY, INC.

Print name: _FRANK ALBANESE_
Title: _AUTHORIZED AGENT_

GENCOR INDUSTRIES, INC.

Print name: _____
Title: _____

AMERICAN GERLING INSURANCE
COMPANY, INC.

Print name: _____
Title: _____

Approved by counsel:

JAMES P. GAINEY
Florida Bar No.: 747033
KELLEY KRONENBERG GILMARTIN
    FICHTEL & WANDER
1200 Riverplace Boulevard Suite 917
Jacksonville Florida 32207-1806
State court counsel for Plaintiff

MICHAEL A. PAASCH
Florida Bar No.: 852805
MATEER & HARBERT, P.A.
225 East Robinson Street, Suite 600
Orlando, Florida 32801
Bankruptcy court counsel for Plaintiff

PATRICK MURPHY
Florida Bar No.: 562475
MURPHY & NEAL, P.A.
550 Fairway Drive, Suite 203
Deerfield Beach, Florida 33441
State Court counsel for Gencor Industries, Inc.

BRAD R. GODSHALL
California Bar No. 107438
PACHULSKI STANG ZIEHL YOUNG JONES &
WEINTRAUB
10100 Santa Monica Blvd., Suite 1100
Los Angeles, California 90067
Bankruptcy court counsel for Gencor Industries, Inc.

DENISE DELL-POWELL
Florida Bar No.: 890472
AKERMAN SENTERFITT
255 S. Orange Avenue, Floor 17
Orlando, Florida 32801
Bankruptcy court counsel for American Gerling
Insurance Company, Inc.

STATE OF _FLORIDA_ )
COUNTY OF _DUVAL_ )

DOCS_LA:145619.2

3

The foregoing instrument was acknowledged before me this 7th day of November, 2005, by _FRANK ALBANESE_, as _REPRESENTATIVE_ of FIREMAN'S FUND INSURANCE COMPANY, on behalf of the corporation. He/she is personally known to me or has produced _____ _____ (type of identification) as identification.

ANGELA MATUSKO
MY COMMISSION # DD 176609
EXPIRES: January 24, 2007
Bonded Thru Notary Public Underwriters

Notary Public - State of Florida
Printed Name of Notary: _____
Notarial Commission No. _____
My Commission Expires: _____

STATE OF _____ )
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of October, 2005, by _____, as _____, of GENCOR INDUSTRIES, INC, on behalf of the corporation. He/she is personally known to me or has produced _____ (type of identification) as identification.

Notary Public - State of Florida
Printed Name of Notary: _____
Notarial Commission No. _____
My Commission Expires: _____

STATE OF _____ )
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of October, 2005, by _____, as _____, of AMERICAN GERLING INSURANCE COMPANY, INC, on behalf of the corporation. He/she is personally known to me or has produced _____ _____ (type of identification) as identification.

Notary Public - State of Florida
Printed Name of Notary: _____
Notarial Commission No. _____
My Commission Expires: _____

IN WITNESS WHEREOF, the parties have executed this Stipulation as of the date and year first above written.

FIREMAN'S FUND INSURANCE
COMPANY, INC.

Print name: _____
Title: _____

GENCOR INDUSTRIES, INC.

Print name: __JOHN ELLIOTT__
Title: __EXEC. VICE PRES.__

AMERICAN GERLING INSURANCE
COMPANY, INC.

Print name: _____
Title: _____

Approved by counsel:

JAMES P. GAINEY
Florida Bar No.: 747033
KELLEY KRONENBERG GILMARTIN
    FICHTEL & WANDER
1200 Riverplace Boulevard Suite 917
Jacksonville Florida 32207-1806
State court counsel for Plaintiff

MICHAEL A. PAASCH
Florida Bar No.: 852805
MATEER & HARBERT, P.A.
225 East Robinson Street, Suite 600
Orlando, Florida 32801
Bankruptcy court counsel for Plaintiff

PATRICK MURPHY
Florida Bar No.: 562475
MURPHY & NEAL, P.A.
550 Fairway Drive, Suite 203
Deerfield Beach, Florida 33441
State Court counsel for Gencor Industries, Inc. and
American Gerling Insurance Company, Inc.

BRAD R. GODSHALL
California Bar No. 107438
PACHULSKI STANG ZIEHL YOUNG JONES &
WEINTRAUB
10100 Santa Monica Blvd., Suite 1100
Los Angeles, California 90067
Bankruptcy court counsel for Gencor Industries, Inc.

DENISE DELL-POWELL
Florida Bar No.: 890472
AKERMAN SENTERFITT
255 S. Orange Avenue, Floor 17
Orlando, Florida 32801
Bankruptcy court counsel for American Gerling
Insurance Company, Inc.

STATE OF _____ )
COUNTY OF _____ )

3

The foregoing instrument was acknowledged before me this _____ day of October, 2005, by _____, as _____, of FIREMAN'S FUND INSURANCE COMPANY, on behalf of the corporation. He/she is personally known to me or has produced _____ _____ (type of identification) as identification.

_____
Notary Public - State of Florida
Printed Name of Notary:_____
Notarial Commission No._____
My Commission Expires: _____

STATE OF _Florida_____ )
COUNTY OF _Seminole_ )

The foregoing instrument was acknowledged before me this _04_ day of October, 2005, by _John Elliott_____, as _Exec. Vice Pres._, of GENCOR INDUSTRIES, INC, on behalf of the corporation. He/she is personally known to me or has produced _____ N/A _____ (type of identification) as identification.

Walter A. Gryl
My Commission DD290458
Expires February 12, 2006

_____
Notary Public - State of Florida
Printed Name of Notary: _WALtER A Gryl_
Notarial Commission No._DD 290458_
My Commission Expires: _2/12/2005_

STATE OF _____ )
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of October, 2005, by _____, as _____, of AMERICAN GERLING INSURANCE COMPANY, INC, on behalf of the corporation. He/she is personally known to me or has produced _____ _____ (type of identification) as identification.

_____
Notary Public - State of Florida
Printed Name of Notary: _____
Notarial Commission No._____
My Commission Expires: _____

IN WITNESS WHEREOF, the parties have executed this Stipulation as of the date and year first above written.

FIREMAN'S FUND INSURANCE
COMPANY, INC.

Print name: _____
Title: _____

GENCOR INDUSTRIES, INC.

Print name: _____
Title: _____

AMERICAN GERLING INSURANCE
COMPANY, INC.

Print name: _Andrew R. Spech_
Title: _Attorney for Gerling_  Esq.

PATRICK MURPHY
Florida Bar No.: 562475
MURPHY & NEAL, P.A.   Murphy + Neale, Pa
530 Fairway Drive, Suite 201
Deerfield Beach, Florida 33441
State Court counsel for Gencor Industries, Inc.

Approved by counsel:

JAMES P. GAINEY
Florida Bar No.: 747033
KELLEY KRONENBERG GILMARTIN
FICHTEL & WANDER
1300 Riverplace Boulevard Suite 917
Jacksonville Florida 32207-1805
State court counsel for Plaintiff

MICHAEL A. PAASCH
Florida Bar No.: 892909
MATEER & HARBERT, P.A.
225 East Robinson Street, Suite 600
Orlando, Florida 32801
Bankruptcy court counsel for Plaintiff

BRAD R. GODSHALL
California Bar No.: 107438
PACHULSKI STANG ZIEHL YOUNG JONES &
WEINTRAUB
10100 Santa Monica Blvd., Suite 1100
Los Angeles, California 90067
Bankruptcy court counsel for Gencor Industries, Inc.

DENISE DELL-POWELL
Florida Bar No.: 890472
AKERMAN SENTERFITT
255 S. Orange Avenue, Floor 17
Orlando, Florida 32801
Bankruptcy court counsel for American Gerling
Insurance Company, Inc.

STATE OF _____ }
COUNTY OF _____ }

DOCS_LA:149193.2

3

The foregoing instrument was acknowledged before me this _____ day of October, 2005, by _____, as _____, of FIREMAN'S FUND INSURANCE COMPANY, on behalf of the corporation. He/she is personally known to me or has produced _____ _____ (type of identification) as identification.

<div style="margin-left:40%">

Notary Public - State of Florida
Printed Name of Notary:_____
Notarial Commission No._____
My Commission Expires: _____

</div>

STATE OF _____ )
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of October, 2005, by _____, as _____, of GENCOR INDUSTRIES, INC, on behalf of the corporation. He/she is personally known to me or has produced _____ (type of identification) as identification.

<div style="margin-left:40%">

Notary Public - State of Florida
Printed Name of Notary:_____
Notarial Commission No._____
My Commission Expires: _____

</div>

STATE OF Florida )
COUNTY OF Dade )

The foregoing instrument was acknowledged before me this 08 day of November October, 2005, by Andrew R. Spector, as attorney for, of AMERICAN GERLING INSURANCE COMPANY, INC, on behalf of the corporation. He/she is personally known to me or has produced _____ _____ (type of identification) as identification.

Maidoly Telleria
Commission #DD221363
Expires: Jun 09, 2007
Bonded Thru
Atlantic Bonding Co., Inc.

<div style="margin-left:40%">

Notary Public - State of Florida
Printed Name of Notary: _____
Notarial Commission No._____
My Commission Expires: _____

</div>