Thomas R. Beer (148175), tbeer@barwol.com
Tino X. Do (221346), tdo@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
GERLING AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO.: 3:07-cv-06302-CRB<br><br>**DEFENDANT GERLING AMERICA INSURANCE COMPANY'S REPLY TO PLAINTIFF'S RESPONSE WITH CROSS-MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: May 30, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8 |

j:\office2\29218\011\08pleadings\reply - mtn for judgment on the pleadings v2.doc

Defendant Gerling's Reply to Plaintiff's Response
CASE NO.: 3:07-cv-06302-CRB

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

Defendant Gerling America Insurance Company ("Defendant" or "Gerling") submits this Reply to Plaintiff's Response with Cross-Motion for Partial Judgment on the Pleadings in Opposition to Defendant's Motion for Judgment on the Pleadings.

### 1. INTRODUCTION

In its Motion for Judgment on the Pleadings, Gerling seeks to establish that Plaintiff Fireman's Fund Insurance Company's ("Plaintiff" or "FFIC") Fourth Amended Complaint cannot, as a matter of law, state a claim under the Gerling policy because the *non in personam* judgment on which FFIC relies cannot form the basis for coverage or any other entitlement on the part of FFIC. FFIC disregards basic procedural and pleading requirements, as its "Cross-Motion for Partial Judgment on the Pleadings" is procedurally invalid and not recognized by the Federal Code of Civil Procedure. The only pleading filed by Gerling in this action is its Answer, on which a "judgment" cannot be rendered against Gerling and in favor of FFIC. FFIC further neglects to address Gerling's argument that the Fourth Amended Complaint fails to state a claim under which FFIC would be entitled to coverage under the Gerling policy, or any other remedy. As alleged in the Fourth Amended Complaint, the *non in personam* judgment FFIC obtained against Gerling's insured cannot be personally enforced against the insured and does not obligate that insured to pay any damages. FFIC focuses its entire opposition brief on the bankruptcy status of Gerling's insured, an irrelevant issue that is neither addressed in FFIC's Fourth Amended Complaint, nor in Gerling's motion. As FFIC cannot satisfy its burden of proving that its claim is covered under the terms of the policy, Gerling's Motion for Judgment on the Pleadings should be granted.

### 2. DISCUSSION

A. <u>FFIC's Cross-Motion for Partial Judgment on the Pleadings Disregards This Court's Procedures and Requirements and Should Be Rejected Without Consideration</u>

FFIC's proffered "Cross-Motion for Partial Judgment on the Pleadings" fails to comport with this Court's procedural and substantive rules for motion practice, and should not be considered. With regard to procedural requirements, FFIC filed its "cross-motion" on May 1, 2008, with a hearing date of May 30, 2008. This 29-day time period violates this Court's mandatory 35-

-2-
Defendant Gerling's Reply to Plaintiff's Response
CASE NO.: 3:07-cv-06302-CRB

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

day notice period for motions. N.D. Local Rule 7-2(a). FFIC also neglected to contact Gerling to inquire whether Gerling would stipulate to a shortened notice period.[1]

Conceptually and substantively, the cross-motion does not make sense. As noted above, the only pleading filed by Gerling in this action is its Answer, on which a "judgment" cannot be rendered against Gerling and in favor of FFIC. A motion for judgment on the pleadings challenges the legal sufficiency of a party's allegations. In this case, the only allegations at issue are those contained in FFIC's Fourth Amended Complaint. As such, FFIC's cross-motion for partial judgment on the pleadings could only challenge the allegations in its own complaint. Instead, it appears that FFIC improperly seeks to have the Court issue a declaratory opinion that the *non in personam* judgment alleged in the Fourth Amended Complaint triggered Gerling's duty to provide coverage for FFIC's claims under the policy Gerling issued to its insured. There is no legal basis for FFIC to seek this type of declaratory relief. FFIC lacks standing because Gerling is not a judgment debtor, FFIC cannot recover directly (*in personam*) against Gerling's insured, and FFIC does not have any type of assignment of policy rights from Gerling's insured.

The Court should not consider FFIC's response as a "cross-motion," but solely as an opposition brief.

### B. FFIC Fails to Address Gerling's Argument That the *Non In Personam* Judgment Does Not Trigger Gerling's Duty to Provide Coverage

FFIC's response relies upon the bankruptcy status of Gencor Industries, Inc., Gerling's insured, a purported stipulation by the parties in the underlying Florida state court action, and federal bankruptcy law, none of which are mentioned in FFIC's Fourth Amended Complaint or in Gerling's motion. However, even if the Court does take judicial notice[2] of the allegations outside FFIC's Complaint, FFIC does not address, much less rebut Gerling's argument that the *non in*

---

[1] Additionally, this Court's local rules do not permit this type of cross-motion. But cf. E.D. of Cal. Local Rule 78-230(e) (permitting a counter-motion that is related to the general subject matter of the original motion).

[2] While FFIC requests that the Court take judicial notice of certain information, FFIC again disregards proper procedure and fails to actually file a formal Request for Judicial Notice, but instead files a declaration with the exhibits to be noticed.

-3-
Defendant Gerling's Reply to Plaintiff's Response
CASE NO.: 3:07-cv-06302-CRB

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

*personam* judgment fails to trigger Gerling's duty to provide coverage or can otherwise form the basis of a claim.

### (1) FFIC was not required to obtain a *non in personam* judgment due to Gencor's bankruptcy

FFIC appears to be arguing that it was somehow required to obtain a *non in personam* judgment in the underlying state court action. FFIC claims that the *non in personam* judgment was allegedly "due to" the bankruptcy status of Gerling's insured. However, the cases and federal bankruptcy statutes cited by FFIC fail to support this contention.

FFIC alleges that Gerling cannot "escape liability because [Gencor] is not subject to an 'in personam' Judgment", and cites to federal bankruptcy statute 11 U.S.C. section 524 *et seq.* and cases such as *In re Jet Florida Systems, Inc.*, 883 F.2d 970 (11th Cir. 1989) as support. However, Gencor's bankruptcy status is not at issue in Gerling's motion, and these legal citations do not address the effect of FFIC's *non in personam* judgment.

*In re Jet*, and similar cases, stands for the proposition that, pursuant to 11 U.S.C. section 524, a plaintiff may proceed against a party in bankruptcy to establish liability as a prerequisite to attempt to recover from that party's insurance carrier. *Id.* at 976. In arriving at this decision, the *In re Jet* court addressed the injunctive effect of 11 U.S.C section 524(a)(2)[3], and stated that "when an insurer is liable for the debtor's torts, this liability is 'personal' within the meaning of section 524(a)(2) only to the extent necessary to sustain recovery against the insurer, not the debtor-insured." *Id.* at 975 (citing *Wimmer v. Mann*, 58 B.R. 953, 957 (Bankr. W.D. Va. 1986).

There is no provision in Section 524, or cases that address this bankruptcy statute, that permit or even mention "*non in personam*" judgments. The "personal" nature of liability, as addressed in Section 524, is solely in the context of a party's ability to proceed with an action against a discharged debtor, and does not extend to the underlying judgment itself. In fact, the cases cited by FFIC involve standard *in personam* judgments that were later discharged pursuant to

---

[3] 11 U.S.C section 524(a)(2) states that: "A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not

-4-
Defendant Gerling's Reply to Plaintiff's Response
CASE NO.: 3:07-cv-06302-CRB

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

Section 524. *See e.g. Camp v. St. Paul Fire & Marine Ins. Co.*, 616 So.2d 12, 14 (Fla. 1993) (noting that state trial court granted debtor's motion for an order canceling and discharging judgment against him).

In this case, FFIC was not required, or even permitted, to obtain a *non in personam* judgment due to Gencor's bankruptcy status, and cannot cite any support for that contention. A *non in personam* judgment does not appear to exist.[4] FFIC has failed to cite any case or other authority in which this type of judgment was ever used, established, or deemed proper. Instead of obtaining an enforceable judgment, FFIC chose to create its own type of judgment, apparently in an effort to save time or to avoid other legal and procedural obstacles. The *non in personam* judgment obtained by FFIC does not legally obligate Gencor to pay any damages and does not create a right of recovery under the Gerling policy. Gencor's bankruptcy status does not change these plain facts.

(2) The purported Stipulation should be excluded from consideration

FFIC also alleges that the *non in personam* judgment was "due to" a Stipulation entered into by Gerling and FFIC in the underlying state court action. This purported Stipulation is not alleged in FFIC's Fourth Amended Complaint and is not properly before the Court by way of Request for Judicial Notice, and therefore should be excluded and have no bearing on the determination of Gerling's motion.

//
//
//
//
//
//
//
//

---

discharge of such debt is waived . . . ."
[4] Judgments are generally classified as judgment *in personam*, judgments *in rem* or judgments *quasi*

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

### 3. **CONCLUSION**

For the foregoing reasons, Gerling respectfully requests that the Court grant its motion for judgment on the pleadings.

Dated: May 15, 2008                          BARGER & WOLEN LLP


By:    /s/ Tino X. Do
THOMAS R. BEER
TINO X. DO
Attorneys for Defendant GERLING
AMERICA INSURANCE COMPANY

---

*in rem.* 46 Am. Jur. 2d Judgments § 171.

-6-
Defendant Gerling's Reply to Plaintiff's Response
CASE NO.: 3:07-cv-06302-CRB

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800