**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INS., <br><br> Plaintiff, <br><br> v. <br><br> GERLING AMERICA INS., <br><br> Defendant. | No. C 07-06302 CRB <br><br> **ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant Gerling America Insurance Co. moves for judgment on the pleadings on the ground that the complaint of Plaintiff Fireman's Fund Insurance Company ("FFIC") fails to state a claim for coverage under the governing Gerling insurance policy.[1] For the reasons set forth below, the motion is DENIED.

Following a trial in the District Court for the Southern District of Florida, a jury found that Gencor Industries was liable to FFIC for damages for breach of contract and negligence in the amount of $1,751,913.10. In the amended final judgment, the court clarified that:

> In accordance with the Stipulation of record executed by and between the parties and GENCOR's insurer, Gerling America Insurance Company, and pursuant to the terms and requirements of the GENCOR bankruptcy proceeding in United States Bankruptcy Court . . ., this is not an in personam Judgment against GENCOR and shall not be subject to execution against GENCOR.

---

[1] Plaintiff styles its opposition as a "cross-motion for partial judgment on the pleadings." Because Plaintiff failed to notice its motion more than 35-days prior to the hearing date, the Court treats Plaintiff's response solely as an opposition brief. See Northern District of California Civil Local Rule 7-2(a).

1  After judgment, the suit was transferred to this Court pursuant to 28 U.S.C. § 1404(a), so that
2  FFIC could seek to recover the judgment from Gerling – Gencor's insurer – in a more
3  convenient forum.

4  Gerling notes that pursuant to its agreement with Gencor, it only agreed to pay "those
5  sums that the insured becomes <u>legally obligated to pay as damages</u> because of . . . 'property
6  damages' to which this insurance applies." <u>See</u> Fourth Amended Complaint Exh. 1 § I.1.a.
7  In short, Gerling contends that because the judgment cannot be executed against Gencor,
8  Gencor is not legally obligated to pay any damages pursuant to the FFIC litigation. Hence,
9  Gerling argues, the Florida judgment does not trigger Gerling's duty to provide coverage.

10  Of course, Gerling's position is premised on the assumption that because FFIC cannot
11  execute the judgment against Gencor, Gencor is not "obligated to pay." But because this
12  action was transferred from Florida district court, Florida law governs. <u>See</u> <u>Van Dusen v.
13  Barrack</u>, 376 U.S. 612, 634-36 (1964). Under Florida law, "the mere fact that a legally-
14  obtained judgment may not be enforced against a party does not mean that the party is not
15  'legally obligated to pay.'" <u>Auto-Owners Ins. Co. v. St. Paul Fire & Marine Ins. Co.</u>, 547
16  So.2d 148, 152 (Fla. Dist. Ct. App. 1989). Florida courts have held that an insurer is
17  obligated to satisfy a judgment against the insured pursuant to insurance agreement language
18  identical to that at issue in this case even where the insured is judgment-proof. <u>Id.</u>; <u>Rosen v.
19  Florida Ins. Guar. Ass'n</u>, 802 So.2d 291, 298 (Fla. 2001). That <u>Auto-Owners</u> concerned a
20  settlement agreement that contained a covenant not to execute does not render the decision
21  inapposite. To the contrary, the conclusion that an insurer is obligated to pay a judgment
22  imposed against a judgment-proof insured under an "obligation to pay" clause is equally
23  controlling under the circumstances of this case. Accordingly, the motion for judgment on
24  the pleadings is DENIED; the hearing scheduled for May 30, 2008 is VACATED.

25  **IT IS SO ORDERED.**

26
27  Dated: May 20, 2008              CHARLES  R. BREYER
                                     UNITED STATES DISTRICT JUDGE
28