Thomas R. Beer (148175), tbeer@barwol.com
Tino X. Do (221346), tdo@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
GERLING AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO.: 3:07-cv-06302-CRB<br><br>**STIPULATION FOR FILING OF AMENDED ANSWER**<br><br>Honorable Charles R. Breyer |

j:\office2\29218\011\08pleadings\stip re 1st amended answer.doc

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

JOINT STIPULATION
3:07-CV-06302-CRB

1  Plaintiff FIREMAN'S FUND INSURANCE COMPANY and Defendant GERLING
2  AMERICA INSURANCE COMPANY, by and through their counsel, hereby stipulate that
3  Defendant may file an Amended Answer, a copy of which is attached hereto.
4  IT IS SO STIPULATED.

6  Dated: May 27, 2008               BARGER & WOLEN LLP

8                                    By: _____
                                          Thomas R. Beer, Esq.
9                                         Tino X. Do, Esq.
                                          Attorneys for Defendant GERLING
10                                        AMERICA INSURANCE COMPANY

12 Dated: May __, 2008               DERREVERE, HAWKES & BLACK

14                                   By: _____
                                          Jon D. Derrevere, Esq.
15                                        Attorneys for Plaintiff FIREMAN'S FUND
                                          INSURANCE COMPANY

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-2-
JOINT STIPULATION
3:07-CV-06302-CRB

Thomas R. Beer (148175), tbeer@barwol.com
Tino X. Do (221346), tdo@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
GERLING AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO.: 3:07-cv-06302-CRB<br><br>**DEFENDANT GERLING AMERICA INSURANCE COMPANY'S AMENDED ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT** |

Defendant Gerling America Insurance Company ("Gerling") responds to Plaintiff's Fourth Amended Complaint at follows:

1. Answering paragraph 1 of the Fourth Amended Complaint, Gerling is informed and believes, and on such basis admits that Plaintiff Fireman's Fund Insurance Company ("FFIC") is a California insurance corporation, that FFIC is registered throughout the States, and that FFIC is authorized to conduct business in the State of California.

2. Answering paragraph 2 of the Fourth Amended Complaint, Gerling is informed and believes, and on such basis admits that FFIC insured Basic Resources and George Reed, California corporations. Except as admitted, Gerling lacks sufficient information or belief to admit or deny such allegations and, on that basis, denies all of them.

j:\office2\29218\011\08pleadings\1st amended answer to 4th amended complaint.doc

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT GERLING'S AMENDED ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT
CASE NO.: 3:07-CV-06302-CRB

3. Answering paragraph 3 of the Fourth Amended Complaint, Gerling is informed and believes, and on such basis admits that FFIC made payment to Basic Resources and George Reed with respect to a claim for property damage due to an explosion of a 12,000 pound Stationary Asphalt Batch Plant ("Plant"). All other allegations in paragraph 3 are legal not factual and therefore no response is required, or are denied.

4. Answering paragraph 4 of the Fourth Amended Complaint, Gerling admits that it is an insurance company existing under the laws of the State of New York, that it is registered with the California Department of Insurance, and that it insures Gencor Industries, Inc. ("Gencor") under a Commercial Lines Policy, policy number 4003-527-GLP ("Gerling Policy").

5. Answering paragraph 5 of the Fourth Amended Complaint, Gerling admits that this Court has original diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

6. Answering paragraph 6 of the Fourth Amended Complaint, Gerling admits that venue is proper in this Court.

7. Answering paragraph 7 of the Fourth Amended Complaint, Gerling is informed and believes, and on such basis admits that in February 2000, Gencor entered into a written contract with Basic Resources and George Reed for the purchase of the Plant.

8. Answering paragraph 8 of the Fourth Amended Complaint, Gerling is informed and believes, and on such basis admits that Gencor sold the Plant to Basic Resources and George Reed for $1,989,679.00 and provided technical services including "start-up" for operation of the Plant.

9. Answering paragraph 9 of the Fourth Amended Complaint, Gerling is informed and believes, and on such basis admits that the Plant exploded.

10. Answering paragraph 10 of the Fourth Amended Complaint, Gerling lacks sufficient information or belief to admit or deny such allegations and, on that basis, denies all of them.

11. Answering paragraph 11 of the Fourth Amended Complaint, Gerling admits that FFIC sued Gencor in a Florida state court.

12. Answering paragraph 12 of the Fourth Amended Complaint, Gerling alleges that it defended Gencor in the state court action pursuant to an express reservation of rights, and that,

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

following trial, a jury returned its verdict in favor of FFIC determining that Gencor breached its contract with Basic Resources and George Reed and that Gencor was 60% negligent and Basic Resources and George Reed were 40% negligent for the explosion.

13. Answering paragraph 13 of the Fourth Amended Complaint, Gerling alleges that a *non in personam* Amended Final Judgment was entered in favor of FFIC in the amount of $1,751,913.10, and that this was judgment cannot be personally executed against Gencor.

14. Answering paragraph 14 of the Fourth Amended Complaint, Gerling alleges a *non in personam* Final Judgment awarding costs in the amount of $42,000 was entered in the state court action, and that this judgment cannot be personally executed against Gencor.

15. Answering paragraph 15 of the Fourth Amended Complaint, Gerling admits that it has denied FFIC's claims for coverage under the Gerling Policy. Except as admitted, Gerling denies such allegations.

16. Answering paragraph 16 of the Fourth Amended Complaint, Gerling denies all such allegations.

17. Answering paragraph 17 of the Fourth Amended Complaint, Gerling admits that the law of the State of Florida applies to the interpretation of the terms of the Gerling Policy in this action.

18. Answering paragraph 18 of the Fourth Amended Complaint, Gerling denies all such allegations.

## COUNT I – DECLARATORY RELIEF

19. Answering paragraph 19 of the Fourth Amended Complaint, Gerling incorporates by reference paragraphs 1-18 of this Answer.

20. Answering paragraph 20 of the Fourth Amended Complaint, Gerling denies all such allegations. Gerling specifically denies that it has any duty to satisfy the Amended Final Judgment.

21. Answering paragraph 21 of the Fourth Amended Complaint, Gerling denies all such allegations.

22. Answering paragraph 22 of the Fourth Amended Complaint, Gerling denies all such allegations.

23. Answering paragraph 23 of the Fourth Amended Complaint, Gerling denies all such allegations.

## COUNT II – BREACH OF CONTRACT

24. Answering paragraph 24 of the Fourth Amended Complaint, Gerling incorporates by reference paragraphs 1-23 of this Answer.

25. Answering paragraph 25 of the Fourth Amended Complaint, Gerling denies all such allegations. Gerling specifically denies that it has any duty to satisfy the Amended Final Judgment.

26. Answering paragraph 26 of the Fourth Amended Complaint, Gerling denies all such allegations.

27. Answering paragraph 27 of the Fourth Amended Complaint, Gerling denies all such allegations.

28. Answering paragraph 28 of the Fourth Amended Complaint, Gerling denies all such allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Claim)

1. The Fourth Amended Complaint and all claims for relief therein fail to state facts sufficient to state a claim against Gerling.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2. FFIC lacks standing to assert a claim for coverage under the Gerling Policy.

### THIRD AFFIRMATIVE DEFENSE

(No Coverage)

3. The Gerling Policy does not provide coverage for the loss and damages claimed by FFIC.

-4-
DEFENDANT GERLING'S AMENDED ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT
CASE NO.: 3:07-CV-06302-CRB

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

## FOURTH AFFIRMATIVE DEFENSE

### (No Coverage for Underlying State Court Action)

4. The Gerling Policy does not provide coverage for the alleged losses claimed in the underlying state court action by reason of the policy's terms, conditions, defenses and exclusions.

## FIFTH AFFIRMATIVE DEFENSE

### (Condition Precedent to Coverage)

5. FFIC fails to meet one or more of the conditions precedent to coverage under the Gerling Policy with respect to the claims alleged in the Fourth Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (*Non In Personam* Judgment)

6. The Amended Final Judgment that underlies FFIC's claim for coverage under the Gerling Policy is not "*in personam*" against Gencor and therefore does not provide any right to coverage under the Gerling Policy as Gencor is not "legally obligated to pay" the judgment.

## SEVENTH AFFIRMATIVE DEFENSE

### (Final Amended Judgment)

7. The Amended Final Judgment does not give rights to coverage under the Gerling Policy as a judgment for damages has not been entered against Gencor.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contractual Liability Exclusion)

8. FFIC's claims are barred, in whole or in part, pursuant to the contractual liability exclusion of the Gerling Policy in that the underlying verdict obtained by FFIC as against Gencor is predicated upon a contractual liability allegedly deriving out of Gencor's contract with Basic Resources and George Reed.

## NINTH AFFIRMATIVE DEFENSE

### (Damage to Your Product Exclusion)

9. FFIC's claims are barred, in whole or in part, pursuant to the "Damage to Your Product" exclusion of the Gerling Policy.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

## TENTH AFFIRMATIVE DEFENSE

### (Engineers, Architects or Surveyors Professional Liability Exclusion)

10. FFIC's claims are barred, in whole or in part, pursuant to the "Engineers, Architects or Surveyors Professional Liability" exclusion of the Gerling Policy as Gencor was allegedly obligated under the written contract with Basic Resources and George Reed to provide adequate field engineering service and the damages claimed allegedly arose out of those services rendered by Gencor employees, thereby excluding coverage.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Damage to Your Work Exclusion)

11. FFIC's claims are barred, in whole or in part, pursuant to the "Damage to Your Work" exclusion of the Gerling Policy as the installation of the Plant was allegedly completed and damages were from the product itself or from the work performed on the product.

## TWELFTH AFFIRMATIVE DEFENSE

### (Damage to Property Exclusion)

12. In the alternative, to the extent that Gencor's work was not completed at the time of the explosion, the "Damage to Property" exclusion of the Gerling Policy would bar FFIC's claims in whole or in part.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Exhaustion of Policy Limits)

13. FFIC's claims are barred because the aggregate limits provided by the Gerling Policy have been exhausted and therefore no coverage is available for the damages claimed.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

14. FFIC's claims are barred because the Gerling Policy does not provide coverage for a breach of contract by the insured.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Other Insurance Provision)

15. FFIC's claims are barred, in whole or in part, pursuant to the "Other Insurance" provision of the Gerling Policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Right to Raise Additional Defenses)

16. Gerling reserves its right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and upon further investigation.

WHEREFORE, Gerling prays for judgment as follows:

1. That FFIC take nothing by reason of the Fourth Amended Complaint;

2. That the Court enter judgment in favor of Gerling, in all respects; and

3. That the Court grant Gerling such other and further relief as the Court may deem just and proper.


Dated: May 27, 2008                    BARGER & WOLEN LLP


By:   /s/ Tino X. Do
      THOMAS R. BEER
      TINO X. DO
      Attorneys for Defendant GERLING
      AMERICA INSURANCE COMPANY

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-7-
DEFENDANT GERLING'S AMENDED ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT
CASE NO.: 3:07-CV-06302-CRB