

1  Jon D. Derrevere, Esquire (FBN: 330132)
   Derrevere, Hawkes & Black
2  470 Columbia Drive, Bldg B
   West Palm Beach, FL 33409
3  561-684-3222
   *Pro Hac Vice*
4
   CHARLES K. BRUNN (CBN: 28021)
5  BRUNN & FLYNN
   928 12th Street, Suite 200
6  P.O. Box 3366 (95353)
   Modesto, California 95354
7
8
   Attorneys for Plaintiff
9  FIREMAN'S FUND INSURANCE COMPANY,
   a foreign corporation a/s/o BASIC RESOURCES, INC.
10 and GEORGE REED, INC., a foreign corporation

11             **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
12

13 FIREMAN'S FUND INSURANCE          )   CASE NO.  C 07 06302 CRB
   COMPANY, a foreign corporation    )
14 a/s/o BASIC RESOURCES, INC.       )   **PLAINTIFF'S   MOTION   TO   COMPEL**
   and GEORGE REED, INC., a foreign  )   **[F.R.C.P. 37]**
15 corporation,                      )
                                     )
16          Plaintiff,               )
                                     )
17    vs.                            )   **Hearing Date:    July 18, 2008**
                                     )   **Time:            10:00 a.m.**
18 GERLING AMERICA INSURANCE         )   **Courtroom:       8**
   COMPANY, a foreign corporation,   )
19                                   )
          Defendant.                 )
20                                   )
   ──────────────────────────────    )
21

22 **TO: THE HONORABLE COURT AND TO DEFENDANT AND COUNSEL OF RECORD:**

23                              P̲REFACE̲

24        **COMES  NOW**  the  Plaintiffs,  FIREMAN'S  FUND  INSURANCE  COMPANY  a/s/o

25 BASIC  RESOURCES,  INC.  and  GEORGE  REED,  INC.  ("FFIC"),  by  and  through  undersigned

26 counsel  and  pursuant  to  Federal  Rule  of  Civil  Procedure  37,  Civil  L.R.  7-1  through  7-5,  inclusive,

27 as  well  as  the  legal  authorities  cited  herein,  hereby  respectfully  moves  this  Court  to  Compel

28

Defendant, GERLING AMERICA INSURANCE COMPANY ("GERLING") to fully and properly respond to Plaintiff's Request For Production numbered 4, 9, and 10, and as grounds therefore, would show unto the Court as follows:

## CERTIFICATION

Counsel certifies, pursuant to FED. R. CIV. P. 37(a)(2) and Civil L.R. 37-1 that it has conferred in good faith with counsel for GERLING, and was unable to resolve the disputes as to these requests.

## BACKGROUND

This is a coverage dispute where FFIC seeks to compel discovery from GERLING, requesting this Court to compel GERLING to produce documents relating to claims paid by GERLING, other claims made against Gencor during the same policy period, and the underwriting files relating to Gencor during the same policy period.

## STANDARD

A party is entitled to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Parties may obtain discovery which encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in case; question of relevancy is to be more loosely constructed at discovery stage than at trial. FED. R. CIV. P. 26(b)(1). The party resisting discovery has the burden of clarifying, explaining, and supporting its objections. FED. R. CIV. P. 26(b)(1). If an entity fails to make a designation, or fails to permit inspection of documents as requested, the discovering party may move for an Order compelling an answer and/or inspection. FED. R. CIV. P. 37(a)(2). Federal law applies to all procedural issues. *Esfeld v. Costa Crociere S.P.A.*, 289 F.3d 1300 (11th Cir. 2002).

## DISPUTED DISCOVERY REQUESTS

**Request for Production No. 4:**

Any and all documents related to an accounting or other evidence of any and all claims paid by Defendant on behalf of Gencor Industries, Inc. under the "Insurance Policy" at issue in the above-styled case.

**Response to Request for Production No. 4:**

Gerling objects to the request to the extent it seeks documents that are protected by the attorney-client privilege or attorney work product doctrine. Gerling further objects to the request to the extent it seeks confidential and/or proprietary information unrelated to issue of whether the Gering policy provides coverage for FFIC's claims. Gerling further objects to the request to the extent that it calls for the production and disclosure of information that would violate the privacy rights of third parties not involved in this action. Gerling further objects to the request as not relevant or likely to lead to the discovery of admissible evidence.

Subject and without waiving these objections, Gerling responds as follows: Gerling will not produce documents responsive to this request as they do not relate to the issue of whether the Gerling policy at issue provides coverage for FFIC's claims.

**Argument to Compel:**

FFIC moves to compel GERLING to fully comply with above request because failure to do so will prejudice Plaintiff's ability to efficiently move forward in this matter. Pursuant to Florida Statute §627.4037(c), FFIC has previously requested information relating to the available policy limits from GERLING.

In response to the complaint filed by FFIC, GERLING raised Affirmative Defense No. 13 alleging: "FFIC's claims are barred because the aggregate limits provided by the Gerling Policy have been *exhausted* and therefore no coverage is available for the damages claimed."

Notwithstanding the fact that no factual basis for this assertion was provided, on May 27, 2008, FFIC received GERLINGS Reservation of Rights letter dated May 14, 2007, providing in relevant part on page 7, "Gerling has already made payments of $750,000 on products-completed operations cases relating to damages incurred during the applicable policy period." This letter directly contradicts GERLING's thirteenth Affirmative Defense and indicates that there is in fact coverage that currently exists under this policy. Therefore, this information is of the utmost materiality to FFIC's decision regarding how to further proceed in this matter.

Further bolstering FFIC's confusion, as a result of GERLING's failure to provide an adequate response to the above request, counsel for GERLING has informally indicated that the policy limits have been reduced by only $15,000 to date.

Inherent to GERLING's thirteenth Affirmative Defense is the prospect that GERLING intends to escape responsibility due to exhaustion of the policy limits. Accordingly, FFIC has an obligation to inquire further and is certainly entitled to discovery of such evidence, or absence thereof, in order to clarify this discrepancy.

The goal of discovery is to facilitate the ascertainment of the truth; because GERLING has asserted that coverage for this claim has been "exhausted," and without providing any evidence to support this assertion, GERLING has effectively opened the door for FFIC to explore the basis of this claim.

As to GERLING's objection to attorney-client privilege or attorney work product doctrine, FFIC is not requesting the production of any documents protected by this privilege; this request for accounting and policy payments may properly exclude any such documents protected under this principle, so long as properly adhering to the axiom that the attorney-client privilege must be 'strictly confined within the narrowest possible limits consistent with the logic of its principle.' *In a*

re *Sealed Case,* 676 F.2d 793, 807 N. 44 (D.C. Cir. 1982) (citing *In re Grand Jury Investigation,*

599 F.2d 1224, 1235 (3d Cir.1979)).

**Request for Production No. 9:**

Any and all documents relating to claims made against Gencor between 1999 and 2005.

**Response to Request for Production No. 9:**

Gerling objects to the request to the extent it seeks documents that are protected by the

attorney-client privilege or attorney work product doctrine.  Gerling further objects to the request to

the extent it is overbroad as to time and therefore unduly burdensome and/or oppressive.  Gerling

further objects to the request to the extent it seeks confidential and/or proprietary information

unrelated to the issue of whether the Gerling policy provides coverage for FFIC's claims.  Gerling

further objects to the request to the extent that it calls for the production and disclosure of

information that would violate the privacy rights of parties not involved in this action.  Gerling

further objects to the request as not relevant or likely to lead to the discovery of admissible

evidence.

Subject to and without waiving these objections, Gerling responds as follows:  Gerling will

not produce these requested documents as they do not relate to the issue of whether the Gerling

policy at issue provides coverage for FFIC's claims.

**Argument to Compel:**

FFIC moves to compel GERLING to comply with the above request and to provide all

documents relating to claims made against Gencor between 1999 and 2005.  This request does not

exceed the extent of discovery under FED. R. CIV. P. 26(b)(2) because it is reasonably limited to the

respective period of the policy at issue in this matter.

On May 27, 2008, FFIC was provided with Mr. Spector's May 14, 2007 Reservation of

Rights letter.  This letter specifically indicates on page 7, "due to the payments already made for

products-completed operations cases for damages incurred during the policy period, and the possible exposures that the Dannolfo matter presents, the available funds of the Products-Completed Operations Aggregate Limit may be limited and/or possibly exhausted."

Given the information obtained from the Reservation of Rights letter, it appears GERLING may have been presented with similar occurrences under said policy. Accordingly, FFIC is entitled to discover (a) whether GERLING was in fact presented with a similar occurrence, and if so (b) whether coverage was denied, or more important, whether coverage was provided. Since GERLING is claiming that no coverage exists as to this claim, under this policy, certainly discovery of evidence relating to other claims may have direct bearing on whether or not coverage exists herein.

Requests pertaining to previous lawsuits are "reasonably calculated to lead to the discovery of admissible evidence." *Librado v. M.S. Carriers, Inc.*, No. Civ.A-3:02-CV-2095-D, 2003 WL 22768675, at *1 (N.D. Tex. March 10, 2003). "It is well settled that for 'discovery purposes, the court need only find that the circumstances surrounding the other [lawsuits] are similar enough that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrence.'" *Id.* (quoting *Lohr v. Stanley-Bostitch, Inc.*, 135 F.R.D. 162, 164 (W.D. Mich. 1991)); *Briney v. Deere*, 150 F.R.D. 159 (D. Iowa, 1993). In *Librado,* the court held that an interrogatory seeking information on previous lawsuits filed against the defendant in the preceding five years involving claims similar to the ones at issue in the lawsuit-personal injury resulting from a car accident-was appropriate. "The presence of these circumstances in another lawsuit makes that lawsuit similar enough that its discovery is reasonably calculated to lead to the uncovering of a substantially similar [incident]." *Librado*, 2003 WL 22768675, at *4. Additionally, the *Librado* court held that an interrogatory seeking information on lawsuits within the past five years, "is a reasonable time period for discovering information." *Id.* at *1.

As to GERLING's objection to attorney-client privilege or attorney work product doctrine, FFIC is not requesting the production of any documents protected by this privilege; this request for documents relating to claims made against Gencor may properly exclude any such documents protected under this principle, so long as properly adhering to the axiom that the attorney-client privilege must be 'strictly confined within the narrowest possible limits consistent with the logic of its principle.' *In a re Sealed Case,* 676 F.2d 793, 807 N. 44 (D.C.Cir. 1982) (citing *In re Grand Jury Investigation,* 599 F.2d 1224, 1235 (3d Cir.1979)).

**Request for Production No. 10:**

The underwriting files relating to Gencor from 1999 to 2005.

**Response to Request for Production No. 10:**

Gerling objects to the request to the extent it seeks documents that are protected by the attorney-client privilege or attorney work product doctrine. Gerling further objects to the request to the extent it is overbroad as to time and therefore unduly burdensome and/or oppressive. Gerling further objects to the request to the extent it seeks confidential and/or proprietary information unrelated to issue of whether the Gerling policy provides coverage for FFIC's claims. Gerling further objects to the request to the extent that it calls for the production and disclosure of information that would violate the privacy rights of parties not involved in this action. Gerling further objects to the request as not relevant or likely to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Gerling responds as follows: Gerling will not produce these requested documents as they do not relate to the issue of whether the Gerling policy at issue provides coverage for FFIC's claims.

**Argument to Compel:**

FFIC moves to compel compliance with discovery requesting GERLING to produce the underwriting files relating to Gencor from 1999 to 2005. This request does not exceed the extent of discovery under FED. R. CIV. P. 26(b)(2) because it is reasonably limited to the respective period of the policy at issue in this matter.

In response to the complaint filed by FFIC, GERLING raised Affirmative Defense No. 10 asserting: "FFIC's claims are barred, in whole or in part, pursuant to the 'Engineers, Architects or Surveyors Professional Liability' exclusion of the Gerling Policy as Gencor was allegedly obligated under the written contract with Basic Resources and George Reed to provide adequate field engineering service and the damages claimed allegedly arose out of those services rendered by Gencor employees, thereby excluding coverage."

Accordingly, the issue of whether GERLING extended or contracted the available coverage and what information Gencor provided regarding its "professional services" is highly relevant to the tenth Affirmative Defense raised by GERLING. This Affirmative Defense invites, if not requires, discovery as to (a) whether and (b) to what extent Gerling had knowledge of the professional qualifications, if any, that employees of Gencor held. Common sense tells us that the underwriting analysis performed by GERLING in their initial evaluation regarding whether or not to provide coverage is certainly related to whether GERLING had knowledge, lacked knowledge, or had the opportunity to learn whether Gencor employees (especially Calvin Dixon, the technician involved herein) held any professional qualifications.

Further, because the presumption is that this information is discoverable, the burden is on GERLING to justify its failure to comply. _See_ FED. R. CIV. P. 26. Discovery of such documents, where relevant to an initial evaluation by the insurer does not exceed the accepted scope permitted under the Federal Rules. _See Old Second Nat. Bank of Aurora v. Commercial Union_, No. 99 C

3941, 1999 WL 1068635, at *5 (N.D.Ill. 1999) (granting motion to compel compliance with discovery request to produce underwriting file); *see also Nestle Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101(D.N.J. 1990) (general liability insurers were required to produce their ten earliest and ten most recent underwriting files concerning other insureds since information may show that identical policy language has been afforded various interpretations by insurers); *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 20 Fed. R. Serv. 3d 1479 (E.D. Pa. 1991) (insurers were required to produce claim and underwriting files pertaining to coverage to determine scope of liability policies).

**WHEREFORE**, on the basis of the above and foregoing grounds, Plaintiff respectfully requests that this Court enter an Order compelling Defendant, GERLING AMERICA INSURANCE COMPANY, to fully respond to the above referenced Requests for Production.

**DATED**: _12th_ DAY OF _June_ 2008.

By:    */s/ Jon D. Derrevere*
       JON D. DERREVERE
       Fla. Bar No.: 330132
       Derrevere, Hawkes & Black
       470 Columbia Drive, Bldg B
       West Palm Beach, FL 33409
       jdd@derreverelaw.com

       *Admitted Pro Hac Vice*
       Counsel for Plaintiff

       CHARLES K. BRUNN
       CBN: 28021
       BRUNN & FLYNN
       928 12th Street, Suite 200
       P.O. Box 3366 (95353)
       Modesto, California 95354
       Email: CBrunn@Brunn-Flynn.com

       Co-counsel for Plaintiff

## PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On this *12th* day of *June*, 2008, I served the foregoing document(s) described as:

### PLAINTIFF'S MOTION TO COMPEL

On the interested parties in this action by placing [  ] the original [X] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

## [] BY REGULAR MAIL:

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

## [X] BY ECF:

I HEREBY CERTIFY that on this *12th* day of *June*, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on this *12th* day of *June*, 2008.

NAME: *Deanna N. Menendez*        Signature: *Deanna N. Menendez*