Jon D. Derrevere, Esquire (FBN: 330132)
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
561-684-3222
*Pro Hac Vice*

CHARLES K. BRUNN (CBN: 28021)
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354

Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY,
a foreign corporation a/s/o BASIC RESOURCES, INC.
and GEORGE REED, INC., a foreign corporation

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C 07 06302 CRB<br><br>DECLARATION OF SHIRLEY JEAN MCEACHERN IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL [D.E. 43] [F.R.C.P. 37]<br><br>Hearing Date: July 18, 2008<br>Time:        10:00 a.m.<br>Courtroom:   8 |

TO: THE HONORABLE COURT AND TO DEFENDANT AND COUNSEL OF RECORD:

I, SHIRLEY JEAN MCEACHERN, declare as follows:

1. I am an attorney at law duly admitted to practice in the State of Florida, and have been granted the privilege to appear before this Court pro hac vice on behalf of the Plaintiff,

FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEOREGE REED, INC. ("FFIC").

2. I am over the age of twenty-one. I am otherwise sui juris. I have personal knowledge of the facts contained herein and if called upon to do so, I could and would testify competently thereto.

3. Attached hereto as Exhibit "A" is a true and correct copy of the Page 7 to GERLING's Reservation of Rights letter dated May 14, 2007, which is referenced in and in part quoted in Plaintiff's Motion to Compel [D.E. 43 on Page 4, L. 2-4]. This Page 7 as part of that Reservation of Rights letter was produced by GERLING in Response to FFIC's Rquest for Production.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States. Executed on this ___16th___ day of ___June___ 2008 in West Palm Beach, Florida.

_____
JON D. DERREVERE

STATE OF FLORIDA:
COUNTY OF PALM BEACH:

The foregoing instrument was acknowledged before me this 16th day of ___June___, 2008, by Shirley Jean McEachern, who is ~~personally known to me~~ and/or who is personally known to me. ~~S~~He did not take an oath.

_____
(Signature of Notary Public)

FRANCES E. MINCHEW
MY COMMISSION # DD 693099
EXPIRES: July 19, 2011
Bonded Thru Notary Public Underwriters

FRANCES E. MINCHEW
(Typed name of Notary Public)
Notary Public, State of: Florida
Commission No. _____
My Commission expires:

2

Declaration of Shirley Jean McEachern in Support of Plaintiff's Motion to Compel

## PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On  June 16th , 2008, I served the foregoing document(s) described as:

**DECLARATION OF SHIRLEY JEAN MCEACHERN IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL [D.E. 43] [F.R.C.P. 37]**

On the interested parties in this action by placing [ ] the original [ ] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

**[ ] BY REGULAR MAIL:**

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

**[X] BY ECF:**

I HEREBY CERTIFY that on this 16th day of June, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on June 16th, 2008.

NAME: *Deanna N. Menendez*        Signature: Deanna N. Menendez

Letter to Gillian Brown, Esq.
Page 7 of 8

Additional Considerations

Without prejudice to Gerling's positions, as previously set forth herein, with regard to the judgment and coverage issues, it is important to note that any potential liability of Gerling would be severely limited by the $2 million Aggregate Limit for Products-Completed Operations of the policy as clearly reflected in the Limits of Insurance contained in the Declarations of the policy.

Section III ¶ 3 of the policy provides:

> The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard."

Gerling has already made payments of $750,000 on products-completed operations cases relating to damages incurred during the applicable policy period. In addition, Gerling is currently involved in the defense of Gencor in the case styled *Dannolfo v. Gencor Industries, Inc.*, index number 020406/2001, that is set for trial in Kings County, New York on May 11, 2007, involving a claim for damages allegedly occurring during the same applicable policy period as the Basic/Reed explosion. Due to the payments already made for products-completed operations cases for damages incurred during the policy period, and the possible exposures that the Dannolfo matter presents, the available funds of the Products-Completed Operations Aggregate Limit may be limited and/or possibly exhausted. Therefore, any possible recovery for property damage included in the products-completed operations hazard would necessarily be limited to the remaining value of the Aggregate Limit. Please note, you should be aware, given the Fireman's Fund verdict and the pending Dannolfo matter, that the policy also includes a General Aggregate Limit in the amount of $2,000,000.

Conclusion

Based upon the grounds stated above, this shall confirm that there is no coverage for the jury verdict, nor Final Judgment rendered against Gencor. Since Gerling defended the case under a reservation of rights, it will continue to pay for defense counsel to conclude this litigation with respect to post-trial motions and potential appeals. In this regard, we acknowledge the request that has been made by Gencor by way of your letter to Gerling's undersigned counsel (January 29, 2007) and directed to plaintiff's counsel (January 30, 2007) with respect to the Stipulation that was previously agreed to on or about October, 2005, that prohibits Fireman's Fund from enforcing any judgment obtained in this action *in personam* against Gencor. Gerling's efforts in this regard on behalf of Gencor are strictly without prejudice and are not a waiver in any regard, but a mere courtesy in deference to the Stipulation. Gencor, is of course, free to assign its own counsel at its own expense in this regard if it chooses to do so. Furthermore, with respect to the Stipulation, Gerling asserts that there are no available insurance proceeds under the Gerling policy for the reasons stated above, as per the express terms of the policy.

However, to the extent that the judgment is subject to rehearing and reformation by the Court, we are willing to re-examine coverage issues. For example, the judgment includes awards for both

7


EXHIBIT A

GERLING0129