Jon D. Derrevere, Esquire (FBN: 330132)
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
561-684-3222
*Pro Hac Vice*

CHARLES K. BRUNN (CBN: 28021)
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354

Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY,
a foreign corporation a/s/o BASIC RESOURCES, INC.
and GEORGE REED, INC., a foreign corporation

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C 07 06302 CRB<br><br>**PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, FOR MOTIONS FOR FINAL SUMMARY JUDGMENT [DUE TO BE FILED JULY 3, 2008 (D.E. 30)] AND FOR ALL OTHER PURPOSES [F.R.E.201]**<br><br>[NO HEARING REQUESTED] |

**TO: THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL OF RECORD:**

**COMES NOW** Plaintiff FIREMAN'S FUND INSURANCE COMPANY ("FFIC") a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., ("FFIC INSUREDS") by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, as well as Federal Rule of Evidence 201(b)(2), Civil L.R. 7-1 through 7-5, inclusive, together with the additional legal

---

1

authorities cited herein, respectfully requests this Court to Take Judicial Notice of the court records in the Underlying State Court Action, from which this present insurance coverage dispute arises. Plaintiff submits that the Court's Judicial Notice of the Underlying State Court records satisfy the requirement of Rule 201 (b)(2) since by their very nature court records are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Plaintiff submits these court records are public record and shall assist the parties and the Court with the August 8, 2008 hearing at 10:00 a.m. on the respective Motions for Summary Judgment. In support, Plaintiff states:

## I: INTRODUCTION: RELIEF REQUESTED

1. On May 30, 2008, counsel personally conferred in Defense Counsel's law offices. At such time, on behalf of the parties, counsel agreed that the parties do not dispute the authenticity of the Trial Transcripts, the pleadings and rulings of the Underlying State Court Action. However, defense counsel does not agree to stipulate to this Request for the Court to take Judicial Notice of the court records in the Underlying State Court Action.

2. Plaintiff submits the Supplemental Declaration of Jon D. Derrevere declaring as to the authenticity of certain court records of which Plaintiff seeks Judicial Notice in addition to those court records submitted with the first Declaration of Jon D. Derrevere [D.E. 36, 36-1, et al], as well as the Final Judgments attached to the Fourth Amended Complaint [D.E. 29]. Plaintiff does not object to Defendant's submission of its own Declaration with respect to other court records for which it seeks judicial notice.

3. The Underlying State Court Action is entitled FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC. v. GENCOR INDUSTRIES, INC., Case No.: 04-CA-007746, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. This case reached final adjudication following a trial by jury, from

2

PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, FOR MOTIONS FOR FINAL SUMMARY JUDGMENT AND FOR ALL OTHER PURPOSES

which the Defendant appealed and Plaintiff cross-appealed. The trial transcripts and other court records are part of the Underlying State Court Action, presently pending on appeal.

4.      This Request includes the Trial Transcripts. Due to their volume (8), Plaintiff is herewith submitting same by express mail rather than electronic filing. The Trial Transcripts have previously been provided to defense counsel and are identified and incorporated by reference as Composite Exhibit 1 of Supplemental Declaration of Jon D. Derrevere.

5.      Plaintiff submits that Judicial Notice of the fact of the existence of the filing of the Court Records in the Underlying Action are all necessary with respect to the Parties' Motions for Final Summary Judgment. Pursuant to Civ.L.R. 7-5, factual **contentions** made in support of any motion must be supported by declaration and appropriate references to the record. FFIC submits that this means that if FFIC or Defendant makes reference to the fact of the existence of certain filings, testimony or evidence in their Motion for Summary Judgment, such party is required to reference where in the transcript such filings, testimony or evidence exists. The fact of the existence of such testimony or evidence in the public court record are proper subjects for judicial notice under Rule 201 (b)(2). *Rose v. Beverly Health & Rehab*, 356 B.R. 18, 2006 U.S. Dist. LEXIS 91741.

## II: STATEMENT OF THE FACTS:

6.      In September 2004, FFIC, as subrogee of BASIC RESOURCES, INC. and GEORGE REED, INC., sued GENCOR in Florida State Court for breach of contract and negligence for the property damages. Defendant, HDI-Gerling insures GENCOR INDUSTRIES, INC. ("GENCOR") under a Commercial Lines Policy, policy number 4003-527-GLP. (D.E. 29, ¶ 4; Ex. 1) ("HDI-Gerling Policy"). Gerling defended GENCOR in the Underlying State Court Action under a reservation of rights. Following trial, a jury found for FFIC and a *non in personam* Amended Final Judgment was entered on behalf of FFIC in the amount of $1,751,913.10 on the breach of contract cause of action (¶13, Ex. 2). Additionally, a Final Judgment Awarding Fees and Costs, also not *in*

3

PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, FOR MOTIONS FOR FINAL SUMMARY JUDGMENT AND FOR ALL OTHER PURPOSES

*personam* against GENCOR, was later entered in favor of FFIC (D.E. 29, ¶ 14, Ex. 3). Gerling denied coverage under its Policy for the Judgment amounts.

7.   On May 2, 2007, FFIC filed its initial Complaint for Declaratory Relief and Breach of Contract against HDI-Gerling seeking insurance benefits with respect to the Final Judgments against GENCOR (D.E. 29, ¶'s 20 & 25).

### MEMORANDUM OF LEGAL POINTS AND AUTHORITIES

8.   Pursuant to Rule 201 of the Federal Rules of Evidence as well as *Caprece v. Depository Trust and Clearing Corp.*, 2005 U.S. LEXIS 42039 (S.D. Fla. 2005), the Court is to take judicial notice of court records when requested by a party. See: Declaration of Jon D. Derrevere [D.E. 36, 36-1-5], Supplemental Declaration of Jon D. Derrevere. See also: *In Re: Bradley M. James, Debtor; Manix Energy, Ltd. v. Bradley M. James*, 300 B.R. 890; 2003 Bankr. LEXIS 1465 (U.S.Bk.Ct., W.D., TX 2003) (holding that judicial notice of the record in a prior proceeding is generally proper if the prior case involved the same parties who are now before the court.) FFIC was the Plaintiff in the Underlying State Court Action. GERLING defended its insured, GENCOR and appeared in its own right to negotiate and execute that certain "Bankruptcy Stipulation" now of record in this matter. See: D.E. 36, 36-1: Notice of Filing of Declaration of Jon D. Derrevere.

9.   Pursuant to Federal Rules of Evidence 201(b)(2), this Court may take judicial notice of court records to establish the fact of litigation and of the fact of the existence of related court filings. *Taylor v. Charter Med. Corp.*, 162 F.3d 827 (5th Cir. 1998). The fact of the existence of the court record and of the filings from the Underlying State Court Action and of the related Bankruptcy matter are capable of accurate and ready determination by resort to the actual court docket and record, whose accuracy as public court records cannot be reasonably questioned. Under Rule 201 (b) Courts may take judicial notice of other courts' proceedings, within the federal judiciary, and without, if the proceedings directly relate to matters before the court, and of matters of public

4

PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, FOR MOTIONS FOR FINAL SUMMARY JUDGMENT AND FOR ALL OTHER PURPOSES

record. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244; 1992 U.S. App. LEXIS 15213 (9th Cir. 1992); *Hayes v. Woodford*, 444 F. Supp. 2d 1127; 2006 U.S. Dist. LEXIS 75400 (S.D. Ca. 2006). The court records and filings of the Underlying State Court Action directly relate to all matters before this Court.

**WHEREFORE,** Plaintiff, FIREMAN"S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEROGE REED INC., respectfully request this Court enter an Order which grants this Motion and takes judicial notice of the court records of the Underlying State Court Action., submitted and/or incorporated by reference in the Declaration of Jon D. Derrevere [36-1] in the First Supplemental Declaration filed herewith, and the Final Judgments attached to the Fourth Amended Complaint [D.E. 29].

5

PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, FOR MOTIONS FOR FINAL SUMMARY JUDGMENT AND FOR ALL OTHER PURPOSES

DATED 26th day of June 2008.



By: _____
JON D. DERREVERE
Fla. Bar No.: 330132
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
jdd@derrevereclaw.com

*Admitted Pro Hac Vice*
Counsel for Plaintiff


CHARLES K. BRUNN
CBN: 28021
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354
Email: CBrunn@Brunn-Flynn.com

Co-counsel for Plaintiff

PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, FOR MOTIONS FOR FINAL SUMMARY JUDGMENT AND FOR ALL OTHER PURPOSES

# PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On this 26th day of June, 2008, I served the foregoing document(s) described as:

**PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, FOR MOTIONS FOR FINAL SUMMARY JUDGMENT [DUE TO BE FILED JULY 3, 2008 (D.E. 30)] AND FOR ALL OTHER PURPOSES [F.R.E.201]**

On the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

## [ ] BY REGULAR MAIL:

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

## [X] BY ECF:

I HEREBY CERTIFY that on this 26th day of June, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on this 26th day of June, 2008.

NAME: *Deanna N. Menendez*                    Signature: *[signature]*

ii

PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, FOR MOTIONS FOR FINAL SUMMARY JUDGMENT AND FOR ALL OTHER PURPOSES