Jon D. Derrevere, Esquire (FBN: 330132)
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
561-684-3222
*Pro Hac Vice*

CHARLES K. BRUNN (CBN: 28021)
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354

Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY,
a foreign corporation a/s/o BASIC RESOURCES, INC.
and GEORGE REED, INC., a foreign corporation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C 07 06302 CRB<br><br>DECLARATION OF SHIRLEY JEAN MCEACHERN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [DUE TO BE FILED JULY 3, 2008 (D.E. 30)] [F.R.C.P. 56]<br><br>Hearing Date: August 8, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8 |

TO: THE HONORABLE COURT AND TO DEFENDANT AND COUNSEL OF RECORD:

I, SHIRLEY JEAN MCEACHERN, declare as follows:

1. I am an attorney at law duly admitted to practice in the State of Florida, and have been granted the privilege to appear before this Court pro hac vice on behalf of the Plaintiff,

FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEOREGE REED, INC. ("FFIC").

2. I am over the age of twenty-one. I am otherwise sui juris. I have personal knowledge of the facts contained herein and if called upon to do so, I could and would testify competently thereto.

3. Attached hereto as Exhibit "1" is a true and correct copy of the Answer of Defendant GERLING AMERICAN INSURANCE COMPANY ("GERLING") to FFIC's Interrogatory No. 13. This Answer is part of GERLING's Answers to Interrogatories served upon FFIC in this action.

4. Attached hereto as Exhibit "2" is a true and correct copy of GERLING's Response No. 50 to Request No. 50 for Admissions served upon GERLING by FFIC in this action. GERLING's Response No. 50 is a part of GERLING's Responses to Requests for Admissions served upon FFIC in this matter.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States. Executed on this 27 day of June 2008 in West Palm Beach, Florida.

_____
SHIRLEY JEAN McEACHERN

STATE OF FLORIDA:
COUNTY OF PALM BEACH:

The foregoing instrument was acknowledged before me this 27th day of June, 2008, by Shirley J. McEachern who is personally known to me and/or who is personally known to me. _____ He did not take an oath.

_____
(Signature of Notary Public)

FRANCES E. MINCHEW
MY COMMISSION # DD 693099
EXPIRES: July 19, 2011
Bonded Thru Notary Public Underwriters

2

Declaration of Shirley Jean McEachern in Support of Plaintiff's Motion to Compel

FRANCES E. MINCHEW
(Typed name of Notary Public)
Notary Public, State of :
Commission No.

FRANCES E. MINCHEW
MY COMMISSION # DD 693099
EXPIRES: July 19, 2011
Bonded Thru Notary Public Underwriters

3

## PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On ___June 27th___, 2008, I served the foregoing document(s) described as:

**DECLARATION OF SHIRLEY JEAN MCEACHERN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [DUE TO BE FILED JULY 3, 2008 (D.E. 30)] [F.R.C.P. 56]**

On the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

### [ ] BY REGULAR MAIL:

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

### [X] BY ECF:

I HEREBY CERTIFY that on this 27th day of June, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on June 27th, 2008.

NAME: *Deanna N. Menendez*        Signature: *Deanna N. Menendez*

4

Declaration of Shirley Jean McEachern in Support of Plaintiff's Motion to Compel

EXHIBIT "1"

action. Gerling also objects to this Interrogatory to the extent it seeks to impose burdens and/or obligations greater than that permitted by the Federal Rules of Civil Procedure. Gerling further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product privilege, or any other applicable privilege. Gerling objects to this Interrogatory as premature as Gerling has not completed its investigation of the facts relevant to this case, and has not completed its discovery or preparation for trial. Gerling's responses are therefore made only on the basis of such information as is currently known and reasonably available. Gerling reserves the right to introduce additional evidence at trial or to amend or supplement this response as appropriate. Subject to and without waiving any of the aforementioned objections, Gerling responds as follows:

The Gerling policy, Section I, paragraph L contains an exclusion which provides:

Damage to Your Work

Property damage to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.

"Products-completed operations hazard," as it is defined in the Gerling policy, "includes all 'bodily injury' and 'property damage' occurring away from your premises you own or rent and arising out of 'your work.'" "Your work" is defined in the Gerling policy as "Work or operations performed by your or on your behalf and materials, parts or equipment furnished in connection with such work or operations."

Once the product is completed, any damages arising from the product itself or from work performed on the plant would be excluded under the Gerling policy. The plant was delivered to George Reed/Basic Resources in the Fall of 2000, and Gencor personnel assisted with the start-up of the plant. It is arguable that the plant was complete at the time of the explosion. Therefore, the damages resulting from Gencor's work which arose out of it or any part of it, or from the plant itself, is expressly excluded under the Gerling policy.

INTERROGATORY NO. 13

State the factual basis for your Twelfth Affirmative Defense to Plaintiff's Second Amended Complaint.

-22-
DEFENDANT GERLING AMERICA INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES
CASE NO.: 3:07:CV6302 CRB

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

RESPONSE TO INTERROGATORY NO. 13

Gerling objects to this Interrogatory to the extent that Defendant has filed an Answer with Affirmative Defenses to Plaintiff's Fourth Amended Complaint, the operative pleading in this action. Gerling also objects to this Interrogatory to the extent it seeks to impose burdens and/or obligations greater than that permitted by the Federal Rules of Civil Procedure. Gerling further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product privilege, or any other applicable privilege. Gerling objects to this Interrogatory as premature as Gerling has not completed its investigation of the facts relevant to this case, and has not completed its discovery or preparation for trial. Gerling's responses are therefore made only on the basis of such information as is currently known and reasonably available. Gerling reserves the right to introduce additional evidence at trial or to amend or supplement this response as appropriate. Subject to and without waiving any of the aforementioned objections, Gerling responds as follows:

If Gencor's obligations under the written contract are not deemed completed at the time of the explosion, the Gerling policy contains a provision that excludes damage to property for work performed. This provision states that the insurance does not apply to property damage to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." This exclusion "does not apply to 'property damage' included in the 'products-completed operations hazard.'" Therefore, if it is determined that the plant was not complete at the time of the explosion, then this exclusion for damage to the property would apply, and Gerling is not obligated to indemnify Gencor for the costs of restoring, repairing or replacing the plant.

INTERROGATORY NO. 14

State the factual basis for your Thirteenth Affirmative Defense to Plaintiff's Second Amended Complaint.

-23-
DEFENDANT GERLING AMERICA INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES
CASE NO.: 3:07:CV6302 CRB

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

EXHIBIT "2"

RESPONSE TO REQUEST FOR ADMISSION NO. 47

Gerling objects to the term "operational" in this Request as vague and ambiguous. Gerling further objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving these objections, Gerling answers as follows: Gerling has no basis upon which to respond to this Request.

REQUEST FOR ADMISSION NO. 48

At the time of the explosion, Calvin Dixon was undertaking technical services regarding the operation of the Asphalt Plant.

RESPONSE TO REQUEST FOR ADMISSION NO. 48

Gerling objects to the terms "technical services" and "operation" in this Request as vague and ambiguous. Subject to and without waiving this objection, Gerling answers as follows: while Calvin Dixon testified in his deposition that he was performing technical services at the time of the explosion, Gerling has no independent knowledge of this issue.

REQUEST FOR ADMISSION NO. 49

Prior to the explosion, Gencor delivered all of the products used by the FFIC insureds to construct the Asphalt Plant.

RESPONSE TO REQUEST FOR ADMISSION NO. 49

Gerling objects to the terms "delivered," "products" and "construct" in this Request as vague and ambiguous. Subject to and without waiving this objection, Gerling answers as follows: Gerling has no basis upon which to respond to this Request.

REQUEST FOR ADMISSION NO. 50

At the time of the explosion, the plant was complete as defined in the "completed operations" provisions of the Policy.

//
//
//
//

-15-
DEFENDANT GERLING AMERICA INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSIONS
CASE NO.: 3:07:CV6302 CRB

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

RESPONSE TO REQUEST FOR ADMISSION NO. 50

Gerling objects that this Request calls for a response that is a legal conclusion. Subject to and without waiving this objection, Gerling answers as follows: Admitted.

Dated: May 16, 2008

BARGER & WOLEN LLP

By: _____
THOMAS R. BEER
TINO X. DO
Attorneys for Defendant GERLING
AMERICA INSURANCE COMPANY,
a foreign corporation

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-16-
DEFENDANT GERLING AMERICA INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSIONS
CASE NO.: 3:07:CV6302 CRB