```
 1  Jon D. Derrevere, Esquire (FBN: 330132)
    Derrevere, Hawkes & Black
 2  470 Columbia Drive, Bldg B
    West Palm Beach, FL 33409
 3  561-684-3222
    Pro Hac Vice
 4
    CHARLES K. BRUNN (CBN: 28021)
 5  BRUNN & FLYNN
    928 12th Street, Suite 200
 6  P.O. Box 3366 (95353)
    Modesto, California 95354
 7
 8  Attorneys for Plaintiff
    FIREMAN'S FUND INSURANCE COMPANY,
 9  a foreign corporation a/s/o BASIC RESOURCES, INC.
    and GEORGE REED, INC., a foreign corporation
10
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C 07 06302 CRB<br><br>SECOND SUPPLEMENTAL DECLARATION OF JON D. DERREVERE IN SUPPORT OF PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, MOTION FOR FINAL SUMMARY JUDGMENT AND FOR ALL OTHER PURPOSES  [F.R.E.201]<br><br>Hearing Date: August 8, 2008<br>Time: 10:30 a.m.<br>Courtroom: 8 |

**TO: THE HONORABLE COURT AND TO DEFENDANT AND COUNSEL OF RECORD:**

I, JON D. DERREVERE, declare as follows:

1. I am an attorney at law duly admitted to practice in the State of Florida, and have been granted the privilege to appear before this Court pro hac vice on behalf of the Plaintiff,

---

SECOND SUPPLEMENTAL DECLARATION OF JON D. DERREVERE IN SUPPORT OF PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, MOTION FOR FINAL SUMMARY JUDGMENT AND FOR ALL OTHER PURPOSES

FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEOREGE REED, INC. ("FFIC").

2. I am a principal in the law firm of Derrevere, Hawkes & Black.

3. I am over the age of twenty-one. I am otherwise sui juris. I have personal knowledge of the facts contained herein and if called upon to do so, I could and would testify competently thereto.

4. At all times material, I have acted as lead counsel for Plaintiff FFIC in the "Underlying Action", entitled "FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation as Subrogee of (a/s/o) BASIC RESOURCES, INC. and GEOREGE REED, INC., foreign corporations vs. GENCOR INDUSTRIES, INC., a foreign corporation, Case No.: 2004-CA-7746, In the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida". I litigated this case through a jury trial which resulted in a Verdict for FFIC. Based on the Verdict, an Amended Final Judgment was entered in favor of FFIC as well as a Final Judgment awarding costs. True and correct copies of The Judgments are attached to the Fourth Amended Complaint in this action (D.E. 29, 29-2 and 29-3). Herein, FFIC has sued Defendant GERLING AMERICAN INSURANCE COMPANY ("GERLING"), which at all times material, was the liability carrier for the Defendant, in the Underlying Action, "GENCOR". FFIC sues GERLING seeking declaratory relief and damages for GERLING's breach of contract [its insurance policy insuring GENCOR at all times material (D.E. 29-1)] for GERLING's failure to pay FFIC, as the victorious plaintiff in the Underlying Action, those Judgment awards entered against GERLING's insured pursuant to the terms of the subject GERLING policy (D.E. 29, 29-1, 29-2, 29-3).

5. FFIC has requested the Court take judicial notice of certain court records identified in my first Declaration [D.E. 36-1] in my First Supplemental Declaration [D.E. 49-2] and herein of the trial transcripts as well as other documents of record in the Underlying State Court Action,

pursuant to Federal Rule of Evidence 201. See: Plaintiff's Motion for Court to take Judicial Notice of Court Records in the Underlying State Court Action to assist the Court in its consideration of Plaintiff's Motion for Summary Judgment and to enable Plaintiff to comply with Civ.L.R. 7-5. I, Jon D. Derrevere, declare that incorporated herein by reference and/or attached hereto as Composite Exhibit 1 are true and correct copies of Trial Exhibit 3, Bates Stamped Pages 280, 423-424, which also comprise Composite Exhibit 1 of the testimony of Ron Souza. See: [D.E. 49-2, Comp. Ex. 1, Tr. Vol. 1, Page 93-105; Tr. Vol. 5, 618-640].

6.  I, Jon D. Derrevere further declare that attached hereto as Exhibit 2 is Plaintiff's Interrogatory No. 16 together with Defendant, GERLING's Answer to No. 16.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States. Executed on this __30th__ day of __June__ 2008 in West Palm Beach, Florida.

_____
JON D. DERREVERE

STATE OF FLORIDA:

COUNTY OF PALM BEACH:

The foregoing instrument was acknowledged before me this __30th__ day of __June__, 2008, by _Jon D. Derrevere_, who is personally known to me and/or who is personally known to me._____. He did not take an oath.

_____
(Signature of Notary Public)

FRANCES E. MINCHEW
MY COMMISSION # DD 693099
EXPIRES: July 19, 2011
Bonded Thru Notary Public Underwriters

(Typed name of Notary Public)
Notary Public, State of :
Commission No. _____
My Commission expires:

## PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On ___July 1st___, 2008, I served the foregoing document(s) described as:

**SECOND SUPPLEMENTAL DECLARATION OF JON D. DERREVERE IN SUPPORT OF PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, MOTION FOR FINAL SUMMARY JUDGMENT AND FOR ALL OTHER PURPOSES**

On the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

**[X] BY REGULAR MAIL:**

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

**[X] BY ECF:**

I HEREBY CERTIFY that on this ___1st___ day of ___July___, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on ___July 1st___, 2008.

NAME: *Deanna N. Menendez*     Signature: *Deanna N. Menendez*

---

4
SECOND SUPPLEMENTAL DECLARATION OF JON D. DERREVERE IN SUPPORT OF PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF COURT RECORDS OF UNDERLYING STATE COURT ACTION, MOTION FOR FINAL SUMMARY JUDGMENT AND FOR ALL OTHER PURPOSES

**Composite Exhibit "1"**

**BASIC RESOURCES, INC.**

5/18/01

Mark Wardlow
Bank of America
1601 "I" Street
2nd Floor
Modesto, CA 95354

This is authorization to wire transfer on behalf of George Reed Inc., six hundred seventy one thousand two hundred fifty nine dollars and no/100 ($671,259.00) on Monday, May 21, 2001 as follows:

| | |
|---|---|
| Payee: | Gencor Industries, Inc. |
| Contact: | Pete Ruess at (407) 290-6000 ext 224 |
| Bank: | AmSouth Bank<br>111 N. Orange Avenue Suite 600<br>Orlando FL |
| ABA: | 062-000-019 |
| Account No.: | 3720-420854 |

Please charge our account #14819-52005. Thank you for your assistance in this matter.

Sincerely,

John Shoden
Treasurer

Mark Anderson
Controller

Wendell, here is a very prliminary cost analysis of repairs to Hot Plant from the accident. This is prior to Larry Tipton giving me his thoughts or the Gencor people giving me theirs.

The increase in cost for Lodi Jobs if we have to pave them out Munn & Perkins could approach $150,000.00. Detailed analysis is forthcoming.

Ron Souza

## CLEMENTS HOT PLANT REBUILD

### Disassemble Damage from Accident

| | | | Labor | Equip | Materials | Rent & Subs | Total |
|---|---|---|---|---|---|---|---|
| **Cold Feed System w/Feed Conveyor** | | | | | | | |
| Labor | 8 | $325 | $2,600 | | | | $2,600 |
| Equipment | 8 | $100 | | $800 | | | $800 |
| Rental & Subs | 8 | $5 | | | | $40 | $40 |
| | | | | | | | $3,440 |
| **Dryer, Primary, Baghouse** | | | | | | | |
| Labor | 24 | $325 | $7,800 | | | | $7,800 |
| Equipment | 24 | $100 | | $2,400 | | | $2,400 |
| Rental & Subs | 24 | $5 | | | | $120 | $120 |
| | | | | | | | $10,320 |
| **Batch Tower & Elevator** | | | | | | | |
| Labor | 24 | $325 | $7,800 | | | | $7,800 |
| Equipment | 24 | $100 | | $2,400 | | | $2,400 |
| Rental & Subs | 24 | $5 | | | | $120 | $120 |
| | | | | | | | $10,320 |
| **Asphalt Storage Tank & Heat Exchanger** | | | | | | | |
| Labor | 4 | $325 | $1,300 | | | | $1,300 |
| Equipment | 4 | $100 | | $400 | | | $400 |
| Rental & Subs | 4 | $5 | | | | $20 | $20 |
| | | | | | | | $1,720 |
| **Control House** | | | | | | | |
| Labor | 8 | $325 | $2,600 | | | | $2,600 |
| Equipment | 8 | $100 | | $800 | | | $800 |
| Rental & Subs | 8 | $5 | | | | $40 | $40 |
| | | | | | | | $3,440 |
| **Silo System & Truck Scale** | | | | | | | |
| Labor | 4 | $325 | $1,300 | | | | $1,300 |
| Equipment | 4 | $100 | | $400 | | | $400 |
| Rental & Subs | 4 | $5 | | | | $20 | $20 |
| | | | | | | | $1,720 |
| Misc. Tool Rental | | | | | | $2,000 | $2,000 |
| Rental for 60' Manlift | | | | | | $3,000 | $3,000 |
| Pipe, steel, valves, etc. | | | | | | | $10,000 |
| | | | | | | | $15,000 |
| | | | $23,400 | $7,200 | $0 | $5,360 | $45,960 |

| Erection & Re-installation | | | | |
|---|---:|---:|---:|---:|
| Feed Conveyor | | | | |
|   Labor | 8 | $55 | | $440 |
|   Equipment | 8 | $15 | | $120 |
|   Materials | | | | $0 |
|   Rental & Subs | 4 | $500 | | $2,000 |
| | | | | $2,560 |
| Dryer, Primary, Baghouse | | | | |
|   Labor | 200 | $55 | | $11,000 |
|   Equipment | 200 | $15 | | $3,000 |
|   Materials | | | | $0 |
|   Rental & Subs | 24 | $500 | | $12,000 |
| | | | | $26,000 |
| Batch Tower & Elevator | | | | |
|   Labor | 200 | $55 | | $11,000 |
|   Equipment | 200 | $15 | | $3,000 |
|   Materials | | | | $0 |
|   Rental & Subs | 20 | $500 | | $10,000 |
| | | | | $24,000 |
| Control House | | | | |
|   Labor | 16 | $55 | | $880 |
|   Equipment | 16 | $15 | | $240 |
|   Materials | | | | $0 |
|   Rental & Subs | 4 | $500 | | $2,000 |
| | | | | $3,120 |
| | | | | |
| Misc. Tool Rental | | | | $2,000 |
| Rental for 60' Manlift | | | | $3,000 |
| Pipe, steel, valves, etc. | | | | $10,000 |
| | | | | $15,000 |
| | | | | |
| | | | | $70,680 |

| RECAP & PARTS COST: | |
|---|---:|
| Cold feed system w/feed conveyor | 50,000 |
| Dryer | 100,000 |
| Batch Tower | 50,000 |
| Primary Cyclone | 58,883 |
| Baghouse | 333,564 |
| Control Center | 50,000 |
| | $642,447 |
| Less Discounts | |
| | $642,447 |
| | |
| Freight on plant parts | $50,000 |
| Electrical | $20,000 |
| Foundations & Engineering | $45,960 |
| Erection & Installation | $70,680 |
| Taxes | $150,000 |
| | |
| | $979,087 |

0424

Exhibit "2"

INTERROGATORY NO. 16

State the factual basis for your Fifteenth Affirmative Defense to Plaintiff's Second Amended Complaint.

RESPONSE TO INTERROGATORY NO. 16

Gerling objects to this Interrogatory to the extent that Defendant has filed an Answer with Affirmative Defenses to Plaintiff's Fourth Amended Complaint, the operative pleading in this action. Gerling also objects to this Interrogatory to the extent it seeks to impose burdens and/or obligations greater than that permitted by the Federal Rules of Civil Procedure. Gerling further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product privilege, or any other applicable privilege. Gerling objects to this Interrogatory as premature as Gerling has not completed its investigation of the facts relevant to this case, and has not completed its discovery or preparation for trial. Gerling's responses are therefore made only on the basis of such information as is currently known and reasonably available. Gerling reserves the right to introduce additional evidence at trial or to amend or supplement this response as appropriate. Subject to and without waiving any of the aforementioned objections, Gerling responds as follows:

Section IV, paragraph 4 of the Gerling policy states

Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a. Primary Insurance

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

b. Excess Insurance

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

(1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for 'your work';

RGER & WOLEN LLP
CALIFORNIA STREET
NINTH FLOOR
FRANCISCO, CA 94108
(415) 434-2800

(2) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or

(3) If the loss arises out of the maintenance or use of aircraft, 'autos' or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).

. . .

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay of the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

. . .

FFIC's coverage of the damages from the explosion of the plant pursuant to it commercial general liability policy to George Reed/Basic Resources could be considered "other insurance" for the plant as the issue of whether Gencor's obligations under its written contract to sell the plant and provide services had been completed. Gerling is continuing the development of facts and legal research on this issue and reserves the right to modify or to enlarge its responses herein with such pertinent additional information as it may subsequently discover.

INTERROGATORY NO. 17

State the factual basis for your Sixteenth Affirmative Defense to Plaintiff's Second Amended Complaint.

RESPONSE TO INTERROGATORY NO. 17

Gerling objects to this Interrogatory to the extent that Defendant has filed an Answer with Affirmative Defenses to Plaintiff's Fourth Amended Complaint, the operative pleading in this action. Gerling also objects to this Interrogatory to the extent it seeks to impose burdens and/or obligations greater than that permitted by the Federal Rules of Civil Procedure. Gerling further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client

-28-