# EXHIBIT "B"

# SEDGWICK, DETERT, MORAN & ARNOLD

May 23, 2001

<u>VIA FACSIMILE AND CERTIFIED MAIL</u>

Mr. John Elliot
Executive Vice President
GENCOR INDUSTRIES, INC.
5201 North Orange Blossom Trail
Orlando, Florida 32810

|  |  |
|---|---|
| Re: Insured | Gencor Industries, Inc. |
| Claimant | George Reid, Inc. |
| Primary Policy | Gerling Commercial Lines Policy No. 4 003 527 GLP |
| Policy Period | June 30, 2000 to June 30, 2001 (subject to Nose Endorsement) |
| Date of Occurrence | April 18, 2001 |
| Gerling File No. | GLP 06076 |
| Our File No. | 1386- 41297 |

Dear Mr. Elliot:

We have been retained by Gerling America Insurance Company to assist it in evaluating whether potential coverage exists under the terms of Gerling Commercial Lines Policy No. 4 003 527 GLP (the "Policy") for the claim asserted against Gencor Industries, Inc. ("Gencor") by George Reid, Inc. ("Reid"). Gerling has reached the preliminary conclusion that although the potential for coverage exists under the Property Damage Liability coverage grant, the claim may be excluded by one or more exclusions in the Policy and may be subject to other conditions and limitations as well. We wish to explain the basis for Gerling's coverage position and its reservation of rights.

## FACTUAL BACKGROUND

### 1. Named Insured

Gencor, the named insured under the Policy, is described in the Declarations as a "manufacturer of grinding equipment."

SDNY1/295344          125 Broad Street   Thirty-Ninth Floor   New York, New York 10004-2400
                        Telephone 212.422.0202   Facsimile 212.422.0925

SAN FRANCISCO   LOS ANGELES   ORANGE COUNTY   CHICAGO   LONDON   ZURICH   PARIS

Mr. John Elliot
May 23, 2001
Page 2

2. **The Claimant**

We have little information at present concerning the claimant, Reid. The address and principal place of business of Reid is unknown. The loss notice appears to indicate that the accident occurred at a Reid location in California. Reid is reportedly self insured.

3. **The Accident**

According to the Notice of Loss and accompanying cover letter from Marsh USA, Inc., Reid allegedly purchased an unspecified piece of commercial equipment from Gencor over a year ago. Reid reportedly stored the machine on its premises until recently, when its own technicians installed and plumbed the equipment in its facility in central California. After Reid installed the machine, a service technician employed by Gencor reportedly performed an on-site "dry run" test on the machine's burner using no fuel. The fuel valves were allegedly stuck in an open position at the time of the "dry run" test which caused the fuel lines to become filled with gas, resulting in an explosion which destroyed the machine. We understand that Gencor contends that Reid failed to clear the fuel lines when they installed the equipment, causing the valves to be stuck in the open position when the machine was tested. Accordingly, it appears that Gencor is contending that Reid is responsible for the damage. It has been reported that the pilot has been removed from the burner. Gencor appears to believe it may have some difficulty supporting its contentions in light of the destruction of the equipment in the explosion. The property damage to the equipment is estimated at $400,000.

No legal proceedings have been commenced to date.

## COVERAGE PROVISIONS

1. **In General**

Gerling America Insurance Company ("Gerling") issued Commercial Lines Policy No. 4 003 527 GLP (the "Policy") to Gencor covering the period from June 30, 2000 to June 30, 2001 subject to a Nose Endorsement. The Policy offers bodily injury and property damage liability coverage up to a limit of $1,000,000 per occurrence subject to a $2,000,000 aggregate limit for products-completed operations. The coverage is not subject to a deductible. The Policy originally contained a Self-Insured Retention Endorsement, which provided for a Self Insured Retention of $25,000 per occurrence. That endorsement was deleted from the Policy by Policy Change No. 1 effective June 30, 1998.

Mr. John Elliot
May 23, 2001
Page 3

2. **The Property Damage Liability Coverage**

Coverage A [Bodily Injury and Property Damage Liability] of the Policy provides property damage liability coverage in pertinent part as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of *** "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. ***

Section V [Definitions] of the Policy defines "property damage" in subsection 15 as follows:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

3. **The Damage to Your Product Exclusion**

Section 2.k of the exclusions applicable to Coverage A [Bodily Injury and Property Damage Liability] contains a Damage to Your Product Exclusion which provides as follows:

> This insurance does not apply to:
>
> *   *   *
>
> k. Damage to Your Product
>
> "Property damage" to "your product" arising out of it or any part of it.

Section V [Definitions] of the Policy defines "your product" in subsection 18 as follows

Mr. John Elliot
May 23, 2001
Page 4

    a.    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        (1)    You;

        (2)    Others trading under your name; or

        (3)    A person or organization whose business or assets you have acquired; ***

"Your product" includes:

    a.    Warranties and representations made at any time with respect to the fitness, quality, durability, performance or use of "your product", and

    b.    The providing of or failure to provide warnings or instructions.

4.    **The Damage to Your Work Exclusion**

Section 2.1 of the exclusions applicable to Coverage A [Bodily Injury and Property Damage Liability] contains a Damage to Your Work Exclusion which provides as follows:

This insurance does not apply to:

        \*    \*    \*

1.    Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

SDNY1/295344

Mr. John Elliot
May 23, 2001
Page 5

Section V [Definitions] of the Policy defines "your work" in subsection 19 as follows:

"Your work" means:

a. Work or operations performed by you or on your behalf; and

b. The providing of or failure to provide warnings or instructions. ***

"Your work" includes:

a. Warranties and representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

b. The providing of or failure to provide warnings or instructions.

Section V [Definitions] of the Policy defines "products-completed operations hazard" in subsection 14 as follows

"Products-completed operations hazard":

a. Includes all *** "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

\*   \*   \*

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

SDNY1/295744

Mr. John Elliot
May 23, 2001
Page 6

    (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

5. **The Damage to Property Exclusion**

Section 2.j. of the exclusions applicable to Coverage A [Bodily Injury and Property Damage Liability] contains a Damage to Property Exclusion which provides in relevant part as follows:

This insurance does not apply to:

    \*    \*    \*

j.    Damage to Property

"Property damage" to: \*\*\*

    (6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

    \*    \*    \*

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

Mr. John Elliot
May 23, 2001
Page 7

6. <u>**The Engineers, Architects or Surveyors Professional Liability Exclusion**</u>

The Policy contains an endorsement entitled "Exclusion -- Engineers, Architects or Surveyors Professional Liability", which excludes coverage in pertinent part as follows:

> This insurance does not apply to \*\*\* "property damage" \*\*\* arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.
>
> Professional services include:
>
> 1. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or other drawings and specifications; and
>
> 2. Supervisory, inspection, architectural or engineering activities.

7. <u>**Other Insurance**</u>

An endorsement entitled "Amendment - Worldwide Coverage Territory" deletes Section 4 [Other Insurance] of the Commercial General Liability Conditions of the Policy and replaces it with the following terms:

> This insurance is excess over all other insurance, whether primary, excess, contingent or on any other basis, unless purchased by you specifically to apply in excess of this insurance.
>
> When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any that exceeds the sum of:
>
> 1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
>
> 2) The total of all deductible and self-insured amounts under all the other insurance.

Mr. John Elliot
May 23, 2001
Page 8

## COVERAGE ANALYSIS

1. **The Property Damage Liability Coverage Grant**

   The Policy affords coverage for "those sums that the insured becomes legally obligated to pay as damage because of *** 'property damage' to which this insurance applies." The Policy defines "property damage" as damage to tangible property and the resulting loss of use of that property, as well as the "loss of use of tangible property that is not physically injured." The claims asserted by Reid appear to potentially fall within the coverage grant unless an exclusion is found to apply.

2. **The Damage to Your Product Exclusion**

   The Damage to Your Product exclusion precludes coverage for "'property damage' to 'your product' arising out of it or any part of it." This exclusion would appear to exclude coverage for the property damage to the machine manufactured by Gencor and sold to Reid. On the other hand, the exclusion would not apply to defeat claims for damage caused to other property not constituting the product of Gencor, as a result of the explosion of the machine. For instance, if any part of the damage claim relates to surrounding equipment or components that were damaged as a result of the explosion, the exclusion would not apply to such property, assuming they were not the product of Gencor. Gerling is reserving its rights on the potential applicability of this exclusion, pending the outcome of its investigation of the accident.

3. **The Damage to Your Work Exclusion**

   The Damage to Your Work exclusion precludes coverage for property damage to Gencor's work arising out of it or any part of it and included in the "products-completed operations hazard" The piece of equipment manufactured by Gencor and the services it furnished in testing the equipment after its installation on the Reid premises would appear to potentially fall within the "your work" definition under the Policy. Even if the all of the property damage sustained by Reid is limited to damage falling within the definition of "your work", issues remain as to whether the damage would be included in the "products-completed operations hazard" because of fact issues that presently exist over whether the work had been completed at the time of the explosion.[1] Gerling is reserving its rights on this issue pending the outcome of its investigation.

---

[1] See, Hartford Accid. & Indem. Co. v. J.J. Wicks, Inc., 104 A.D.2d 289, 292, 482 N.Y.S.2d 935, 938 (App. Div. 4th Dept. 1984).

SDNY1/295344

Mr. John Elliot
May 23, 2001
Page 9

### 4. Property Damage Exclusion

The Property Damage Exclusion precludes coverage for "property damage" to that part of any property that must be restored, repaired or replaced because Gencor's "work" was incorrectly performed on it. Unlike the Your Work Exclusion, this exclusion applies where the "property damage" does not fall within the "products-completed operations hazard". Accordingly, if the "property damage" is not excluded by the Your Work Exclusion because is not included in the "products-completed operations hazard" by virtue of the fact that the work was not completed at the time of the loss, it may nonetheless be excluded by the Damage to Property Exclusion. Gerling is reserving its rights on this issue pending the outcome of its investigation.

### 5. Professional Liability Exclusion

If the Gencor technician performing the work at the time of the explosion was an engineer and was performing professional services within the meaning of the "Exclusion – Engineers, Architects or Surveyors Professional Liability" endorsement, the "property damage" arising from such services may be excluded under the Policy. Gerling is reserving its rights on this issue pending the outcome of its investigation.

### 6. The "Other Insurance" Condition under the Primary Policy

The Policy contains Endorsement No. 1 [Amendment - Worldwide Coverage Territory] which provides that the Policy is excess over all other insurance, whether primary, excess, contingent or on any other basis, unless purchased by Gencor specifically to apply in excess of this insurance. We do not know at this point whether Gencor may have other insurance available to cover the Reid claims. Please advise whether Gencor has other insurance available and furnish correspondence relating to notifications given to other insurers and any coverage positions adopted by those carriers with respect to the claim. Gerling is reserving its rights on this issue pending the outcome of its investigation.

### 7. Analysis of Defense Obligations Is Premature

Coverage A [Bodily Injury and Property Damage Liability] provides that Gerling has "the right and duty to defend any 'suit' seeking [damages because of property damage] even if the allegations of the 'suit' are groundless, false or fraudulent." Until such time as an actual complaint is served on Gencor, we are unable to determine whether Gerling will have an obligation to defend Gencor in any suit by Reid. Gerling is reserving its rights on the issue.

SDNY1/295344

Mr. John Elliot
May 23, 2001
Page 10

### PRELIMINARY COVERAGE POSITION & RESERVATION OF RIGHTS

The Reid claim appears to be one alleging "property damage" that could potentially fall within the Property Damage Liability Coverage Grant of the Policy. Nonetheless, if it turns out that the "property damage" is confined to damage to the equipment manufactured by Gencor, the claim may be excluded by the Damage to Your Product exclusion, the Damage to Your Work exclusion or the Property Damage exclusion. In addition, if the property damage arose out of professional engineering services, the claim may be excluded by the Engineers, Architects or Surveyors Professional Liability exclusion. Gerling is reserving its rights on these issues pending the outcome of its investigation. In addition, Gerling is reserving rights on its duty to defend any future action against Gencor and the potential applicability of the "other insurance" provisions of its Policy.

Gerling has not had the opportunity to fully investigate the facts giving rise to this claim. By citing the above-mentioned grounds for reserving rights, Gerling wishes to make clear that it is not waiving any other rights or defenses under the Policy or at law, and reserves the right to raise such additional grounds in the future. Gerling recognizes that Gencor is fully reserving its rights as well.

We look forward to hearing from you with respect to the additional items of information requested above.

Very truly yours,

SEDGWICK, DETERT, MORAN & ARNOLD

By: _____
Joseph K. Powers

JKP:TXS
cc:   Mr. James S. Cribbins (via fax)
      Gerling America Insurance Co.

      Ms. Kim McGee-Bentley
      Marsh USA, Inc.
      615 Crescent Executive
      Court Suite 300
      PO Box 958421 (32795-8421)
      Lake Mary, FL 32746-2109

SDNY1/295344

** TOTAL PAGE.11 **