# EXHIBIT "5"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                    )
                                          )      Chapter 11
  GENCOR INDUSTRIES, INC., et al.         )      Case No.: 00-03597-6J1
                                          )
              Debtors                     )
                                          )
_____ )

### FIREMAN'S FUND INSURANCE COMPANY'S
### MOTION TO MODIFY DISCHARGE INJUNCTION

COMES NOW, Fireman's Fund Insurance Company, as subrogee of Basic Resources, Inc. and George Reed, Inc. ("Fireman's Fund"), by and through its undersigned attorneys, and pursuant to §524(e) of the Bankruptcy Code, and files this its Motion to Modify Discharge Injunction, as follows:

1. This Court has jurisdiction over the parties and subject matter and pursuant to 28 U.S.C. §§1334 and 157(a) and the standing order of reference entered by the District Court.

2. This is a Chapter 11 case, the Order for Relief having been entered on September 14, 2000.

3. This Court confirmed the Debtor's Chapter 11 Plan on or about July 11, 2001 and thereby imposed a permanent injunction against acts to collect debts of the Debtor arising before confirmation.

4. On or about April 18, 2001, after the Order for Relief, an asphalt plant recently purchased by Basic Resources, Inc. from the Debtor exploded on a Basic

Resources job site while being tested by a Gencor technician causing damages to Basic Resources, Inc. and George Reed, Inc. of approximately $960,457.22.

5. In July of 2001, American Insurance Company, Fireman's predecessor-in-interest, formally notified the Debtor of Fireman's subrogation claim and requested the Debtor to contact it. The Debtor did not respond to the July 2001 subrogation demand.

6. In August of 2002 and February of 2004, Fireman's, through its subrogation agent CRAIG/IS Ltd., again contacted the Debtor in writing and demanded payment of its subrogation lien. The Debtor did not respond to the demand letters.

7. After the Debtor failed to respond to these demands, Fireman's forwarded the file to James P. Gainey of Kelley, Kronenberg, Gilmartin, Fichtel and Wander, P.A. to file suit against the Debtor.

8. On or about September 24, 2004, Gencor was served with process in case no. 2004-CA-7746, in the Circuit Court for Orange County Florida, the Honorable Renee Roche presiding (the "Orange County action"). At the time of filing the Orange County action, neither Fireman's nor its counsel, James P. Gainey, had any knowledge of the Gencor bankruptcy.

9. On January 10, 2005, after a default had been entered against the Debtor in the Orange County action, Mr. Gainey received a letter from John Elliot of the Debtor which informed Fireman's, for the first time, that Gencor had filed bankruptcy and also advised Mr. Gainey that George Reed, Inc. had been previously notified of the bankruptcy.

10. The undersigned has diligently reviewed the proceedings in this case and has determined that George Reed, Inc. was added as a creditor by the Debtor on or about May 16, 2001, and that on June 12, 2001 a certification was filed by the Debtor's counsel stating that the confirmation package had been mailed by counsel to George Reed, Inc.

11. Although Fireman's post-petition subrogation claim against the Debtor may be discharged by the failure of Fireman's to file a request for administrative expense in this proceeding, Fireman seeks modification of the discharge injunction for the purposes of pursuing the Debtor in the Orange County Action, as a nominal Defendant only, in order to recover from the Debtor's insurance carriers.

12. This Court has granted the same relief requested herein previously by order and memorandum opinion dated November 20, 2002, documents 906 and 907.

WHEREFORE, Fireman's Fund respectfully requests that this Court modify the discharge injunction to permit Fireman's Fund to pursue the Orange County action against the Debtor only as a nominal Defendant for purposes of recovering against available insurance proceeds and for such other and further relief as this Court deems

just and proper.

/s/Michael A. Paasch
MICHAEL A. PAASCH
Florida Bar Number 852805
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida 32802-2854
Telephone: (407) 425-9044
Facsimile: (407) 423-2016
Attorneys for Fireman's Fund
Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail or electronic filing to Gencor Industries, Inc., 5201 N. Orange Blossom Trail, Orlando, Florida 32810; Paul S. Singerman, 200 S. Biscayne Boulevard, Suite 2950, Miami, Florida 33131; Jules S. Cohen, Post Office Box 231, Orlando, Florida 32802-0231; Brad R. Godshall, 10100 Santa Monica Boulevard, Los Angeles, California 90067; Denise Dell-Powell, 255 S. Orange Avenue, Floor 17, Orlando, Florida 32801; Patrick Murphy, Murphy & Neal, P.A., 550 Fairway Drive, Suite 203, Deerfield Beach, Florida 33441; and U.S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801, this 27th day of September, 2005.

/s/Michael A. Paasch
MICHAEL A. PAASCH

H:\Paasch M\CRAIG-is, Ltd\Gencor Industries, Inc-Bankruptcy of\Motion to Modify Discharge.doc