# EXHIBIT "7"

905

```
                              IN THE CIRCUIT COURT, NINTH
                              JUDICIAL CIRCUIT IN AND FOR
                              ORANGE COUNTY, FLORIDA
                              CASE NO.: 04-CA-007746

FIREMAN'S FUND INSURANCE COMPANY, a
foreign corporation, a/s/o BASIC RESOURCES, INC.,
and GEORGE REED, INC., a foreign corporation,

        Plaintiffs,
```



```
vs.

GENCOR INDUSTRIES, INC., a foreign corporation,

        Defendant.
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

```
                    TRANSCRIPT OF PROCEEDINGS

                 VOLUME 7 of 8 (Pages 905 - 987)

                      JURY TRIAL BEFORE
                THE HONORABLE RENEE A. ROCHE
                     CIRCUIT COURT JUDGE
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

```
DATE TAKEN:            THURSDAY, JANUARY 25, 2007
TIME:                  COMMENCED AT 8:30 A.M.
                       CONCLUDED AT 4:30 P.M.


PLACE:                 ORANGE COUNTY COURTHOUSE
                       COURTROOM 19C
                       ORLANDO, FLORIDA


REPORTED BY:           MARY ANN SCHUMACHER, CSR
                       Court Reporter and Notary Public
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

906

```
 1   APPEARANCES:

 2                   JON D. DERREVERE, Esquire
                     JEFFREY BURNSIDE, Esquire
 3                   Derrevere, Hawkes & Black
                     470 Columbia Drive, Building "B"
 4                   West Palm Beach, Florida  334309
                     561-684-3222
 5
                          Attorneys for Plaintiff
 6

 7
                     PATRICK J. MURPHY, Esquire
 8                   Murphy & Neale, P.A.
                     550 Fairway Drive, Suite 203
 9                   Deerfield Beach, Florida  33441
                     954-525-5509
10
                          Attorneys for Defendant
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# C O N T E N T S

## VOLUME 7 of 9

### (Pages 905 - 987)

#### PLAINTIFF'S WITNESSES:

TESTIMONY OF TOM PETTIBONE

       By Video Deposition

       Cross Examination by Mr. Murphy:     908

TESTIMONY OF FRANK HSU, Ph.D.

       By Video Deposition

       Direct Examination by Mr. Derrevere     953

1          I'll make a copy.  That will be photograph -- I

2     have it on the screen.  I think that's identical

3     photographs of number 7, actually, probably from

4     6.

5          And they are probably Kevin Brown's

6     photograph.  6 could be mine, could be his.  But

7     from 7 the detail, the loose wire, terminal 18,

8     that was definitely Mr. Brown's photograph.

9          MR. MURPHY:  Okay.

10    BY MR. DERREVERE:

11        **Q.   Is there any particular reason why you**

12    **picked photograph from Kevin versus yours or did it really**

13    **matter?**

14        A.   It really doesn't matter.  But this would be

15    most likely because he had the opportunity to do it that

16    day while I don't have the opportunity.  And since we are

17    doing teamwork, so whether he did or I did really doesn't

18    matter.

19        **Q.   Fair enough.  On page 1 of 9 of the report,**

20    **in the second paragraph, second sentence, let me see if**

21    **I'm reading this right. "Based on this placement of the**

22    **debris, the explosion center epicenter was located within**

23    **the dryer."  Did I read that correctly?**

24        A.   That's correct.

25        **Q.   What does that mean, in lay terms?**

1    A.    That means the ignition of this explosion,

2  ignitable explosive fuel-air mixture was actually located

3  inside the dryer and that the ignition source was located

4  inside the dryer, so the pressure wave started to build up

5  inside the dryer and go outward.

6    Q.    **Was part of your task to determine whether**

7  **this was some external -- something external to the batch,**

8  **the plant or whether it was an internal explosion?**

9    A.    That's right.  That's very crucial in our

10  investigation.  In every investigation the witnesses are

11  going to tell you some story, but is their story, you

12  know, reliable or not, we need to have the physical

13  evidence to pick it up.

14    On this particular case, people were saying there

15  was nothing, you know, near the explosion, I mean outside

16  the asphalt equipment, which is based on the outdoor

17  environment.  So that is a very reliable statement because

18  outdoor environment, it doesn't have a good chance to

19  accumulate fuel.

20    If you have an outdoor explosion, usually the

21  pressure wave will crash the machine if it's that

22  intensive, but we don't have that.  Actually, what we

23  have is the debris of the equipment flying outward, away

24  from the dryer instead of toward the dryer.  That kind of

25  gives us the idea the air is going away from the dryer.

1    Q.    And when you say the epicenter, that is the

2    explosion center, the place where the explosion started?

3        A.    That's right.

4        Q.    Other than looking at it, and I guess we'll

5    get to it eventually, you've done some calculations to try

6    to pinpoint that explosion center?

7        A.    Right.

8        Q.    Okay.  Did you talk to Mr. Tipton on site?

9    There's an interview with Lawrence R. Tipton, an employee

10   of Basic Resources.

11       A.    I believe I did, yes.

12       Q.    Okay.

13       A.    Actually, I have a recorded interview with

14   him.

15       Q.    Let me see if we can pull that out.  Let me

16   see.  You've got a recorded interview with Lawrence

17   Raemze, R-A-E-M-Z-E, Tipton?

18       A.    That's right, yeah.

19       Q.    And you've also got a discussion, it looks

20   like with William Johnson as well?

21       A.    Let me see.  I don't recall the name, but

22   yes, William Johnson, that sounds right.

23            (Whereupon, the videotape was skipped to the

24        following section and played to the jury.)

25   BY MR. DERREVERE: