1  Jon D. Derrevere, Esquire (FBN: 330132)
   Derrevere, Hawkes & Black
2  470 Columbia Drive, Bldg B
   West Palm Beach, FL 33409
3  561-684-3222
   *Pro Hac Vice*
4
   CHARLES K. BRUNN (CBN: 28021)
5  BRUNN & FLYNN
   928 12th Street, Suite 200
6  P.O. Box 3366 (95353)
   Modesto, California 95354
7
8  Attorneys for Plaintiff
   FIREMAN'S FUND INSURANCE COMPANY,
9  a foreign corporation a/s/o BASIC RESOURCES, INC.
   and GEORGE REED, INC., a foreign corporation
10

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C 07 06302 CRB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT [ANSWER] [D.E. 52 AND 54] [F.R.C.P. 15 (a)(2)]**<br><br>Hearing Date:  August 1, 2008<br>Time:          10:00 a.m.<br>Courtroom:     8 |

**TO: THE HONORABLE COURT AND TO DEFENDANT AND COUNSEL OF RECORD:**

### PREFACE

COMES NOW Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC. ("FFIC") and respectfully files this Response to Defendant's, GERLING AMERICA INSURANCE COMPANY ("GERLING") Motion for Leave of Court to "File Second Amended Complaint" [sic] and so states:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

GERLING has moved this Court for Leave to File a Second Amended Answer [D.E. 52 and 54] incorrectly titled "Motion for Leave to File Second Amended Complaint (D.E. 52). FFIC respectfully files this Response. In substance, FFIC does not object to the substance of the amendment so long as FFIC is not prejudiced in pursing discovery requests currently subject to a Motion to Compel and asserts that a hearing on this matter is not necessary.

### II. ARGUMENT

GERLING correctly states that pursuant to Fed.R.Civ.P. 15 (a)(2), leave to amend should be freely given "when justice so requires", that federal policy strongly favors determination of cases on their merits, and leave to amend pleadings is freely given unless the opposing party makes a showing of undue prejudice, bad faith or dilatory motive on the part of the moving party, citing to *Forman v. Davis*, 371 U.S. 178, 182 (1962). GERLING states it seeks this amendment in order to withdraw affirmative defenses relating to: (1) the **"Damages to Your Property"** Exclusion (Affirmative Defense No. 12 in D.E. 31 and 40) to which FFIC has no objection (despite GERLING's tardiness in so doing in light of the Court's Order (D.E. 30) for the parties to submit their respective Motions for Summary Judgment on or before July 3, 2008); and (2) the **"Exhaustion of Policy Limits"** argument, (Affirmative Defense No. 13 in D.E. 31 and 40) to which FFIC does object in the event that said withdrawal prejudices FFIC in its discovery efforts, and most particularly if the withdrawal would in any way adversely affect FFIC in pursuing its Motion to Compel (D.E. 43) rescheduled for hearing before the Magistrate Judge, Edward M. Chen on August 6, 2008 at 10:30 a.m..

As noted in the Motion to Compel (D.E. 43), FFIC seeks to compel discovery from GERLING for the production of documents relating to claims paid by GERLING, other claims

made against GENCOR INDUSTRIES, INC. ("GENCOR") the defendant-insured in the Underlying State Court Liability Action against whom FFIC has been awarded Final Judgments [as to liability/damages and costs (D.E. 29-2, 29-3)] and from which this insurance dispute arises.

Throughout the life of the underlying action and this pending case, GERLING has failed and refused to adequately respond to FFIC's requests, pursuant to F.S. § 627.4137 (c) for information relating to the available policy limits from GERLING. GERLING has maintained, as reflected in Affirmative Defense No. 13 that "FFIC's claims are barred because the aggregate limits provided by the GERLING Policy have been exhausted and therefore no coverage is available for the damages claimed." (D.E. 31 and 40).

At this late date, GERLING's request to withdraw the exhaustion affirmative defense appears rather disingenuous, as the assertions in Affirmative Defense No. 13 appear to have been "frivolous" from the onset; alternatively, the proposed withdrawal may represent an effort by GERLING to circumvent FFIC's right to the document Requests subject to FFIC's Motion to Compel. If the withdrawal of Affirmative Defense No. 13 renders moot the Motion to Compel and operates to prevent FFIC to obtain production confirming available policy limits and supporting documentation relating thereto, FFIC will be prejudiced by the withdrawal.[1]

## CONCLUSION

Accordingly, FFIC objects to the withdrawal of Affirmative Defense No. 13 (D.E. 31 and 40) only to the extent that such withdrawal moots or in any way compromises FFIC's right to

---

[1] This information and supporting documentation is necessary to FFIC in order to: (1) make an informed evaluation of the prospects for settlement, which information and support documentation GERLING is required to provide pursuant to F.S. § 627.4137; and (2) make an informed evaluation as to coverage issues based upon what claims, if any, previously asserted against GERLING's insured, Gencor, have been accepted for payment by GERLING and what claims, other than those that form the basis of this coverage dispute, have been rejected for payment GERLING.

Plaintiff's Response to Defendant's Motion for Leave of Court to File Second Amended Complaint [Answer]
[D.E. 52 and 54] [F.R.C.P. 15 (a)(2)]

discovery which is currently the subject of a Motion to Compel set to be heard by Magistrate Chen on August 6, 2008. FFIC does not believe oral argument on this matter is necessary.

**WHEREFORE**, Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., by and through undersigned counsel, respectfully requests that this Court enter an Order which grants the Motion but preserves FFIC's right to seek production of the documents described herein, and which provides such other relief the Court deems proper under the circumstances.

**DATED** _____9th_____ day of _____July_____, 2008.

Respectfully submitted,

By: _____
JON D. DERREVERE
Fla. Bar No.: 330132
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
jdd@derreverelaw.com

*Admitted Pro Hac Vice*
Counsel for Plaintiff


CHARLES K. BRUNN
CBN: 28021
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354
Email: CBrunn@Brunn-Flynn.com

Co-counsel for Plaintiff

Plaintiff's Response to Defendant's Motion for Leave of Court to File Second Amended Complaint [Answer]
[D.E. 52 and 54] [F.R.C.P. 15 (a)(2)]

## PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On ___July 9th___, 2008, I served the foregoing document(s) described as:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT [ANSWER] [D.E. 52 AND 54] [F.R.C.P. 15 (a)(2)]**

On the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

**[ ] BY REGULAR MAIL:**

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

**[X] BY ECF:**

I HEREBY CERTIFY that on this ___9th___ day of ___July___, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on ___July 9th___, 2008.

NAME: Deanna N. Menendez            Signature: *Deanna N. Menendez*

Plaintiff's Response to Defendant's Motion for Leave of Court to File Second Amended Complaint [Answer] [D.E. 52 and 54] [F.R.C.P. 15 (a)(2)]