Thomas R. Beer (148175), tbeer@barwol.com
Tino X. Do (221346), tdo@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
GERLING AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO.: 3:07-cv-06302-CRB (EMC)<br><br>**DEFENDANT GERLING AMERICA INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL [F.R.C.P 12(c)]**<br><br>Date: August 6, 2008<br>Time: 10:30 a.m.<br>Courtroom: C |

Defendant Gerling America Insurance Company ("Gerling") submits this Opposition to Plaintiff Fireman's Fund Insurance Company's ("FFIC") Motion to Compel pursuant to Federal Rules of Civil Procedure, Rule 37.

### MEMORANDUM OF POINTS AND AUTHORITIES

#### 1. INTRODUCTION

In its motion to compel, FFIC seeks to require Gerling to produce "any and all" documents relating to claims paid by Gerling on behalf of Gerling's insured, Gencor Industries, Inc. ("Gencor"), "any and all" documents relating to claims made against Gencor, and Gerling's underwriting file on Gencor. These requests, as drafted, are overly broad, not relevant to the

j:\office2\29218\011\08pleadings\gerling's opp to motion to compel-final.doc

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

Defendant Gerling's Opposition to Plaintiff's Motion to Compel
3:07-cv-06302-CRB

matters at issue in this specific action, and would require the production of privileged and confidential information. FFIC, as a purported third party claimant to the Gerling policy, has no right to these requested documents that would contain confidential information of third parties that have no connection to this action. Furthermore, Gerling amended its Answer to dismiss the affirmative defense that FFIC claims is the basis for one of its document requests at issue. Given these considerations, this Court should deny FFIC's motion to compel the requested discovery.

## 2. ARGUMENT

FFIC fails to explain why the documents at issue in its motion to compel are relevant or necessary, and neglects to address all of Gerling's objections to FFIC's requests for production.

### A. Documents Relating to All Claims Paid by Gerling on Behalf of Gencor Are Not Relevant to This Action

Gerling objects to FFIC's Request for Production No. 4, which requests "any and all" documents relating to all claims paid by Gerling on behalf of Gencor,[1] on the grounds that these documents are not relevant to the issue of whether the Gerling policy provides coverage for FFIC's claims in this action.

In its motion to compel, FFIC states that it is entitled to these documents because Gerling has asserted the affirmative defense of "Exhaustion of Policy Limits" in its Answer. FFIC states that "because Gerling has asserted that coverage for this claim has been 'exhausted,' . . . Gerling has effectively opened the door for FFIC to explore the basis of this claim." In a letter dated June 24, 2008, Gerling offered to amend its Answer to withdraw this affirmative defense to resolve this portion of the parties' discovery dispute, and requested that FFIC agree to stipulate to entry of Gerling's Second Amended Answer. *See* Declaration of Tino X. Do in Support of Defendant Gerling America Insurance Company's Opposition to Plaintiff's Motion to Compel ("Do Decl."), Exhibit 1. FFIC rejected this stipulation and stated that "FFIC is entitled to determine what claims have been asserted against Gencor that have been accepted for payment by Gerling and what claims

---

[1] FFIC propounded Interrogatories to Gerling in this action, but failed to include a simple Interrogatory that could have requested the total amount of claims paid by Gerling on behalf of Gencor. Notwithstanding FFIC's failure to properly utilize the discovery process, Gerling has informed FFIC that it has paid $15,000 on behalf of Gencor in the relevant time period.

-2-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

Defendant Gerling's Opposition to Plaintiff's Motion to Compel
3:07-cv-06302-CRB

have been rejected for payment by Gerling." *Id.*, Exhibit 2. On June 26, 2008, Gerling filed a Motion for Leave of Court to File Second Amended Complaint, which withdraws the "Exhaustion of Policy Limits" affirmative defense. *Id.*, Exhibit 3. On July 11, 2008, the Court granted Gerling's motion and Gerling's Second Amended Answer, without the "Exhaustion of Policy Limits" affirmative defense, was filed.[2] *Id.*, Exhibit 4.

As FFIC's entire argument for the relevance of these claims documents was based upon the "Exhaustion of Policy Limits" affirmative defense, the withdrawal of this defense makes FFIC's argument regarding these documents moot. This action concerns whether the Gerling policy provides coverage for FFIC's claims, and this coverage determination relies solely upon the specific facts of FFIC's claims and the coverages and exclusions of the Gerling policy that are applicable given those facts. Documents relating to other claims paid by Gerling have no connection to whether coverage exists in this case. Furthermore, FFIC is only a purported third party claimant to the Gerling policy, and there has not been any allegation of bad faith against Gerling in its claims handling in this action. As such, FFIC cannot claim that documents relating to other claims paid by Gerling on behalf of Gencor are relevant.

Gerling also objects to this request on the grounds that it is overbroad in requesting "any and all documents." This overbroad language encompasses documents that would be subject to the attorney-client privilege and attorney work product doctrine. FFIC's argument to the contrary is unavailing given the plain meaning of the language of its request. Furthermore, this overbroad language would require the production of confidential and/or proprietary information unrelated to the issue of whether the Gerling policy provides coverage for FFIC's claim. FFIC is not an insured to the Gerling policy, but merely a purported third party claimant. It has no right to obtain Gerling's confidential and/or proprietary information with regard to the claims handling on behalf of its insured, Gencor.

Finally, Gerling objects to this request on the grounds that it would require the production and disclosure of information that would violate the privacy rights of third parties not involved in

---

[2] In its Order, the Court expressly rejected FFIC's argument that the withdraw of Gerling's affirmative defense would somehow prejudice FFIC because it would limit the amount of discovery

-3-

BARGER & WOLEN LLP
660 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

this action. Given the overbroad language of the request, complying with it would force Gerling to produce documents that contain information on other claimants that have no connection to this action. FFIC fails to address this argument in its motion to compel, and cannot show that its need for these documents outweighs the privacy rights of third parties.

As FFIC cannot prove its need for these documents following the withdrawal of the "Exhaustion of Policy Limits" affirmative defense, and the reasonable objections raised by Gerling, FFIC cannot show that it would suffer actual or substantial prejudice from the denial of this discovery. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 333 (N.D. Ill. 2005).

### B. FFIC's Request for All Documents Relating to Claims Made Against Gencor Between 1999 and 2005 Is Overbroad

Gerling objects to FFIC's Request for Production No. 9, which requests "any and all" documents relating to claims made against Gencor between 1999 and 2005 on the grounds that these documents are not relevant to the issue of whether the Gerling policy provides coverage for FFIC's claims in this action.

FFIC argues that Gerling may have paid claims on behalf of Gencor that may be similar to FFIC's claims.[3] However, bad faith in Gerling's claim handling is not at issue in this action, only the possible coverage of FFIC's claims. The determination of coverage is made by the facts of the underlying claims and the applicable policy provisions. The facts of other claims have no bearing on the question of coverage in this action. Therefore, FFIC, as merely a purported third party claimant, has no right to obtain documents relating to claims made against Gencor. Additionally, FFIC's citations regarding the discovery of prior lawsuits, none of which are based on Florida or California law, have no bearing in this action as prior lawsuits and claim files are entirely different. Lawsuits are public filings that can be accessed by anybody while Gerling's claim files are private. FFIC has failed to cite any cases in which a court has compelled discovery of claim files for the benefit of a third party claimant in which no bad faith claims are at issue.

---

[3] In this argument, FFIC refers to a May 14, 2007 letter drafted by Gerling's prior defense counsel that stated that Gerling had made $750,000 in payments for products-completed operations cases in the applicable policy period. Current counsel for Gerling has informed FFIC that this statement was

-4-

Furthermore, Gerling objects to this request on the grounds that it is overbroad as to time in that FFIC's claim relates to the policy period of 2001 to 2002. However, this request demands documents from 1999 to 2005, a timeframe that encompasses years before and after the applicable policy period in this case. Gerling also objects to this request on the grounds that it is overbroad in requesting "any and all documents." As stated in the prior section, FFIC's overbroad language would require the production of privileged, confidential and proprietary information, as well as the disclosure of information that would violate the privacy rights of third parties not involved in this action.

As this coverage action does not involve a claim for bad faith, FFIC cannot show that the requested documents are material or relevant, and the Court should deny FFIC's motion to compel Gerling's claims files.

C. **Gerling's Underwriting File on Gencor Has No Relevance to the Coverage Determination at Issue in This Action**

Gerling objects to FFIC's Request for Production No. 10, which requests Gerling's underwriting files relating to Gencor from 1999 to 2005 on the grounds that these documents have no materiality or relevance to the issue of whether the Gerling policy provides coverage for FFIC's claims at issue in this case.

FFIC argues that these documents are relevant because Gerling has raised the "Engineers, Architects or Surveyors Professional Liability" exclusion as a possible defense in this coverage action. FFIC further argues that Gerling's underwriting files on Gencor are relevant to the issue of Gerling's "knowledge of the professional qualifications, if any, that employees of Gencor had." However, the "professional qualifications" of Gencor's employees have no relevance to the possible application of the "Professional Liability" exclusion as that issue focuses on the actual services that the employee was performing at the time of the underlying damage. Furthermore, Gerling's knowledge[4] of the "professional qualifications" of Gencor's employees has no materiality to this

---

incorrect. Do Decl., Exhibit 5.
[4] Additionally, it is extremely unlikely that Gerling would have any information on the "professional qualifications" of a specific Gencor employee given that Gencor employed hundreds of individuals, none of whom were named or additional insureds to the Gerling policy.

-5-

coverage action as there is no claim for bad faith on the part of Gerling. The written contract entered into by Gencor and FFIC's insured lists the services that Gencor was obligated to provide, and FFIC deposed Calvin Dixon, the Gencor employee at issue, regarding his qualifications[5] and services performed at the time of the loss. Gerling's underwriting file and its alleged knowledge of the "professional qualifications" of Gencor's employees have no relevance to this coverage action, and the Court should deny FFIC's motion to compel this discovery.

Additionally, FFIC's request for underwriting files from 1999 to 2005 is overbroad as FFIC's claims arising from an incident that occurred in 2001. FFIC has provided no reason for its request for underwriting files prepared after the incident at issue in this case. Gerling also objects to this request on the grounds that Gerling's underwriting files could contain privileged, confidential and/or proprietary information, as well as information of third parties not involved in this action. FFIC has failed to prove that its need for this information outweighs all other considerations.

As FFIC has not proven that any information contained in Gerling's underwriting file is relevant to this coverage action, the Court should deny FFIC's motion to compel Gerling's underwriting files.

### 3.  CONCLUSION

For the foregoing reasons, Gerling respectfully requests that the Court deny Plaintiff's motion to compel with respect to all of FFIC's discovery requests.

Dated: July 16, 2008

BARGER & WOLEN LLP

By:   /s/ Tino X. Do
THOMAS R. BEER
TINO X. DO
Attorneys for Defendant GERLING
AMERICA INSURANCE COMPANY

---

[5] It is undisputed that FFIC has already had the opportunity to obtain discovery regarding the "professional qualifications" of Mr. Dixon from Mr. Dixon himself.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800