Jon D. Derrevere, Esquire (FBN: 330132)
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
561-684-3222
*Pro Hac Vice*

CHARLES K. BRUNN (CBN: 28021)
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354

Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY,
a foreign corporation a/s/o BASIC RESOURCES, INC.
and GEORGE REED, INC., a foreign corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GERLING AMERICA INSURANCE COMPANY, a foreign corporation, <br><br> Defendant. | CASE NO.  C 07 06302 CRB <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [D.E. 60] [F.R.C.P. 56]** <br><br> **Hearing Date:  August 8, 2008** <br> **Time:          10:00 a.m.** <br> **Courtroom:      8** |

**TO: THE HONORABLE COURT AND TO DEFENDANT AND COUNSEL OF RECORD:**

## PREFACE

**COMES NOW**, Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., ("FFIC") by and through undersigned counsel and pursuant to Fed.R.Civ.P. 56, Civil L. 7-1 through 7-5, inclusive, as well as the legal authorities cited herein, respectfully files/serves this Response in Opposition to GERLING AMERICA

INSURANCE COMPANY ("GERLING") Motion for Summary Judgment. There is nothing in GERLING's Motion for Summary Judgment that demonstrates FFIC is not entitled to coverage; GERLING's Motion for Summary Judgment should be Denied and FFIC's Motion for Summary Judgment should be Granted.

# TABLE OF CONTENTS

**Page(s)**

1.    Table of Contents                                                              3

2.    Table of Citations                                                             4

3.    Memorandum of Points and Authorities                                           5

       I.      Introduction                                                          5

       II      Statement of Facts                                                    5-7
       III.    FFIC Has Legal Standing to Enforce Its Rights as
               A Judgment Holder                                                     7-9
       IV.     Exclusion 2 (B) "Contractual Liability" Is Inapplicable               9-10
       V.      Exclusion 2 (K) "Damages to Your Product" Does Not Apply              10-11
       VI.     Exclusion 2 (L) "Damage to Your Work" Does Not Apply                  11-13
       VI.     The "Professional Liability" Exclusion does not bar
               Coverage for FFIC's Claims                                           13
       VIII.   FFIC is Entitled to Recover the Final Judgment for Costs             14

4.    Conclusion                                                                     14-15

5.    Proof of Service                                                               16

Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [D.E. 60] [F.R.C.P. 56]

1

# TABLE OF CITATIONS

2

| **Cases** | **Page(s)** |
|---|---|
| Aerothrust Corp. v. Granada Ins. Co.<br>904 So.2d 470 (Fla. app. 2005) | 13 |
| American Family Mutual Insurance Co. v. American Girl, Inc.<br>673 NW 2d 65 (Wis. 2004) | 10 |
| Broward Marine, Inc. v. Aetna Insurance Company<br>459 So.2d 330 (Fla. app. 1984) | 11, 12 |
| Cessna Aircraft Co. v. Avior Technologies, Inc.<br>33 FLWD 1535, 2008 Fla. App. Lexis 8456 (Fla. app. 2008) | 13 |
| DeMeo v. Frenchies Worldwide Helmets, Inc.<br>732 So.2d 12 (Fla. app. 1999) | 8 |
| Dreis & Crump Manufacturing Co., v. Phoenix Insurance Co.<br>548 F.2d 681 (7th Cert. 1977) | 11 |
| Garcia v. Federal Ins. Co., 969 So.2d 288 (Fla. 2007) | 11 |
| Hamilton Die Cast, Inc. v. United States Fidelity & Guarantee Co.<br>508 F.2d 417 (7 Cert. 1975) | 11, 12 |
| Herrera v. C.A. Seguros Catatumbo 844 So.2d 644 (Fla. app. 2003) | 14 |
| Merchants & Businessmen's Mutual Ins. Co. v. Bennis<br>636 So.2d 543 (Fla. app. 1994) | 9 |
| Pacific Employers Insurance Company v. Alex Hofrichter, P.A.<br>670 So.2d 1023 (Fla. app. 1996) | 14 |
| Progressive Express Ins. Co. v. Scoma, 32 FLWD 1187 (Fla. app. 2007) | 9 |
| RAD Source Tech, Inc. v. Colony National Insurance Company<br>914 So.2d 1006 (Fla. app. 2005) | 10, 11 |
| Seguros v. Maynard Bostrom, 347 F.2d 168 (5th Cir. 1965) | 9 |
| Thompson v. Commercial Union Ins. Co., 250 So.2d 259 (Fla. 1971) | 9 |
| United Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983) | 14 |
| Universal Security Insurance Company v. Spreadberry<br>542 So.2d 1167 (Fla. app. 1988) | 8 |
| U.S. Fire Ins. Co. v. J.S.U.B., 979 So.2d 871 (Fla. 2007) | 10 |
| Weedo v. Stone-E-Brick, Inc., 405 A.2d 788 N.J. (1979) | 4, 11 |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [D.E. 60] [F.R.C.P. 56]

## MEMORANDUM OF POINTS AND AUTHORITIES
### I. INTRODUCTION

Notwithstanding GERLING's assertions to the contrary, the policy at issue herein provides coverage for the Judgments rendered in favor of FFIC in the State Court Action. As a Judgment Creditor, FFIC has standing to pursue this action because GERLING's "after the fact" declination of coverage is of no moment to the rights of FFIC nor this Court's authority to order GERLING to satisfy the Judgments. Based upon the position taken by GERLING in its Motion for Summary Judgment, there is no dispute that the State Court Judgments arise from "property damage" resulting from an "occurrence" which took place during the policy period inside the policy territory. Therefore, unless GERLING has met its burden to demonstrate the applicability of  policy exclusions, FFIC is entitled to Judgment in its favor in the amount of the available Products-Completed Operations Hazard ("PCOH") limits in addition to pre-judgment interest, post-judgment interest and costs (with post-judgment interest) in accordance with the Supplementary Payment Provision ("SPP"). Based upon the Stipulations made by GENCOR and FFIC, as well as the facts adduced at the State Court Trial, the exclusions raised by GERLING are inapplicable. This Court should therefore enter Judgment in favor of FFIC against GERLING in the sum of $1,737.812.60 exclusive of taxable costs and attorney's fees.

### II. STATEMENT OF FACTS

GERLING has predicated a significant portion of its arguments on the premise that the allegations contained in the Complaint filed by FFIC against GENCOR are the "operative facts" upon which this Court should evaluate the carrier's indemnification obligations. However, unlike the standard applicable to determining whether a carrier is obliged to provide a defense, the obligation to satisfy a Judgment is based upon the facts supporting the Judgment.

Prior to trial, FFIC withdrew all of its claims for Breach of Implied Warranty of Merchantability, Breach of Express Warranty and Strict Liability and proceeded against GENCOR

-5-

only on the counts sounding in Breach of Contract and Negligence. At trial, neither FFIC nor GENCOR, through counsel or witnesses, made any assertion that a defect in any part manufactured or supplied by GENCOR caused the explosion. GENCOR did not request a Jury Instruction regarding application of the warranty provisions in the GEORGE REED/GENCOR contract and the Verdict Form is devoid of any reference to a warranty limitation defense. In fact, GENCOR did not call any witnesses at trial to testify regarding the issue of liability (Calvin Dixon was called as a plaintiff witness) and no testimony was elicited from any GENCOR Corporate representative.

During the course of the trial, FFIC consistently maintained that the explosion resulted from Calvin Dixon's failure to use due care while conducting a "dry run" of the temperature control system. By disengaging the "number 18 wire" from the control board, he believed that the control panel was electronically separated from the dryer; however, because the number 18 wire either reconnected or "arced" closing the main gas feed line circuit, propane was dumped into the dryer. When Mr. Dixon pushed the start button to complete the dry run, the gas ignited causing damage to components sold by GENCOR and installed by GEORGE REED personnel along with other portions of the plant not sold to GEORGE REED by GENCOR in addition to costs for demolishing and reconstructing the plant, loss of income and extra expense to fulfill contract obligations from other batch plants. No other explanation for the explosion was provided by GENCOR at trial.

On January 26, 2007, the Jury returned its Verdict in favor of FFIC. Judgment was initially entered in favor of FFIC on April 17, 2007. On May 2, 2007, FFIC filed its initial Complaint for Declaratory Relief and Breach of Contract against GERLING in the United States District Court for the Southern District of Florida. On May 14, 2007, counsel for GERLING directed a letter to GENCOR asserting that based upon essentially all of the defenses raised in this case, the carrier determined that it was not obliged to satisfy the Judgment. The May 14, 2007 letter from GERLING's coverage counsel was not provided to FFIC until GERLING responded to a discovery

-6-

request for production of documents filed herein on May 16, 2008 and GERLING has never filed a Declaratory Judgment action including GENCOR or FFIC seeking confirmation of its coverage position. Neither the May 14, 2007 letter from GERLING's coverage counsel nor GERLING's Motion for Summary Judgment specifically references GERLING's obligation to satisfy the Cost Judgment entered in favor of FFIC in the sum of $42,000.00.

### III. FFIC HAS LEGAL STANDING TO ENFORCE ITS RIGHTS AS A JUDGMENT HOLDER

FFIC has legal standing to sue GERLING herein because the law recognizes FFIC as a Third Party Beneficiary to the GERLING insurance policy. FFIC has obtained Final Judgments as to liability for damages and costs against GENCOR following a Jury Trial. Both the GERLING policy and Florida Law confirm FFIC's right to pursue satisfaction of the Final Judgments against GERLING. Sub-Section 3 of Section IV – Commercial General Liability Conditions, in the policy provides as follows:

**3. Legal Action against US**
No person or organization has a right under this coverage part:

    A. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
    B. To sue us on this on this coverage part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a Final Judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this coverage part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

It cannot be disputed that FFIC is the holder of "a Final Judgment against an insured obtained after an actual trial." Additionally, this Court has previously determined that the *"non inpersonam"* format of the Final Judgments against GENCOR does not affect GENCOR's "obligation to pay" FFIC nor GERLING's obligation to satisfy the Judgments.

The arguments made by GERLING relating to Florida's "Non-Joinder" statute are wholly inapplicable to this case. By its very terms, F.S. §627.4136, provides that it is a "condition precedent" to the accrual or maintenance to a cause of action against the liability insurer by a person not insured under the terms of the liability insurance contract that such person "shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy." In this case, FFIC has obtained a Verdict against GENCOR. Further, because GERLING defended GENCOR under a Reservation of Rights, FFIC could not join GERLING as a party defendant in the State Court Action but was obliged to pursue this lawsuit.

Notwithstanding the unambiguous procedure set forth in the policy and F.S. §627.4136 (which has been followed by FFIC), GERLING asserts that because coverage counsel wrote a letter to GENCOR on May 14, 2007, after GERLING had defended GENCOR in the Underlying Action, after a Verdict was entered against GENCOR, after Judgment was entered against GENCOR and after this action was filed, FFIC does not have the "right to contest the insurer's reservation of rights or declination of coverage to the insured." GERLING's Motion for Summary Judgment at Page 11, Line 6.

GERLING's assertion on this issue is patently ridiculous and totally unsupported by any case law. Neither of the cases cited by GERLING involves a situation where as here, a Judgment Creditor seeks to enforce its rights against an insurer where no prior declaratory determination has been made on the coverage issue. In <u>Universal Security Insurance Company v. Spreadberry</u>, 542 So.2d 1167 (Fla. app. 1988) the Court held that a claimant who had not obtained judgment against the insured could not sue the insurer because existence of a verdict is a pre-condition to filing suit against an insurer. In <u>DeMeo v. Frenchies Worldwide Helmets</u>, Inc., 732 So.2d 12 (Fla. app. 1999) an insurer obtained an enforceable declaratory judgment that it had no obligation to pay third party claims against its insured prior to entry of final judgment in favor of the claimant. Here, FFIC has

-8-

obtained judgments and GERLING has not obtained a declaratory determination from a Court of competent jurisdiction that no coverage exists. To the extent that GERLING could be allowed to extinguish the rights of FFIC simply by writing a letter to its insured which was not provided to FFIC, Sub-Section 3 providing for a legal action on the part of third parties and F.S. §627.4136 would be meaningless. See: Seguros v. Maynard Bostrom, 347 F.2d 168 (5th Cir. 1965); Thompson v. Commercial Union Ins. Co., 250 So.2d 259 (Fla. 1971); Progressive Express Ins. Co. v. Scoma, 32 FLWD 1187 (Fla. app. 2007); and Merchants & Businessmen's Mutual Ins. Co. v. Bennis, 636 So.2d 543 (Fla. app. 1994). FFIC possesses standing to enforce its Judgments against GERLING.

### IV.    Exclusion 2 (b) "Contractual Liability" is Inapplicable

It is undisputed that the GENCOR/GEORGE REED contract contains a warranty provision outlining GENCOR's responsibilities in the event a defective product or part supplied by GENCOR results in damage to the equipment supplied by GENCOR. Paragraph 6 of GENCOR's "Standard Terms and Conditions of Sale" provides in pertinent part as follows:

> 6.    WARRANTY
>
> 6.1 WARRANTY: Subject to the limitations set forth elsewhere in this Order, Gencor warrants to Purchaser that, *at the time of the delivery to Purchaser, each Product and each Part manufactured by or for Gencor to its detailed design shall (a) conform to the applicable specification for such Product or Part and (b) be free from defects in workmanship and material.*

On its face, the warranty applies to "each product and each part manufactured by or for GENCOR to its detailed design". The warranty does not relate in any way to service on non-defective parts performed by GENCOR personnel. That conclusion is supported by the "Disclaimer and Release" provision contained in Paragraph 6.6 of the Standard Terms and Conditions which provides in pertinent part that the warranties, obligations and liability of GENCOR are waived and released "with respect to any nonconformance or defect in any product or part."

The GENCOR/GEORGE REED contract does not provide any standard for determining the sufficiency of the service provided by technicians such as Calvin Dixon. GENCOR "assumed" no liability of any kind, whether by way of warranty or otherwise, for any of its service obligations pursuant to the contract. The breach by GENCOR proved at trial was based upon the obligation to start the plant and provide technical assistance to run batch at the appropriate temperature as opposed to causing an explosion.

GERLING asserts in its Motion for Summary Judgment that GENCOR "assumed liability in the event the *plant was defective*." GERLING's Motion for Summary Judgment at Page 13, Lines 3-4. As set forth above, GENCOR was never responsible for defects in the completed "plant" (as opposed to defective products or parts) and GENCOR did not take on any additional liability in the contract regarding the obligation to perform services in a reasonable and appropriate manner that it would not have had in the absence of the contract. Under Florida Law, GENCOR did not assume any liability to GEORGE REED and the "contractual liability" exclusion does not apply. U.S. Fire Ins. Co. v. J.S.U.B., 979 So.2d 871 (Fla. 2007); RAD Source Tech, Inc. v. Colony National Insurance Company, 914 So.2d 1006 (Fla. app. 2005); American Family Mutual Insurance Co. v. American Girl, Inc., 673 NW 2d 65 (Wis. 2004).

### V.    Exclusion 2 (k) "Damages to Your Product" Does not Apply

The "Damage to Your Product" exclusion does not preclude coverage for the damages which are involved herein. By definition in the policy,  "Your Product" means "any goods or products, *other than real property, manufactured, sold, handled, distributed or disposed of by you, others trading under your name, or a person or organization whose business or assets you have acquired*." By its terms, the definition of "Your Product" does not include the finished plant because it is "real property." Therefore, the product must relate to the component parts supplied by GENCOR. The "Damage to Your Product" exclusion applies where a product, "other than real

-10-

property" contains a defect which damages the product itself. Here, no defect in the component parts supplied by GENCOR damaged themselves. Rather, Mr. Dixon damaged the finished plant while servicing the temperature control system.

This case is controlled by the holdings in RAD Source, ("the policy excludes 'property damage' to 'your product' arising out of it or any part of it. The language 'arising out of it or any part of it' limits the scope of the exclusion to situations wherein the product itself is defective." Id at 1009), and Broward Marine, Inc. v. Aetna Insurance Company, 459 So.2d 330 (Fla. app. 1984) (a product which is built, manufactured or constructed by the insured does not remain the insured's product "forever more" after the buyer takes possession and work is later undertaken by the insured). None of the cases cited by GERLING contradict the foregoing.

Notwithstanding any claims to the contrary relating to allegations made by FFIC in the Complaint, neither GENCOR nor FFIC made any assertion at trial that a defect in the plant or any component part provided by GENCOR caused the explosion. Because an insurer's duty to pay a judgment is based upon the facts adduced at a trial rather than allegations contained in the Complaint, Garcia v. Federal Ins. Co., 969 So.2d 288 (Fla. 2007), and because the only facts adduced at trial demonstrate that Calvin Dixon's actions in unintentionally energizing the main gas feed line prior to pushing the "start button" caused the explosion, the "Damage to Your Product" exclusion does not apply to this case.

## VI.     Exclusion 2 (l) "Damage to Your Work" Does not Apply

In outlining the distinctions between CGL policies and performance bonds in Weedo v. Stone-E-Brick, Inc., 405 A.2d 788 N.J. (1979) the Supreme Court of New Jersey stated: "as we have endeavored to make clear, the policy in question does not cover an accident of faulty workmanship but rather faulty workmanship which causes an accident." Id at 796, citing Hamilton Die Cast, Inc. v. United States Fidelity & Guarantee Co., 508 F.2d 417 (7 Cert. 1975) and Dreis &

-11-

Crump Manufacturing Co., v. Phoenix Insurance Co., 548 F.2d 681 (7th Cert. 1977). Similarly, In Hamilton Die Cast, Inc., the court differentiated between a "no coverage" situation wherein an automobile manufacturer is obliged to recall tires because of a defect with the covered "occurrence" resulting when a defect in a tire results in an accident causing damage to the remainder of the automobile or its occupants.

In the Underlying Case, it was undisputed that Calvin Dixon was performing "an operation" at the time of the explosion. However, his "work" did not include construction, installation or modification of any physical components or parts of the completed plant. "At the time GEORGE REED requested GENCOR to send a field technician to assist with the start up of the plant, the plant was fully constructed in Clements, California, away from GENCOR's premises in Florida." RJN, Ex. 1, 76:24-77-3; Ex. 2, 240:16-19. GEORGE REED only required GENCOR's assistance with service for the start up of the plant. Id., Ex. 1, 84:15-85:3. GERLING's Motion for Summary Judgment at Page 19, Lines 13-17. It therefore appears that GERLING is attempting to conflate Calvin Dixon's "operation" relating to service of the temperature control system with the products sold by GENCOR and ultimately the entire plant. That logic was effectively rejected in Broward Marine, Inc. where the court held that presuming the claimant's damage was not caused by a preexisting defect in the product, the carrier would be required to pay for the loss of the claimant's boat with the exception of the refrigerator that the repairman was servicing when he caused a fire. Similarly, because GENCOR did not construct the plant, the plant was not GENCOR's "work". The "work" performed by GENCOR through Calvin Dixon which is the subject of this loss relates to Mr. Dixon's improper "operation" of the temperature control system. The temperature control system was part of the control center which was replaced for $50,000.00. While the "Damage to Your Work" exclusion may be applicable to the cost for replacing the temperature control system or the control center, that exclusion clearly does not apply to damage to property which was not "the

-12-

## VIII. FFIC is entitled to recover the Final Judgment for Costs

GERLING has failed to raise any arguments relating to FFIC's entitlement to recover the $42,000.00 Final Judgment regarding costs taxed against GENCOR. In accordance with Florida Law, FFIC is entitled to Final Judgment as a matter of law in the sum of $42,000.00 plus pre-judgment interest against GERLING pursuant to the policy SPP. Pacific Employers Insurance Company v. Alex Hofrichter, P.A., 670 So.2d 1023 (Fla. app. 1996). Further, GERLING has not asserted that to the extent coverage is provided, the SPP allows FFIC to recover pre-judgment interest and post-judgment interest "over and above" the PCOH limits.

## CONCLUSION

FFIC has met its burden to demonstrate that the Final Judgment in the Underlying State Court Action resulted from "property damage" arising from an "occurrence" which took place during the "policy period" inside the "coverage territory". Therefore, subject to any exclusions, FFIC is entitled to payment of the available policy limit. GERLING has failed to meet its burden to prove the applicability of exclusions contained within the policy as required by Florida Law. United Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983); Herrera v. C.A. Seguros Catatumbo 844 So.2d 644 (Fla. app. 2003). FFIC has standing to pursue this claim against GERLING in accordance with the unambiguous terms of the insurance policy and pursuant to F.S. §627.4136 because GERLING's self serving "declination of coverage" is nothing more than a reiteration of the defenses raised herein which is not binding upon FFIC or this Court. The facts adduced at trial through the Stipulations made by GENCOR and as provided by witnesses demonstrate that the "Assumed Liability", "Damage to Your Product" and "Professional Liability" exclusions do not apply. With regard to the "Damage to Your Work" exclusion, because the asphalt batch plant was not constructed or assembled by GENCOR, the finished plant was not GENCOR's "work." Calvin Dixon did not supply any materials, parts or equipment in connection with his "operation" of the temperature control system and the cost to replace the entire control center upon which Mr. Dixon

-14-

performed his operation does not reduce FFIC's damage claim below the One Million Dollar PCOH

policy limit. In addition to the PCOH policy limit, FFIC is entitled to pre-judgment interest and

post-judgment interest as well as costs taxed against GENCOR pursuant to the SPP. Based upon all

of the foregoing, FFIC respectfully requests that this Court enter Judgment in its favor and against

GERLING on the Breach of Contract claim and the Declaratory Judgment claim finding that

GERLING is in breach of its obligations to satisfy the Final Judgments entered in the State Court

Action and Ordering GERLING to pay the sum of $1,737,812.60 exclusive of taxable costs and

attorney's fees incurred in prosecuting this action with continuing jurisdiction to award costs and

consider entitlement to attorney's fees pursuant to F.S. §768.79 along with any other relief which

this Court deems just and appropriate.

**DATED** _10th_ day of _July_ _____2008.

By: _____

JON D. DERREVERE
Fla. Bar No.: 330132
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
jdd@derreverelaw.com

*Admitted Pro Hac Vice*
Counsel for Plaintiff

CHARLES K. BRUNN
CBN: 28021
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354
Email: CBrunn@Brunn-Flynn.com

Co-counsel for Plaintiff

-15-

**PROOF OF SERVICE**

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On _July 16th_, 2008, I served the foregoing document(s) described as:

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [D.E. 60] [F.R.C.P. 56]**

On the interested parties in this action by placing [   ] the original [ X ] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

**[ ] BY REGULAR MAIL:**

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

**[X] BY ECF:**

I HEREBY CERTIFY that on this _16th_ day of _July_, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on _July 16th_, 2008.

NAME: Deanna N. Menendez        Signature: _Deanna N. Menendez_