work of GENCOR" regardless of the fact that a portion of the property damage payment resulted from the cost to replace components manufactured by GENCOR. FFIC has not sought recovery for damages resulting from an "accident of faulty workmanship." Rather, the State Court Judgment is based upon "faulty workmanship that caused an accident." At trial, FFIC did not seek to enforce a warranty obligation regarding the failure of GENCOR to provide service on a timely basis but rather because of the accident which resulted from Mr. Dixon's failure to use due care in servicing the temperature control system. To the extent the "Damage to Your Work" exclusion is applicable, FFIC is still entitled to recover the full PCOH policy limit of One Million Dollars.

### VII. The "Professional Liability" Exclusion does not bar Coverage for FFIC's Claims

Contrary to GERLING's assertion that "while Florida Court's have not addressed the application of the "Professional Liability" exclusion, ..." GERLING's Motion for Summary Judgment at Page 23, Lines 4-5, the Third District Court of Appeal in <u>Aerothrust Corp. v. Granada Ins. Co.</u>, 904 So.2d 470 (Fla. app. 2005) held that a similar "Professional Liability" exclusion does not apply to technicians performing substantially the same work undertaken by Mr. Dixon. GERLING apparently does not dispute the fact that Mr. Dixon was neither an architect, an engineer nor a surveyor with any licensing or university degree arguing that his actions "involve specialized knowledge and skill that was predominantly intellectual rather than manual." GERLING's Motion for Summary Judgment at Page 23, Lines 19-20. FFIC would assert that Mr. Dixon's activities were in fact manual and that the explosion resulted from his failure to use due care in physically disconnecting the electronic wiring for the main gas line rather than any effort to conceptually design a component part included within the plant. As with the technicians/mechanics involved in <u>Aerothrust Corporation</u> and <u>Cessna Aircraft Co. v. Avior Technologies, Inc.</u>, 33 FLWD 1535, 2008 Fla. App. Lexis 8456 (Fla. app. 2008), Mr. Dixon does not qualify as a "professional" and therefore the "Professional Liability" exclusion does not apply.