Jon D. Derrevere, Esquire (FBN: 330132)
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
561-684-3222
*Pro Hac Vice*

CHARLES K. BRUNN (CBN: 28021)
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354

Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY,
a foreign corporation a/s/o BASIC RESOURCES, INC.
and GEORGE REED, INC., a foreign corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C 07 06302 CRB<br><br>PLAINTIFF'S, FIREMAN'S FUND INSURANCE COMPANY, REPLY TO DEFENDANT'S GERLING AMERICA INSURANCE COMPANY OPPOSITION (D.E. 82) TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (D.E. 58) [F.R.C.P. 56]<br><br>Hearing Date: August 8, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8 |

TO: THE HONORABLE COURT AND TO DEFENDANT AND COUNSEL OF RECORD:

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I. <u>INTRODUCTION</u>

Pursuant to Federal Rules of Civil Procedure 56, Civil L.R. 7-1 through 7-5, inclusive, as well as the legal authorities cited herein, Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC. ("FFIC") respectfully files/serves this

Reply. FFIC has previously requested that this Court take judicial notice of the court records of the Underlying State Court Action from which this insurance coverage dispute arises and in conjunction therewith has filed true and correct copies of numerous supporting documentation, the originals of which are a part of those Court records. The Appeal in the Underlying State Court Action is presently pending and is entitled "Gencor Industries, Inc. v. Fireman's Fund Insurance Company a/s/o Basic Resources, Inc. and George Reed, Inc." Appellate Case No.: 5D07-2157 in the Fifth District Court of Appeal, State of Florida. The appellate oral argument on that case was held on Wednesday, July 23, 2008. The Decision is pending. Pursuant to the Notice of Filing of Third Supplemental Declaration of Jon D. Derrevere, FFIC submits a true and correct copy of GERLING's/GENCOR's Initial Brief filed in the appellate matter by defense/appellate counsel retained by Defendant, GERLING AMERICA INSURANCE COMPANY ("GERLING") on behalf of its insured, GENCOR INDUSTRIES, INC. ("GENCOR") the defendant/appellant/cross-appellee below.

## II. STATEMENT OF FACTS

GERLING defended its insured GENCOR in the Underlying State Court Action, under a reservation of rights. Therein, GERLING for GENCOR was formally maintained that GENCOR employee, Calvin Dixon was a "non-professional" who rendered non-professional services at the time he caused the explosion that resulted in this litigation. To be specific, in the Appellate matter, GERLING through GENCOR, has asserted to the Appellate Court with respect to the classification of GENCOR employee, Calvin Dixon as follows:

> FFIC's negligence cause of action arises from "non-professional" services provided pursuant to the written sales contract, which FFIC claims caused injury to the goods sold under the contract, namely the Asphalt Plant. [Emphasis Added]
>
> See: P.12, Gerling/Gencor Initial Brief

\* \* \*

> In <u>AFM Corp. v. Southern Bell Tel. & Tel. Co.</u>, 515 So.2d 180 (Fla. 1987) the Court extended the economic loss rule to preclude claims for the negligent performance of contracted-for **"non-professional services," such as Mr. Dixon's services in this case**[6]...[Emphasis Added]
>
> > [6] The Supreme Court has declined to extend the economic loss rule to bar claims of negligent services performed by "professionals" under a contract. A profession, within the meaning of FSA § 95.11 is "any vocation requiring at a minimum a four-year college degree before licensing is possible in Florida." <u>Moransais v. Heathman</u>, 744 So.2d 973, 976 (Fla. 1999)
>
> <u>See</u>: P. 15, Gerling/Gencor Initial Brief which is Exhibit 1 to Third Supplemental Declaration of Jon D. Derrevere.

On Wednesday, July 23, 2008, GERLING's retained defense/appellate counsel for GENCOR appeared for oral argument before the Fifth District Court of Appeal, notwithstanding GERLING's statements to this Court as to GERLING's "declination of coverage" thereby extinguishing any reservations of rights or ongoing relationship with GENCOR.

### III. ARGUMENT

GERLING is precluded as a matter of fact and law to assert in the Appeal that Calvin Dixon is not a "non-professional" and simultaneously herein a "professional" in an effort to exclude coverage pursuant to the endorsement to the GERLING Policy entitled: **"EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY"**. (D.E. 29-1)

The doctrine of "Issue Preclusion/Collateral Estoppel" bars subsequent re-litigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit. Thus, when there has been a final judgment on the merits in a prior action, when the issues are identical and when the party to be estopped from re-litigating the issue was a party or in privity with a party in the prior action, collateral estoppel

applies to bar re-litigation of a fact or issue. An insurer is normally treated as being in privity with its insured for purposes of collateral estoppel or issue preclusion, so long as the insurer had notice and opportunity to control the proceedings. The Midwestern Indemnity Co. v. Laiken, 119 F.Supp. 831; 2000 U.S. Dist. Lexis 12251 (S.D. Ind. 2000); Empire Fire and Marine Insurance Co., v. J. Transport, Inc., 880 F.2d 1291 (11th Cir. 1989); Celotex Corp. v. AIU Ins., Co., 196 B.R. 602; 1996 Bankr. Lexis 559 (M.D. Fla. Bk Ct. 1996) (applying issue preclusion as to arbitration awards); See also: S.E.L. Madoro (Florida) Inc. v. M/V Antonio De Gastaneta, 833 F.2d 1477 (11th Cir. 1987) (holding res judicata is claim preclusion and refers to the preclusive effect of a judgment in foreclosing re-litigation of matters that were litigated or could have been litigate din an earlier lawsuit in order to avoid multiple suits on identical claims between the same parties or their privies.); Citibank N.A. v. Data Lease Financial Corp., 904 F.2d 1498 (11th Cir. 1990); Petchem, Inc. v. Carnaval Port Authority, 2005 U.S. Dist. Lexis 20254; 18 FLW Fed. D. 797 (M.D. Fla. 2005).

Accordingly, it is not subject to dispute that GENCOR employee, Calvin Dixon was <u>not</u> a professional architect, engineer, or surveyor or other "professional" as defined by Florida Law at the time he caused the subject explosion and resulting damages to FFIC's Insureds but at all times material was and remained a "non-professional"[1] outside the scope of the GERLING Policy Endorsement entitled: "EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY". (D.E. 29-1)

### IV. CONCLUSION

GERLING is legally obligated to satisfy the Judgment entered in favor of FFIC and against GENCOR up to the available policy limits of One Million Dollars pursuant to GENCOR's PCO

---

[1] FFIC has extensively briefed Florida Law with respect to the definition of "professional" in its Motion for Summary Judgment (D.E. 58) and in its Opposition (D.E. 78) to Gerling's Motion for Summary Judgment.

Hazard coverage. None of the exclusions raised by GERLING defeats coverage. Because the "work" performed by Calvin Dixon at the time of the explosion involved "service" to the temperature control system in the Control Center, the damages incurred by FFIC's insureds subject to the Final Judgment are covered under the PCOH. Because physical damage to property, lost profits and additional expense awards exceed the PCOH policy limit even if the $50,000.00 cost to replace the Control Center is deducted therefrom, FFIC is entitled to recover One Million Dollars under the PCOH, $42,000.00 in costs taxed against GENCOR, $467,478.90 in pre-judgment interest on the Final Judgment, $222,872.22 in post-judgment interest and $5,506.57 in interest on the Cost Judgment.

DATED 24th day of July 2008.

By: _____
JON D. DERREVERE
Fla. Bar No.: 330132
Derrevere, Hawkes & Black
470 Columbia Drive, Bldg B
West Palm Beach, FL 33409
jdd@derreverelaw.com

*Admitted Pro Hac Vice*
Counsel for Plaintiff

CHARLES K. BRUNN
CBN: 28021
BRUNN & FLYNN
928 12th Street, Suite 200
P.O. Box 3366 (95353)
Modesto, California 95354
Email: CBrunn@Brunn-Flynn.com

Co-counsel for Plaintiff

# PROOF OF SERVICE

*Fireman's Fund Ins. Co. v. Gerling American Ins.*

United States District Court, Northern District of California

Case No.: C 07 06302 CRB

I am employed in the City and County of West Palm Beach, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: Derrevere, Hawkes & Black, 470 Columbia Drive, Building "B", West Palm Beach, Florida 33409.

On __July 24th__, 2008, I served the foregoing document(s) described as:

**PLAINTIFF'S, FIREMAN'S FUND INSURANCE COMPANY, REPLY TO DEFENDANT'S GERLING AMERICA INSURANCE COMPANY OPPOSITION (D.E. 82) TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (D.E. 58) [F.R.C.P. 56]**

On the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in a sealed enveloped addressed as stated below:

**[ ] BY REGULAR MAIL:**

I caused such envelopes to be deposited in the United States Mail at West Palm Beach, Florida with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

**[X] BY ECF:**

I HEREBY CERTIFY that on this __24th__ day of __July__, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. (I) also certify that the foregoing document is being served this day on: TINO X. DO, Barger & Wolen, LLP, 650 California Street, 9th Floor, San Francisco, CA 94108, tdo@barwol.com and CHARLES K. BRUNN, Brunn & Flynn, 928 12th Street, Suite 200, P.O. Box 3366, Modesto, CA 95354, CBrunn@Brunn-Flynn.com via transmission of Notices of Electronic Filing generated by CM/ECF.

**[X] FEDERAL** - I declare that I am employed in the office of a member of the Florida Bar, admitted to practice in all Florida Courts and who makes this Pro Hac Vice Application, that our co-counsel and sponsor is a member of the bar of this California Court, and at their direction this service was made. Executed at West Palm Beach, Florida on __July 24th__, 2008.

NAME: Deanna N. Menendez          Signature: *Deanna N. Menendez*