Thomas R. Beer (148175), tbeer@barwol.com
Tino X. Do (221346), tdo@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California  94108-2713
Telephone:   (415) 434-2800
Facsimile:   (415) 434-2533

Attorneys for Defendant
GERLING AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation a/s/o BASIC RESOURCES, INC. and GEORGE REED, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO.: 3:07-cv-06302-CRB<br><br>**DEFENDANT GERLING AMERICA INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:         August 8, 2008<br>Time:         10:00 AM<br>Courtroom:   8 |

j:\office2\29218\011\08pleadings\gerling's reply to opp to msj fnl.doc

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT GERLING'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO: 3:07-CV-06302-CRB

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Fireman's Fund Insurance Company's ("FFIC") Opposition to Gerling America Insurance Company's ("Gerling") Motion for Summary Judgment completely ignores the undisputed facts supporting Gerling's motion, and mischaracterizes applicable law. FFIC has failed to put forward any evidence of any triable issue of fact to refute Gerling's showing that FFIC lacks standing to bring this action, or that the multiple exclusions in Gerling's policy preclude coverage for FFIC's claims. The Court should grant summary judgment in favor of Gerling.

## 2. ARGUMENT

### A. FFIC Fails to Rebut Gerling's Argument That FFIC Has No Standing to Challenge Gerling's Coverage Decision

FFIC does not, and cannot, deny that Gerling properly declined indemnity coverage for the underlying judgment in a letter to its insured, Gencor, on May 14, 2007. (Declaration of Thomas R. Beer ("Beer Decl."), Exhibit C.) The fact that Gerling waited until the trial was over has no bearing on whether FFIC, as a purported third-party claimant, has standing to challenge Defendant's coverage determination. Gerling properly reserved its rights while defending Gencor in the underlying action and properly declined indemnity coverage following trial.[1] Additionally, none of the cases cited by FFIC, *Seguros v. Maynard Bostrom*, 347 F.2d 168 (5th Cir. 1965), *Thompson v. Commercial Union Ins. Co.*, 250 So.2d 259 (Fla. 1971), *Progressive Express Ins. Co. v. Scoma*, 975 So.2d 461 (2007), and *Merchants & Businessmen's Mutual Ins. v. Bennis*, 636 So.2d 593 (1994), support the proposition that a third-party claimant without an assignment of rights under the policy can challenge the insurer's proper declination of coverage. FFIC plainly does not have standing and should not be permitted to proceed with this action.

### B. FFIC Misapplies Florida Law on the "Contractual Liability" Exclusion

FFIC's argument against application of the "Contractual Liability" exclusion appears to be that the warranty provision in the written contract between Gencor and George Reed only covers

---

[1] In fact, the timing of Gerling's declination letter shows that Gerling acted properly in waiting for all evidence regarding the loss at issue to be presented at the underlying trial before making its final coverage determination. Significantly, Gencor never challenged Gerling's reservation of rights or

-2-

defects to the Plant, and that FFIC did not claim defects to the Plant in its action against Gencor.[2]

FFIC cannot deny that it made numerous product defect allegations in its complaint against Gencor. FFIC fails to cite to any applicable case in support of its contention that its own allegations must be disregarded in the present coverage action. The undisputed fact is that FFIC made multiple allegations of product defects, which implicated the warranty provision in the contract. As Gencor expressly assumed liability for damages to the Plant under the warranty provision, the "Contractual Liability" exclusion applies and bars coverage for FFIC's claims.

### C.  FFIC Fails to Rebut Application of the "Damage to Your Product" Exclusion

FFIC offers various arguments to undermine application of Gerling's "Damage to Your Product" exclusion. None of those arguments has any factual or legal support. In particular, for the first time in this entire case, FFIC asserts that the Plant, which is comprised of various components, machinery and the like, was "real property." FFIC fails to cite to any evidence whatsoever to support this allegation. As such, the argument is nothing more than impermissible speculation. Given FFIC's complete failure to support this newly crafted argument with evidence, the Court should disregard it entirely. F.R.C.P 56(e)(2); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

The "Damage to Your Product" exclusion precludes coverage for property damage to "your product" arising out of it or any part of it. FFIC cannot deny that the explosion of the Plant – Gencor's product – was not caused by any outside source, but originated solely within the Plant itself. (Defendant Gerling America Insurance Company's Request for Judicial Notice in Support of Motion for Summary Judgment ("RJN"), Ex. 7, Transcript of Proceedings, Vol. 7, 967:19-969:7.) The Plant's destruction was caused by an explosion that started inside the Plant. Because the "Damage to Your Product" exclusion precludes coverage for damages that "arise out of [the

---

its subsequent declination of coverage.

[2] FFIC's contention that the judgment in its favor in the underlying Florida state court case was based solely on the actions of Calvin Dixon and not on any defect to the Plant has no support. In fact, the jury's verdict form did not specify the basis or bases of the jury's finding of breach of contract and negligence. The fact that the jury found that George Reed was partially liable for negligence and breach of contract suggests that the jury was unclear on the actual cause of the explosion, notwithstanding FFIC's arguments to the contrary. RJN, Exhibit 6, Jury Verdict Form. Accordingly, it is possible that the judgment could have been based upon a finding of product defect

-3-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT GERLING'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO: 3:07-CV-06302-CRB

product] or any part of it," the exclusion applies by its plain terms to bar coverage for FFIC's claims.

The "Damage to Your Product" exclusion still applies under the holding in *Rad Source Tech., Inc. v. Colony National Ins. Co.*, 914 So.2d 1006 (2005). FFIC cannot deny that it made numerous, specific allegations in its underlying complaint against Gencor that the product at issue, the Plant, had multiple defects. FFIC's arguments to minimize the impact of its defect claims have no legal support. FFIC's only cited case, *Garcia v. Federal Ins. Co.*, 969 So.2d 288 (Fla. 2007), does not support the contention that the allegations contained in a party's complaint must be ignored in a subsequent coverage action. In fact, *Garcia* appears to be completely silent on this issue.

FFIC also argues that the "Damage to Your Product" exclusion should not apply because the Plant was no longer Gencor's "product" following its assembly by George Reed. FFIC relies on *Broward Marine, Inc. v. Aetna Ins. Co.*, 450 So.2d 330 (1984) for support. *Broward Marine* addressed the issue of whether an item remains a "product" for coverage purposes "no matter how much time passes after the buyer takes possession" and after "corrective work" has been performed on it. *Broward Marine*, 450 So.2d at 331. In the present case, the time between the manufacture and delivery of the Plant and its explosion was a few months. Moreover, no "corrective" work was performed on the Plant. It is undisputed that George Reed assembled the Plant pursuant to Gencor's instructions over the course of three months, and that Calvin Dixon was performing contractually mandated start-up and calibration services, not remedial or corrective work, shortly after Reed completed the assembly. (RJN, Ex. 2, 182:21-183:2.) FFIC does not claim any material change to the Plant following its manufacture by Gencor. *Broward Marine* is plainly distinguishable. The Plant was still Gencor's "product" at the time of its explosion. All factual and legal requirements for the application of the "Damage to Your Product" exclusion are satisfied. Gerling's motion for summary judgment should be granted.

in the Plant.

### D. FFIC Acknowledges That the "Damage to Your Work" Exclusion Plainly Applies in This Action

FFIC acknowledges that Gerling's "Damage to Your Work" exclusion has been satisfied by the facts in the underlying case, as it is undisputed that Calvin Dixon was performing "an operation" at the time of the explosion. (FFIC's Opposition Brief, p.12:7-8.) FFIC disputes only the extent to which this exclusion precludes FFIC's claim for damages. FFIC argues that the exclusion precludes coverage only for a miniscule part of its overall claims because the only "work" Calvin Dixon was performing at the time of the explosion was to the Plant's temperature control system. FFIC again relies on *Broward Marine*, 459 So.2d at 330, for support. *Broward Marine* does not address, or even mention, the "Damage to Your Work" exclusion, and lends no support to FFIC's extreme interpretation and artificial limitation of that exclusion. Furthermore, FFIC's argument deliberately ignores the full extent of Gencor's "work" on the Plant.

The written contract between Gencor and George Reed necessarily defines the scope of Gencor's "work," particularly since all of FFIC's alleged damages arise out of its claim for breach of that very contract by Gencor. It is undisputed that Gencor had the contractual obligation to manufacture the Plant and deliver it to George Reed.[3] Following delivery, Gencor had the obligation to provide "field engineering services" for the entire Plant, which included initial calibration, start-up operation and clean up of the Plant's system by Calvin Dixon. (Beer Decl., Exhibit A.) While FFIC attempts to ignore or mischaracterize the full extent of Mr. Dixon's/Gencor's "work," the undisputed fact remains that Mr. Dixon was performing a part of Gencor's overall "work" on the Plant at the time of the explosion. *Id.* It is also undisputed that Mr. Dixon was performing services to the Plant to fulfill Gencor's contractual obligations. (RJN, Ex. 2, Transcript of Proceedings, Vol. 2, 183:3-215:20.) Accordingly, because Gencor's "work" is the Plant, including the operations performed by Mr. Dixon at the time of the explosion, the "Damage to Your Work" exclusion precludes coverage for all of FFIC's claimed damages.

---

[3] FFIC's contention that "because Gencor did not construct the plant, the plant was not Gencor's 'work'" has no factual or legal support. Gencor manufactured the Plant and delivered it to George Reed. George Reed merely assembled the Plant pursuant to instructions provided to it by Gencor. This assembly did not materially change the Plant, and therefore, the Plant does remain Gencor's "work."

-5-
DEFENDANT GERLING'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO: 3:07-CV-06302-CRB

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

E. **Calvin Dixon's Work Constituted "Professional Services" and the "Professional Liability" Exclusion Applies**

FFIC contends that Calvin Dixon's work on the Plant does not qualify as "professional services" because Mr. Dixon merely worked on the electronic system of the Plant instead of "conceptually design[ing] a component part included within the plant." (FFIC's Opposition Brief, p. 13:23-24.) FFIC completely fails to support its assertion that services must involve "conceptual design" to qualify as "professional services" under Florida law. In fact, one of the cases on which FFIC relies, *Aerothrust Corp. v. Granada Ins. Co.*, 904 So.2d 470, 472 (2005), holds that "only those [] services which require specialized training should be considered professional services." It is undisputed that Mr. Dixon was a highly experienced technician and had received substantial, specialized training on Gencor's asphalt plants.

As with its arguments on the "Damage to Your Work" exclusion, FFIC attempts to artificially narrow the work that Mr. Dixon was performing on the Plant. FFIC's contention that Mr. Dixon's work consisted of "disconnecting the electronic wiring" ignores the full extent of the field engineering services he actually performed to the Plant prior to the explosion and which were called for by the Reed/Gencor contract. (RJN, Ex. 2, 183:3-215:20.) Additionally, FFIC cannot claim that Mr. Dixon lacked "specialized training" in his services as a Gencor field service technician. (RJN, Exhibit 2, 166:15-169:25; 188:18-189:4 (discussing Mr. Dixon's training and extensive work experience in servicing asphalt plants).) Accordingly, Mr. Dixon's work on the Plant clearly qualifies as "professional services" and the "Professional Liability" exclusion applies to preclude coverage for FFIC's claims.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-6-
DEFENDANT GERLING'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO: 3:07-CV-06302-CRB

### 3. CONCLUSION

For the foregoing reasons, the Court should grant Gerling's motion for summary judgment.

Dated: July 25, 2008                             BARGER & WOLEN LLP


                                                 By:   /s/ Thomas R. Beer
                                                       THOMAS R. BEER
                                                       TINO X. DO
                                                       Attorneys for Defendant GERLING
                                                       AMERICA INSURANCE COMPANY

-7-
DEFENDANT GERLING'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO: 3:07-CV-06302-CRB

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800