# EXHIBIT "A" TO PLAINTIFF'S STATEMENT OF RECENT DECISION SUBMITTED IN SUPPORT OF MOTION FOR FINAL SUMMARY JUDGMENT

LexisNexis® Total Research System    Switch Client | Preferences | Sign Out | ? Help
My Lexis™  Search  Research Tasks  Get a Document  Shepard's®  Alerts  Total Litigator  Transactional A

Service: **Get by LEXSEE®**
Citation: **2008 U.S. Dist. LEXIS 42652**

2008 U.S. Dist. LEXIS 42652, *

COLONY INSURANCE COMPANY VERSUS MIX BROTHERS TANK SERVICES, INC.

CIVIL ACTION NUMBER 07-1494 SECTION "L" (2)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2008 U.S. Dist. LEXIS 42652

May 29, 2008, Decided
May 30, 2008, Filed

**CORE TERMS:** tank, insured's, summary judgment, coverage, work product, property damage', genuine, personal property, component parts, immovable, custody, insurance policy, policy exclusions, contractual liability, storage, hired, feet, feet high, custody and control, factual dispute, tract of land, repositioning, permanently, unexpected, discovery, ambiguous, diameter, insurer, weighed, barrels

**COUNSEL:** [*1] For Colony Insurance Company, Plaintiff: David Finley Butterfield, LEAD ATTORNEY, Steven Eric Soileau, Mayer, Smith & Roberts, Shreveport, LA.

For Mix Brothers Tank Services, Inc., Defendant: Gregory Allen Miller, LEAD ATTORNEY, Gregory A. Miller, Attorney at Law, Norco, LA; Robert L. Raymond, Robert L. Raymond, Attorney at Law, Destrehan, LA.

**JUDGES:** Eldon E Fallon, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Eldon E Fallon

**OPINION**

**ORDER & REASONS**

Before the Court is the plaintiff Colony Insurance Company's Motion for Summary Judgment (Rec. Doc. 9). The motion was originally set for hearing on January 30, 2008, but was continued pursuant to Rule 56(f) of the Federal Rules of Civil Procedure to allow the defendant Mix Brothers Tank Services, Inc. an opportunity to conduct further discovery. The motion has been re-set and the parties have filed supplemental briefs. For the following reasons, Colony's motion is now DENIED.

**I. BACKGROUND**

This is a declaratory judgment action instituted by Colony Insurance Company. Colony is the commercial insurer of the defendant Mix Brothers Tank Services, Inc., a company in the

business of "tank stabilization." Shortly after Hurricane Katrina, a third party, International Matex Tank Terminals **[*2]** ("IMTT") contracted with Mix Brothers for the repositioning of certain storage tanks in St. Rose, Louisiana that had drifted as a result of the storm. In December 2005, an accident occurred while Mix Brothers was moving one of IMTT's tanks. The tank in question was identified as Tank SR-12 and was approximately 132 feet in diameter and 32 feet high, and weighed approximately 373,000 pounds with a storage capacity of approximately 58,000 barrels. During the operation, the tank was lifted eight feet off the ground to allow the ground underneath to be stabilized. While the tank was in the air, several jacks holding it up sank into the ground causing the tank to fall, killing one Mix Brothers employee and injuring another. On December 14, 2006, IMTT filed suit against Mix Brothers in the 29th Judicial District Court for the Parish of St. Charles, seeking to recover for damages to Tank SR-12. Colony is not a party to the state court action.

On March 30, 2007, Colony filed the instant declaratory judgment action in this Court against Mix Brothers seeking a declaration that the policy of insurance it issued to Mix Brothers does not provide coverage for the accident that occurred. In the present **[*3]** motion, Colony moves for summary judgment contending that the following policy exclusions apply in this case: (1) the contractual liability exclusion; (2) the exclusion for damage to property in the care, custody, and control of the insured; and (3) the work product exclusions.

## II. LAW & ANALYSIS

Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." Reid v. State Farm Mut. Auto. Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact **[*4]** "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995).

The interpretation of an insurance contract is typically a question of law that can be properly resolved in a motion for summary judgment. See Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2182 & 99-2257 (La. 2/29/00), 755 So. 2d 226, 230. Under Louisiana law, an insurance policy is an agreement between the parties and is interpreted using ordinary contract principles. See Reynolds v. Select Props., Ltd., 93-1480 (La. 4/11/94), 634 So. 2d 1180, 1183. Therefore, when the words of the policy are clear, unambiguously express the intent of the parties, and lead to no absurd consequences, the contract must be enforced as written. See Cent. La. Elec. Co. v. Westinghouse Elec. Corp., 579 So. 2d 981, 985 (La. 1991). If, however, the words of the policy are ambiguous, the ambiguous provision is to be construed against the drafter and in favor of the insured. See La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 93-911 (La. 1/14/94), 630 So. 2d 759, 763-64. In addition, the insurer has the burden of showing **[*5]** that a loss falls within a policy exclusion. See La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London, 616 So. 2d 1250, 1252 (La. 1993). Lastly, policy exclusions are to be strictly construed in favor of coverage. See Garcia v. St. Bernard Parish Sch. Bd., 576 So. 2d 975 (La. 1991).

The parties do not dispute that the accident in this case was an "occurrence" as defined by the insurance policy. The parties disagree, however, on whether or not certain exclusions in the policy eliminate coverage in this case. The Court will address each of the disputed exclusions in turn.

First, Colony argues that the contractual liability exclusion eliminates coverage in this case. This exclusion provides that "[t]his insurance does not apply to . . . 'bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." See Ex. B to Pl.'s Mot. (Rec. Doc. 9-4). However, the policy further provides that "[t]his exclusion does not apply to liability for damages . . . [t]hat the insured would have in the absence of the contract or agreement." Id. As the United States Court of Appeals for the Fifth Circuit [*6] has explained, "[t]his exclusion operates to deny coverage when the insured assumes responsibility for the conduct of a third party." Federated Mut. Ins. Co. v. Grapevine Excavation Inc., 197 F.3d 720, 726 (5th Cir. 1999) (applying Texas law). As in the Grapevine Excavation case, here Mix Brothers is not being sued by IMTT in the underlying litigation "as the contractual indemnitor of a third party's conduct, but rather for its own conduct" and, therefore, the Court finds that the contractual liability exclusion does not apply in this case. Id.; see also Stewart Interior Contractors, L.L.C. v. MetalPro Indus., L.L.C., 07-251 (La. App. 4 Cir. 10/10/07), 969 So. 2d 653, 663 (reaching the same conclusion under Louisiana law).

Second, Colony argues that the exclusion for "'property damage' to . . . personal property in the care, custody or control of the insured" eliminates coverage in this case. See Ex. B to Pl.'s Mot. (Rec. Doc. 9-4). Colony argues that this exclusion applies because Mix Brothers "has been sued by the owner of the property upon which work was being performed . . . for alleged negligence in the performance of the work or in the use of the property which led to damage to [*7] the property." Reynolds v. Select Props., Ltd., 634 So. 2d 1180, 1184 (La. 1994). Mix Brothers contends that it never had care, custody, or control of the tank because the tank never left IMTT's property and, moreover, that the tank is not "personal property" but rather immovable property.

Upon a review of the cases cited in Reynolds, the Court concludes that the tank in this case was in the "care, custody, or control" of Mix Brothers at the time of the accident. See H.E. Wiese, Inc. v. Western Stress, Inc., 407 So. 2d 464, 466 (La. Ct. App. 1981) ("The law is clear that where the damaged property is the subject of the work performed, it is deemed to be in the care, custody, and control of the defendant."). The fact that Mix Brothers was hired to come onto IMTT's property to work on the tank is immaterial. See, e.g., Thomas W. Hooley & Sons v. Zurich Gen. Accident & Liab. Ins. Co., 235 LA. 289, 103 So. 2d 449, 451 (La. 1958). The Court's inquiry does not end here, however, as Mix Brothers argues that the tank is not "personal property," as required for the exclusion to apply.

The Louisiana courts have held that the phrase "personal property," as used in similar insurance policies, means "all movable [*8] property" or "anything other than real property." See, e.g., Crane Operators, Inc. v. Fidelity Excess & Surplus Ins. Co., 01-1478 (La. App. 4 Cir. 5/15/02), 818 So. 2d 1030, 1032. Article 462 of the Louisiana Civil Code provides that "[t]racts of land, with their component parts, are immovables." Article 463 then provides that "[b]uildings, other constructions permanently attached to the ground, standing timber, and unharvested crops or ungathered fruits of trees, are component parts of a tract of land when they belong to the owner of the ground." La. Civ. Code Ann. art. 463. Thus, the pivotal issue in this case becomes whether Tank SR-12 is a "component part" of IMTT's tract of land, that is, whether Tank SR-12 was "permanently attached to the ground."

As noted above, Tank SR-12 was approximately 132 feet in diameter and 32 feet high, and weighed approximately 373,000 pounds with a storage capacity of approximately 58,000 barrels. The Louisiana Fourth Circuit Court of Appeal has found a similarly sized tank to be a component part under Article 463, and thus an immovable under Article 462. See Tenneco Oil Co. v. Chicago Bridge & Iron Co., 495 So. 2d 1317, 1321 (La. Ct. App. 1986). At [*9] a bare minimum in this case, the Court finds that there is a genuine factual dispute as to whether or not Tank SR-12 is an immovable. Therefore, summary judgment based on the "care, custody, or control" exclusion is inappropriate at this time.

Third, Colony argues that the work product exclusions eliminate coverage in this case. These exclusions provide as follows: "[t]his insurance does not apply to . . . 'property damage' to . . . [t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it . . . [;] 'property damage' to 'your product' arising out of it or any part of it . . . [; or] 'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" See Ex. B to Pl.'s Mot. (Rec. Doc. 9-4). With respect to these exclusions, "your work" means "[w]ork or operations performed by you or on your behalf; and [m]aterials, parts or equipment furnished in connection with such work or operations." Id. "Your work" also includes "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work,' [*10] and [t]he providing of or failure to provide warnings or instructions." Id. Finally, with respect to these exclusions, "your product" means "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by [the insured]." Id.

This Court has previously addressed similar "work product" exclusions in an analogous situation. See **Markel Am. Ins. Co. v. Schubert's Marine East, Inc., No. 04-376, 2007 U.S. Dist. LEXIS 1237, 2007 WL 54808 (E.D. La. Jan. 5, 2007)**. In Markel, the insured was hired by a third party to perform a service, namely to dry the hull of a vessel. This Court noted that the nature of the insured's work or work product in that case was "somewhat difficult to identify because it is intangible," and ultimately held that the work product exclusions did not apply there because "[w]hile this 'work' was allegedly performed improperly, the [plaintiff did] not seek recovery for damage to the 'work,' but instead . . . for the unexpected damage to Atlas's vessel occasioned by the faulty 'work.'" **2007 U.S. Dist. LEXIS 1237, [WL] at *4**. Similarly, in the instant case, Mix Brothers was hired to perform a service, namely the repositioning of Tank SR-12, and the plaintiff in the underlying state court [*11] litigation does not seek recovery for damage to Mix Brothers' work, but rather for the unexpected damage to its tank. Accordingly, the Court finds that the work product exclusions do not apply in this case.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Colony's Motion for Summary Judgment (Rec. Doc. 9) is DENIED.

New Orleans, Louisiana, this 29th day of May, 2008.

/s/ Eldon E Fallon

UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **2008 U.S. Dist. LEXIS 42652**
View: Full
Date/Time: Friday, August 1, 2008 - 6:59 AM EDT

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights

LexisNexis® reserved.