United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INS., | No. C 07-06302 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| GERLING AMERICAN INS., | |
| Defendant. | |

The parties shall be prepared to address the following questions at the hearing scheduled for Friday, August 8, 2008.

*For Plaintiff*

**Re: Coverage**

1. You contend that the explosion is covered by Gencor's policy under the "products-completed operations hazard" provision. Do you concede that the explosion is covered only because it arose out of "[Gencor's] **work**" or do you also argue that it arose out of Gencor's **product**?

///

**Re: Damage to Your Work Exclusion**

2. If the explosion is covered because it arose out of Gencor's work, do you have to concede that it arose out of Gencor's work for purposes of the "Damage to Your Work" exclusion?

3. You argue that even if the explosion caused damage "**to** [Gencor's] work," Gerling can only exclude the damage to the asphalt plant's control center where Calvin Dixon was working. What language in the policy supports your position? Was Dixon performing a "dry run" on the entire plant when the explosion occurred? If so, what justification is there for distinguishing between the control center and the rest of the plant?

*For Defendant*

**Re: Standing**

1. You argue that Fireman's Fund lacks "standing" to challenge your declination of coverage. But is your argument really that Fireman's Fund is statutorily barred from challenging your declination by Florida Statute § 627.4136? If so, what exact provision has Fireman's Fund failed to comply with?

**Re: Damage to Your Work Exclusion**

2. The Damage to Your Work Exclusion only applies if the explosion caused damage **to** Gencor's work. But the explosion damaged Reed's property, its plant. Why is the asphalt plant Gencor's "work"? See Colony Ins. Co. v. Mix Bros. Tank Services, Inc., 2008 WL 2277862, *4 (E.D. La. May 29, 2008). The policy defines work to include "materials and equipment furnished in connection with work or operations," but why does that not simply mean Dixon's tools, or the narrow category of equipment furnished in connection with his servicing?

///

**Re: Contractual Liability Exclusion**

3. In its contract with Reed, Gencor only agreed to assume liability for defective parts or products. How does that language justify application of the contractual liability exclusion? Is there any evidence in the trial record that the explosion resulted from a defective part or product, as opposed to Dixon's negligence?

**Re: Damage to Your Product Exclusion**

4. Your briefing ignores the fact that the "damage to your product" exclusion expressly excludes damage to real property. Even if the asphalt plant could be considered Gencor's product, the exclusion would not apply if the plant constituted real property. Do you concede that the asphalt plant was real property?

**Re: Professional Liability Exclusion**

5. It now appears that you took a contrary position before a Florida appellate court, arguing that Dixon was not a professional. You object to application of the doctrine of judicial estoppel on the ground that Fireman's Fund failed to raise the issue in its opening brief. But any prejudice can be cured by providing you with an opportunity to respond at the hearing, so be prepared to explain why judicial estoppel does not preclude you from maintaining that Dixon was a professional.

**IT IS SO ORDERED.**

Dated: August 7, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE